**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **RADIANT VISION SYSTEMS, LLC,** *Plaintiff*, v. **ADMESY B.V.,** *Defendant*. | Civil Action No.: 1:21-cv-01115-DAE |

**DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS DEFENSES AND
<u>COUNTERCLAIMS TO ADD INEQUITABLE CONDUCT</u>**

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................1

II. BACKGROUND ..............................................................................................................1

    A. Procedural Status of the Case ............................................................................... 1

    B. Relevant Factual Background ............................................................................... 1

        1. The Applicants failed to disclose their own material prior art and made affirmative, false misrepresentations of material fact to the USPTO. ...................................................................................................... 1

        2. Because Radiant failed to timely produce its own prior art, Admesy only recently learned that Applicants withheld material prior art. ............. 5

III. LEGAL STANDARD ......................................................................................................7

IV. ARGUMENT ...................................................................................................................7

    A. Good Cause Exists Under These Circumstances ..................................................... 7

        1. Admesy only recently discovered the pertinent information. ..................... 7

        2. The amendment could be case-dispositive. ................................................ 9

        3. There is no prejudice to Radiant in allowing the amendment. ................... 9

    B. Justice Requires that Admesy be Permitted to Amend its Pleading ..................... 10

V. CONCLUSION ..............................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Agar Corp. v. Multi-Fluids, Inc.*,
   No. H-95-5105, 1998 U.S. Dist. LEXIS 23825 (S.D. Tex. Apr. 15, 1998) .............................. 7

*Auster Oil & Gas, Inc. v. Stream*,
   764 F.2d 381 (5th Cir. 1985) ................................................................................................ 7, 9

*Ciena Corp. v. Nortel Networks Inc.*,
   233 F.R.D. 493 (E.D. Tex. 2006) .......................................................................................... 8, 9

*Don Stevenson Design, Inc. v. Randy Herrera Designer, LLC,*
   No. 5:16-CV-1130-DAE, 2017 U.S. Dist. LEXIS 224740 (W.D. Tex. Sep. 8, 2017)............. 10

*EEOC v. Serv. Temps Inc.*,
   679 F.3d 323 (5th Cir. 2012) ..................................................................................................... 7

*Evonik Degussa GMBH v. Materia Inc.*,
   No. 09-636 (NLH/JS), 2011 U.S. Dist. LEXIS 156390 (D. Del. Dec. 13, 2011) ...................... 9

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009) ............................................................................................... 10

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
   488 F.3d 982 (Fed. Cir. 2007) ................................................................................................... 9

*Lipocine Inc. v. Clarus Therapeutics, Inc.*,
   No. 19-622 (WCB), 2020 U.S. Dist. LEXIS 148311 (D. Del. Aug. 18, 2020)......................... 8

*McCandless v. TNT Crane & Rigging, Inc.*,
   No. 7:18-CV-00107-DC-RCG, 2020 U.S. Dist. LEXIS 262330 (W.D. Tex. Mar. 3, 2020)8, 10

*Southmark Corp. v. Schulte Roth & Zabel*,
   88 F.3d 311 (5th Cir. 1996) ....................................................................................................... 7

*Squyres v. Heico Cos., L.L.C.*,
   782 F.3d 224 (5th Cir. 2015) ..................................................................................................... 7

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) ................................................................................................. 9

*United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*,
   816 F.3d 315 (5th Cir. 2016) ..................................................................................................... 7

**Statutes**

37 C.F.R. § 1.56 .............................................................................................................................. 9

## I.     INTRODUCTION

Defendant Admesy B.V. ("Admesy") respectfully moves the Court for leave to amend its responsive pleading to add an affirmative defense and counterclaim of inequitable conduct based on the Applicants' i) failure to disclose material prior art and ii) affirmative, false misrepresentations of material facts to the USPTO. The Patent-in-Suit would not have issued but for Applicants' lack of candor. Thus, this defense is potentially case-dispositive. Admesy's proposed amendment was promptly raised upon discovery of the prior art and information discussed below, and will not unduly prejudice Plaintiff Radiant Systems, LLC ("Radiant"). The proposed Amended Affirmative Defense and Counterclaim is attached as Exhibit 1.

