# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **RADIANT VISION SYSTEMS, LLC,** §<br>*Plaintiff* §<br>  §<br>**v.** §<br>  §<br>**ADMESY B.V.,** §<br>*Defendant* § | **Case No. 1:21-CV-01115-DAE** |

## ORDER

Before the Court are Defendant Admesy B.V.'s Motion to Compel, filed February 9, 2024 (Dkt. 70), Opposed Motion to Stay Pending *Ex Parte* Reexamination, filed February 15, 2024 (Dkt. 73), and Motion for Leave to File under Seal Reply to Motion to Compel and Exhibits Thereto, filed March 1, 2024 (Dkt. 82), and the associated response and reply briefs. By Text Orders entered February 16, 2024, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the U.S. District Court for the Western District of Texas.

### I.  Background

Plaintiff Radiant Vision Systems, LLC filed this complaint for patent infringement on December 8, 2021, alleging that Admesy infringed its patent No. 8,482,652 ("'652 Patent"). Radiant alleges that Admesy's Nova and Titan imaging colorimeters ("Accused Products") infringe claims 1-7, 10, 13, 15, 17-20, and 23 of the '652 Patent ("Asserted Claims"). Radiant alleges (1) direct infringement of apparatus claims 1-7, 10, 13, 15, and 17 under 35 U.S.C. § 271(a), and (2) induced infringement of method claims 18-20 and 23 under 35 U.S.C. § 271(b) and (g) by allegedly instructing third parties to use Admesy's imaging colorimeters extraterritorially to manufacture products, knowing they are later imported into the United States.

Discovery began on September 9, 2022. Dkt. 17. Admesy filed a partial motion to dismiss Radiant's induced infringement claims, which the Court denied on November 9, 2022. Dkt. 31. The District Court held a *Markman* hearing on June 6, 2023, and issued its claim construction order on June 15, 2023. Dkt. 49. The parties served their final infringement and invalidity contentions on August 25, 2023. Dkt. 52.

Although the case has been pending for more than two years, Admesy states that the parties have exchanged only "initial rounds of written discovery." Dkt. 73 at 4. Admesy states that just one deposition had been taken as of February 26, 2024, but 14 depositions are scheduled in Seattle and the Netherlands by the close of fact discovery on April 2, 2024. Dkt. 80 at 2. Experts have been disclosed, but the parties have not exchanged their reports. *Id.* Fact discovery closes June 28, 2024, and the dispositive motion deadline is July 30, 2024. Dkt. 75. No trial date is set. *Id.*

On December 9, 2023, Admesy filed a request for *ex parte* reexamination of the '652 Patent ("Reexam") with the U.S. Patent and Trademark Office ("PTO"). Dkt. 73-2. The PTO granted the Reexam as to all claims – including all Asserted Claims – on February 12, 2024, finding that Admesy raised a "substantial new question of patentability" and citing five grounds and at least seven prior art references. Dkt. 73-3 at 14-28. Admesy now asks the Court to stay all deadlines pending resolution of the Reexam. Radiant opposes the motion.

## II. Motion to Stay

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The Court has discretion to decide whether to stay a case pending proceedings before the PTO, including *ex parte* patent reexaminations. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir.

2016). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *TC Tech. LLC v. T-Mobile USA, Inc.,* No. 6-20-CV-00899-ADA, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 106911, at *1 (E.D. Tex. Mar. 11, 2015)).

In determining whether a stay pending a PTO proceeding is proper, courts typically consider:

1. whether the stay will unduly prejudice the nonmoving party;
2. whether the proceedings before the court "have reached an advanced stage, including whether discovery is complete and a trial date has been set"; and
3. whether the stay likely will simplify the case before the court.

*Id.* at *2 (citation omitted). The last factor is the most important. *Id.* at *3. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on those factors." *USC IP P'ship, L.P. v. Facebook, Inc.,* No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) (citation omitted).

The party seeking a stay bears the burden of showing that a stay is appropriate. *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015).

**A. Whether a Stay Will Unduly Prejudice Radiant**

First, Radiant argues that it would be prejudiced by a stay for Reexam "because it has a substantial interest in the timely enforcement of its rights in the '652 patent against Admesy, who is a direct competitor in the market for imaging colorimeters." Dkt. 77 at 5. Radiant cites no evidence of competition between the parties, and Admesy argues in reply that whether the Accused Products and the allegedly covered products compete in the market is a disputed fact. Dkt. 80 at 2.

3

Competition between parties can weigh in favor of finding undue prejudice. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). But courts generally "lessen the weight of alleged prejudice absent requests for injunctive relief." *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. W-20-CV-00969-ADA, 2022 WL 4240937, at *2 (W.D. Tex. Aug. 16, 2022); *see also VirtualAgility*, 759 F.3d at 1319 (stating that absence of request for injunction weighed against claim that plaintiff was unduly prejudiced). Radiant did not seek a preliminary injunction.

Radiant also argues that it, like all patentees, has an interest in the timely enforcement of its patent right. Dkt. 77 at 8. Because the delay in enforcing patent rights is inherent in any stay, standing alone, this fact cannot defeat a stay motion. *E.g.*, *TC Tech.*, 2021 WL 8083373, at *2; *Intell. Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018).

Each party accuses the other of delay. Radiant alleges that it has been prejudiced by Admesy's "repeated failures to meet its basic discovery obligations," Dkt. 77 at 8. Admesy contends that Radiant first contacted it to give notice of the '652 Patent on October 4, 2019, but did not file suit until more than two years later. Dkt. 73 at 12. Radiant responds that it notified Admesy as soon as it learned of Admesy's alleged infringement "and offered to negotiate a license as an alternative to litigation." Dkt. 77 at 10. Radiant also argues that it is prejudiced by Admesy's delay in requesting the Reexam, which Admesy states it filed after settlement negotiations in the fall of 2023 yielded no agreement. Dkt. 73 at 5.