## II.     BACKGROUND

### A.     Procedural Status of the Case

Fact discovery is ongoing. Just two weeks ago, the Parties jointly requested an extension of the case schedule, which the Court granted on February 16, 2024, moving the close of fact discovery to April 2, 2024, the close of expert discovery to June 28, 2024, and the deadline for dispositive motions to July 30, 2024 [Doc. 75]. On February 15, 2024, Admesy filed a Motion to Stay Pending *Ex Parte* Reexamination ("EPR"), requesting the case be immediately stayed until the USPTO resolves the reexamination of all claims of the '652 Patent. [Doc. 73].

### B.     Relevant Factual Background
   ***1.     The Applicants failed to disclose their own material prior art and made affirmative, false misrepresentations of material fact to the USPTO.***

The patent application that ultimately issued as the '652 Patent, U.S. Patent Application No. 12/748,035 ("the '035 Application") was filed on March 26, 2010. Ex. 1-A at 139. The named inventors on the '035 Application are Douglas Kreysar, Ronald Rykowski, and Richard E. Albrecht (collectively, "the Inventors" or "the Applicants"). *Id.* at 170-171.[1]

In a July 19, 2012 Office Action, the USPTO refused the '035 Application as unpatentable

---

[1] A more detailed description of the prosecution history of the '035 Application and the factual allegations supporting Admesy's proposed counterclaim for inequitable conduct are set forth in Paragraphs 22 through 173 of Exhibit 1.

1

over various prior art references. *See id.* at 60-70. In response, on January 10, 2013, the Applicants' patent attorney at Perkins Coie, Aaron Poledna, conducted an interview with the Examiner, who noted that "Applicant's representative discusses differences between claim invention and the applied references and possible amendment to clarify the difference." *Id*. at 39. The Applicants then amended the claims of the '035 Application on January 14, 2013, adding a limitation to then-claims 2, 15, and 22, and arguing that "***the proposed amendments to the claims [ ] further clarify the arrangement of the filter assembly relative to an optical path or optical axis of the device/system would distinguish these claims over [ ] the [ ] art of record.***" *Id*. at 41-52.

Specifically, the Applicants argued to the USPTO that pending claims 2 and 22 (later issued as claims 1 and 18) were patentable – *i.e.*, novel and nonobvious – because the prior art did not disclose or suggest "an imaging device compromising, inter alia, '***a filter assembly positioned between [a] lens and [an] image sensor*'** with '***a filter wheel configured to rotate about a rotational axis that is generally parallel to [an] optical path[.]***'" *Id*. at 49-50. The Applicants similarly argued that pending claim 15 (later issued as claim 13) was patentable because the applied prior art did not disclose "'***a filter wheel' . . . 'configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor[.]***'" *Id*. at 50. On February 22, 2013, the Examiner allowed independent claims 2, 15, and 22, having been convinced that "the prior art of record fail to teach or suggest the claimed limitations with the reasons set forth in the Applicant's Remarks filed on 01/14/13." *Id*. at 20.

Admesy has recently learned, however, that the Applicants' statements to the USPTO that the prior art did not disclose "'a filter assembly positioned between [a] lens and [an] image sensor' with 'a filter wheel configured to rotate about a rotational axis that is generally parallel to [an] optical path'" were knowingly false, as the Applicants were well-aware that the prior art – ***including Radiant's own prior art publications and products*** – disclosed and included this feature ***for over a decade***. Below are several examples of the Applicants' knowledge of the prior art:

<u>The 2001 White Paper & the ProMetric Color:</u>

In 2001, Mr. Rykowski co-authored a white paper on an imaging colorimeter ("the 2001

2

White Paper") for Photonics West 2001, a technical conference. Ex. 1-D at 176. The 2001 White Paper discloses, *inter alia*, Radiant's ProMetric Color CCD Light and Color Measurement ("ProMetric Color") system, including a schematic labeled as Figure 1. *Id.* at 177 & Fig. 1. As disclosed in the 2001 White Paper and in Figure 1 thereto, the ProMetric Color included a filter assembly (the filter wheel) positioned between a lens (the imaging lens) and image sensor (the CCD) with a filter wheel that was configured to rotate about a rotational axis that is generally parallel to the optical path. *See id.,* pp.176-177 & Fig. 1. During his deposition on February 16, 2024, Mr. Rykowski testified that ███████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████. Mr. Rykowski further testified that ███████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████. Thus, at least as early as April 2001, Mr. Rykowski had knowledge that Radiant had publicly disclosed and sold a colorimeter including the exact limitation that Applicants averred was not disclosed in the prior art to overcome the USPTO's refusal of the '035 Application.

*The PM-1400 Series:*

Following the introduction of the ProMetric Color, Radiant released a series of imaging colorimeters known as the ProMetric PM-Series, including the PM-1400 ("PM-1400"). The PM-1400 was offered for sale, sold, and publicly disclosed at least as early as January 2004, as shown in the documentation that accompanied a sample of the PM-1400 acquired by Admesy in February 2024. *See* Ex. 1-F. The PM-1400, like the ProMetric Color, included a lens, a filter assembly in the form of a filter wheel, and a CCD array and, most importantly, the filter wheel of the PM-1400 was configured to rotate about a rotational axis that is generally parallel to an optical path. *See* Ex. 1-G, Photographs of the PM-1400. During their respective February 16 and February 27, 2024 depositions, both Messrs. Rykowski and Albrecht testified that █████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████. Exs. 1-E at 113-114, 1-

3

H at 89-90. Thus, at least as early as 2004, two of the Applicants had knowledge that Radiant had publicly disclosed and sold another colorimeter including the exact limitation that Applicants averred was not disclosed in the prior art.[2]

*But-for Materiality of the Known Prior Art and Intent to Deceive:*

But for the Applicants' knowingly false statements to the USPTO, one or more claims of the '652 Patent would not have issued. In view of the "but-for" materiality of the features disclosed in the known prior art and each of Applicants' knowledge, the only reasonable inference is that Applicant's false statements to the USPTO were made with deceptive intent, as discussed detail in Paragraphs 132 -173 of the proposed counterclaim.

As detailed above and in the proposed counterclaim, the Examiner during the original prosecution of the '035 Application expressly stated that he allowed the claims 2, 15, and 22 because "the prior art of record fail to teach or suggest the claim limitations with the reasons set forth in the Applicant's Remarks filed on 01/14/13," and the Applicants stated that the "Examiner's acknowledgement that proposed amendments to the claims to further clarify the arrangement of the filter assembly relative to an optical path or optical axis of the device/system would distinguish the claims over Thibault, Treado, and the other art of record." Ex. 1-A at 20.

More recently, in the Order instituting the EPR, a second Examiner confirmed that "based upon the amendments in the prosecution history and the Applicant statements about independent claims, … that claim 1 of the patent was allowed because the prior art of record did not teach '*An imaging device comprising … a filter assembly positioned between the lens and the image sensor, wherein the filter assembly comprises a filter wheel configured to rotate about a rotational axis that is generally parallel to the optical path….*'" [Doc. 73-3 at 7]. And, the Examiner found that

---

[2] Mr. Rykowski further testified during his recent deposition that ███████████████████████████████████████████████████████ Ex. 1-E, p. 115-116. Mr. Albrecht ███████████████████████████████ Ex. 1-H, p. 94.

there were at least five different grounds that raised substantial new questions of patentability because the prior references that are raised in the EPR teach the same feature that the Applicants knew was disclosed in the prior art. [*See id.* at 11-25]. Indeed, one of the prior art references raised in the EPR that teaches this same feature (U.S. Patent Pub. No. 2007/0177049), was prosecuted by Mr. Poledna of Perkins Coie and lists Mr. Kreysar as a named inventor. [*Id.* at 23].

Moreover, the arguments made by Radiant during the June 6, 2023 claim construction hearing in this case further confirm the but-for materiality of the known prior art in view of the Applicants' statements to the USPTO:

> [T]he amendment that Radiant added was 'A filter wheel configured to rotate about a rotational axis that is generally parallel to the optical path.' That's the amendment, that's the addition that Radiant added to the claims. Now, Radiant specifically stated that it made the amendments to clarify the arrangement of the filter assembly relative to the optical path, because the examiner explained that doing so would distinguish the claims over the Thibault prior art reference.
> …
> That's because the Thibault reference disclosed that the rotational axis of its optical routing assembly was perpendicular to the optical path.
> …
> In contrast, the invention has a rotational axis . . . that is parallel to the optical path.

[Doc. 64, pp. 53-54].

### 2. Because Radiant failed to timely produce its own prior art, Admesy only recently learned that Applicants withheld material prior art.

In October 2022, Admesy propounded an interrogatory that requested, *inter alia*, an identification of Radiant's sales of prior art products, printed publications, and all known prior art to Radiant. [Doc. 70-1 at 8]. Radiant failed to identify any of the known prior art discussed above and in more detail in the proposed counterclaim. [Doc. 70-3 at 16].

 In early August 2023, during the preparation of its Amended Invalidity Contentions, Admesy discovered that Radiant had a prior obsolete website and started investigating various of Radiant's prior art colorimeters listed on that website that appeared to disclose one or more features of the '652 Patent. As a result, Admesy propounded another interrogatory on August 14, 2023 that requested that Radiant identify the structure, function, and operation of each Radiant colorimeter

having a filter wheel that was publicly disclosed or sold prior to March 27, 2009. [Doc. 70-6 at 8]. In response, Radiant stated it would produce documents pursuant to Rule 33(d), but none were produced. [Doc. 70-8 at 17-18]. Admesy followed this interrogatory with a specific request for production on October 27, 2023, requesting an inspection of physical samples of each Radiant colorimeter having a filter wheel that was publicly disclosed or offered for sale prior to March 27, 2009. [Doc. 70-7 at 8]. Radiant declined to offer any of its prior art products for inspection.

In view of Radiant's failure to timely provide this information, the parties held a series of meet and confers over the next three months, after which Radiant declined to provide the information or any physical devices and denied the relevance and proportionality of Admesy's requests. [*See* Doc. 70 at 5]. On February 9, 2024, Admesy moved to compel the production of this prior art and related information. [Doc. 70]. Only *after* the filing of Admesy's Motion to Compel did Radiant agree, on February 14, to supplement its responses regarding its own prior art products and offer physical samples of such products for inspection in Redmond, Washington. The inspection of such products has yet to occur, as Radiant's two offered dates are later in March.

As soon as it was apparent that Radiant would not comply with its discovery obligations, Admesy started conducting its own investigation into publicly available prior art, which first led to its discovery of the 2001 White Paper on January 23, 2024. *See* Ex. 2, 2021 White Paper Receipt. Admesy suspected that the 2001 White Paper disclosed the filter wheel limitation that Applicants averred was not disclosed in the prior art to overcome the USPTO's refusal of the '035 Application, but it sought testimony to ███████████████████████ via the deposition of Mr. Rykowski on February 16, 2024, as discussed in more detail in Section II.B.1, *supra*. Admesy's investigation next led to the discovery of a 20+ year-old used Radiant PM 1400 Color product, which was ordered on February 7 and delivered on February 10, 2024. Ex. 3, PM 1400 Receipt. Admesy, once again, sought testimony ███████████████████████████████████████████ ███████████████████████████ during the depositions of Mr. Rykowski on February 16 and Mr. Albrecht on February 27, as discussed in Section II.B.1, *supra.*

Following the deposition of Mr. Albrecht on February 27, 2024, counsel for the parties met

6

and conferred regarding this Motion during which Radiant's counsel stated that Radiant would oppose this Motion. Admesy promptly filed this Motion four business days later on March 4, 2024.

### III. LEGAL STANDARD

After the deadline for amending as a matter of course, a party may amend a pleading only with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(2). Leave of court is to be freely granted "when justice so requires." *Id*. Once a scheduling order has been entered in the case and a deadline is set for filing amended pleadings, the decision whether to permit a post-deadline amendment is governed by Fed. R. Civ. P. 16(b). *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012). Under Rule 16(b)(4), a motion to modify a scheduling order by permitting the filing of an amended pleading after the deadline may be granted "only for good cause and with the judge's consent."

In deciding whether to permit amendments to a pleading, Courts in this circuit consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). Each factor is addressed below.

### IV. ARGUMENT

**A. Good Cause Exists Under These Circumstances**
  **1.** *Admesy only recently discovered the pertinent information.*

When considering a motion for leave to amend, the court may consider whether the facts underlying the amendment were known at the time the original complaint or answer was filed. *Agar Corp. v. Multi-Fluids, Inc.*, No. H-95-5105, 1998 U.S. Dist. LEXIS 23825, *9 (S.D. Tex. Apr. 15, 1998) (citing *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311 (5th Cir. 1996)); *see also Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985) (holding that district court abused its discretion by denying leave to amend where movant "asked for amendment promptly upon discovering the basis for new allegations").

Here, confirmation that Applicants engaged in inequitable conduct was not available to

7

Admesy until i) the 2001 White Paper was received on January 23, 2024, ii) the PM-1400 device was obtained on February 10, 2014, iii) the deposition of Mr. Rykowski was conducted on February 16, 2024, and iv) the deposition of Mr. Albrecht was conducted on February 27, 2024.

Indeed, while the parties had engaged in a mediation in early September 2023, that mediation was ultimately unsuccessful. As a result, various discovery disputes, including the dispute related to Radiant's refusal to product information related to its own prior art products, ultimately resulted in Admesy filing a Motion to Compel on February 9, 2024, as discussed in more detail in Section II.B.2, *supra.* Admesy also started conducting its own investigation into any publicly available prior art, which ultimately led to the discovery of the 2001 White Paper on January 23, 2024, and the PM-1400 product sample on February 7, 2024.

Any delay in bringing the instant claim of inequitable conduct is a direct result of Radiant's refusal to produce the material prior art in the normal course of discovery and instead, forcing Admesy to invest considerable time and resources to locate this invalidating prior art on its own. Moreover, the timing of the instant Motion – after Mr. Rykowski's and Mr. Albrecht's depositions – comports with the approach taken by courts in the Fifth Circuit to balance the need for additional confirmation through discovery with the timeliness of seeking leave to amend. *See McCandless v. TNT Crane & Rigging, Inc.*, No. 7:18-CV-00107-DC-RCG, 2020 U.S. Dist. LEXIS 262330, at *5-7 (W.D. Tex. Mar. 3, 2020) (granting leave to amend near close of discovery where movant asserted that it waited until it had gathered additional factual support through discovery to seek leave to amend); *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493 (E.D. Tex. 2006) (granting leave to amend where movant previously lacked sufficient evidence and wanted to confirm its suspicions through discovery before asserting its inequitable conduct claim).

Because critical evidence necessary to prove inequitable conduct can often be obtained *only* from the patentee, and because the burden of proof is so high, it is common for such claims to arise only after significant discovery has been conducted. *See Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-622 (WCB), 2020 U.S. Dist. LEXIS 148311, *8-9 (D. Del. Aug. 18, 2020) (granting leave to add inequitable conduct claim after deadline to amend and close of

8

discovery); *Evonik Degussa GMBH v. Materia Inc.*, No. 09-636 (NLH/JS), 2011 U.S. Dist. LEXIS 156390 (D. Del. Dec. 13, 2011) (movant seeking to add inequitable conduct counterclaim "should not be penalized because it prudently waited to obtain key deposition testimony before filing its proposed amendment.").

Here, where fact discovery is ongoing, and given the high pleading and evidentiary burden, it is appropriate for Admesy to seek leave to add a claim of inequitable conduct at this stage in the litigation. As there has been no undue delay on Admesy's part, nor bad faith or dilatory motive, Admesy should be permitted to amend its Answer and Counterclaims.

### 2. *The amendment could be case-dispositive.*

Admesy's proposed amendment is potentially case-dispositive. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288 (Fed. Cir. 2011) (If proven, inequitable conduct regarding any single claim renders the entire patent unenforceable). Accordingly, "[t]he importance of the inequitable conduct claims is undisputed." *Ciena Corp.*, 233 F.R.D. at 495.

Inequitable conduct occurs when a patent applicant or its representative breaches their duty of good faith and candor by either misrepresenting or failing to disclose material information to the USPTO. *See* 37 C.F.R. § 1.56; *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999 (Fed. Cir. 2007). This is exactly what Radiant did during prosecution of its '035 Application. If inequitable conduct before the USPTO is established, and the '652 Patent is determined to be invalid, then Radiant's entire claim of infringement is disposed of. Therefore, Admesy's proposed amendment is of utmost importance to this litigation.

### 3. *There is no prejudice to Radiant in allowing the amendment.*

Radiant will suffer no undue prejudice by the Court granting Admesy leave to amend its answer and counterclaims. Admesy has met the burden of proof on this claim and affirmative defense. Admesy's delay in bringing this inequitable conduct claim can be attributed in large part to Radiant's own failure to identify and produce its prior art products earlier in discovery, which Admesy mitigated by performing its own investigation. *Auster Oil & Gas*, 764 F.2d at 391 (non-moving party "cannot claim prejudice due to untimeliness of [movant's] motion or any delay it

might cause" where the moving party diligently sought discovery and asked for amendment promptly upon discovering the basis for new allegations).

As for the status of the case, discovery is still open and only four of 14 planned depositions have been taken, presenting no prejudice to Radiant. *See McCandless v. TNT,* 2020 U.S. Dist. LEXIS 262330 (even if non-movant has to re-depose a witness, the prejudice is insufficient to deny leave to amend). No trial date has been set, and Admesy's motion for a stay pending the EPR of the '652 Patent by the USPTO [Doc. 73] is before the Court. An amendment to Admesy's Answer and Counterclaim is not expected to require additional extensions of time beyond what has already been sought. Moreover, this is Admesy's first motion for leave to amend its pleadings and the amendment is not futile (*see* Section IV.B), thus causing no prejudice to Radiant.

### B. Justice Requires that Admesy be Permitted to Amend its Pleading

The factors federal courts consider under Rule 16(b)(4) in connection with a motion to modify the scheduling order having been met, the liberal Rule 15 standard applies: leave of court is to be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Don Stevenson Design, Inc. v. Randy Herrera Designer, LLC,* No. 5:16-CV-1130-DAE, 2017 U.S. Dist. LEXIS 224740, *2 (W.D. Tex. Sep. 8, 2017) (Ezra, J.) (explaining that the court may consider a variety of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment"). In addition to satisfying the factors set forth above, the amendment would not be futile because Admesy's proposed Amended Answer and Counterclaim set forth detailed allegations to survive the heightened pleading standard set forth by the Federal Circuit in the context of inequitable conduct, namely the "specific who, what, when, where, and how of the material misrepresentation or omission committed before the USPTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).

### V. CONCLUSION

For the foregoing reasons, and for good cause shown, the Court should grant Admesy's Motion for Leave to Amend its Answer and Counterclaim.

Dated: March 4, 2024					Respectfully Submitted,


/s/ *Scott P. Amy*_____
Scott Amy
GA Bar No. 141416
*s.amy@pkhip.com*
Joseph W. Staley
GA Bar No. 142571
*j.staley@pkhip.com*
Andrea P. Nguyen
GA Bar No. 306931
*a.nguyen@pkhip.com*
**PERILLA KNOX & HILDEBRANDT LLP**
5871 Glenridge Drive, Suite 350
Atlanta, Georgia 30328
T:  770-927-7802
F:  877-389-6779

Leah Bhimani Buratti
TX Bar No. 24064897
*leah@bccaustin.com*
**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
T: 512-566-3909
F: 737-289-4695


***Attorneys for Defendant Admesy B.V.***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **RADIANT VISION SYSTEMS, LLC,** | |
| *Plaintiff*, | |
| v. | Civil Action No.: 1:21-cv-01115-DAE |
| **ADMESY B.V.,** | |
| *Defendant*. | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

/s/ *Scott P. Amy*
Scott P. Amy

***Attorney for Defendant Admesy B.V.***