As to the potential duration of delay for Reexam, Admesy submits PTO statistics showing that in fiscal 2023, the average time from filing of an *ex parte* reexamination to issuance of a first action on the merits was five to seven months, and the time from filing to issuance of the reexamination certificate was eighteen to nineteen months. Dkt. 73-5 at 3. Radiant cites an average pendency of

4

25.2 months for reexamination from filing date to certificate issuance, based on all reexaminations from 1981 to 2023. Dkt. 73-6 at 3.

A stay will not diminish the monetary damages to which Radiant will be entitled if it proves infringement. *VirtualAgility*, 759 F.3d at 1318. Radiant's delay in filing suit and decision not to seek preliminary injunctive relief weigh slightly against its claims that it will be unduly prejudiced by a stay. *Id.* But the Court finds that Radiant's interest in timely enforcement of its patent right is entitled to some weight. The first factor weighs slightly against a stay.

### B.  Whether These Proceedings Have Reached an Advanced Stage

Second, Radiant argues that this case is in an advanced stage of litigation because the District Court has conducted a *Markman* hearing and issued a claim construction order, and fact discovery is underway. The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings. *Datanet LLC v. Dropbox Inc.*, No. 6:22-CV-01142-OLG-DTG, 2023 WL 9005604, at *3 (W.D. Tex. Dec. 28, 2023).

The Court agrees with Radiant that Admesy's request for a stay comes late in the progression of this case, with claim construction complete and discovery ongoing. But both the Court and the parties will expend significantly more resources before and during trial – including completion of several fact depositions and expert discovery – and no trial date is set. *Compare Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-cv-00530-ADA, 2023 WL 7476347 (W.D. Tex. Apr. 20, 2023) (denying stay when fact discovery was closed and expert discovery had begun) *with AGIS Software Dev. LLC v. Google LLC,* No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) (granting stay when all discovery was complete and pretrial briefing submitted).

Although claim construction is complete, discovery is not, and no trial date is set. The Court finds the second factor is neutral.

### C. Whether a Stay Likely Will Simplify the Case Before the Court

Finally, the third and most important factor in determining whether to grant a stay is whether the reexamination proceeding will simplify the issues before the Court. *TC Tech.*, 2021 WL 8083373, at *3. "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *Gordon Gould, REFAC Int'l, Ltd. v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

Admesy argues that this factor strongly favors granting a stay: "Indeed, it is undoubtedly true that if the Board were to find the Asserted Claims unpatentable via the Reexam, and that decision was upheld on any potential appeal, this case would be disposed of altogether." Dkt. 73 at 9. Admesy cites PTO statistics showing that approximately 78% of *ex parte* reexaminations requested by a third party resulted in changes to or cancellations of claims in 2023. Dkt. 73-6 at 3. Even if all Asserted Claims emerge from the Reexam unchanged, Admesy contends, the PTO's review is likely to assist the Court and reduce costs for the parties. Radiant disagrees, arguing that any predictions about the results of the Reexam are mere speculation. Dkt. 77 at 14.

The PTO granted review of all Asserted Claims of Radiant's sole asserted patent. Accordingly, the Court agrees that the Reexam could dispose of this entire litigation; if the examiner invalidates the claims, it will fully resolve this case. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). The Court therefore agrees with Admesy that the Reexam is likely to affect the invalidity and infringement issues.

The Court finds instructive Judge Gilstrap's opinion in *AGIS Software*, 2021 WL 465424. As noted above, in that case, the U.S. District Court for the Eastern District of Texas granted a motion to stay although discovery was complete and pretrial briefing submitted. The court explained that when, as here, the PTO has granted *ex parte* reexamination as to all claims of all asserted patents:

> this Court has [ ] routinely stayed cases because the Court there does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial. In the context where all claims have been instituted upon, the Court understands that all the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings.

*Id.* at *2.

In view of the probability that the Asserted Claims will be canceled or modified, the Court finds that a stay is likely to simplify this litigation and conserve judicial resources. The third and most important factor weighs heavily in favor of a stay.

### D.  Conclusion and Order on Motion to Stay

Having carefully considered the totality of the facts and circumstances, the Court finds that the third factor weighs heavily in favor of a stay for Reexam, the first factor weighs slightly against, and the second factor is neutral. The Court finds that Admesy has met its burden to show that the benefits of a stay outweigh the inherent costs of postponing resolution. *USC IP P'ship*, 2021 WL 6201200, at *2.

Given that a stay is likely to simplify the issues, Defendant Admesy B.V.'s Opposed Motion to Stay Pending *Ex Parte* Reexamination (Dkt. 73) is **GRANTED** and this case is **STAYED** pending further order of the Court. The parties are **ORDERED** to file a joint report to the Court on the status of the Reexam **every 60 days**, beginning **May 13, 2024**, and to notify the Court within **10 days** that the PTO has issued its Notice of Intent to Issue *Ex Parte* Reexamination Certificate.

### III. Motion to Compel

Because the Court has ordered this case stayed pending Reexam, Defendant Admesy B.V.'s Motion to Compel (Dkt. 70) is **DISMISSED** without prejudice to refiling after the stay is lifted.

### IV. Motion to Seal

Defendant's Motion for Leave to File under Seal Reply to Motion to Compel and Exhibits Thereto (Dkt. 82) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on March 12, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE