Control Number: 90/019,327                                                      Page 6
Art Unit: 3992

### C)    Written Statements

**1.**    "CLAIM CONSTRUCTION ORDER": ("**Claim Construction Order, Radiant v. Admesy**"), <u>Radiant Visions Systems LLC, vs ADMESY B.V., 1:21-CV-1115-DAE.</u>

## V. Claim Interpretation

### A)    Broadest Reasonable Interpretation

As noted above in § II (B), the 652 Patent has not expired.  Accordingly, the claim construction applied is broadest reasonable interpretation (**BRI**).

- MPEP § 2258 I (*G*). *Claim Interpretation and Treatment*

### B)    Lexicographic Definitions

A first exception, to the BRI standard occurs when, albeit optional to include, there is lexicographic definition in the specification.

After a careful review of the original specification and unless expressly noted otherwise by the Examiner, the Examiner cannot locate any lexicographic definitions, express or implied, in the original specification with the required clarity, deliberateness, and precision.  Because the Examiner cannot locate any other lexicographic definitions in the original specification with the required clarity, deliberateness, and precision the Examiner concludes that the Patent Owner is not their own lexicographer. See MPEP §§ 2111.01 (III) (IV).

### C)    'Sources' for the 'The Broadest Reasonable Interpretation (BRI)'

For terms not lexicographically defined by Applicant, the Examiner hereby adopts the following interpretations under the broadest reasonable interpretation standard.  In other words,

Control Number: 90/019,327                                                                 Page 7
Art Unit: 3992

the Examiner has provided the following interpretations simply as express *notice* of how he is interpreting particular terms under the broadest reasonable interpretation standard. Additionally, these interpretations are only a guide to claim terminology since claim terms must be interpreted in context of the surrounding claim language.[1] In accordance with *In re Morris*, 127 F.3d 1048, 1056, 44 USPQ2d 1023, 1029 (Fed. Cir. 1997), the Examiner points to these other "sources" to support his interpretation of the claims. Finally, the following list is not intended to be exhaustive in any way:

   1.   **Axle**: "a pin or shaft on or with which a wheel or pair of wheels revolves." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

   2.   **Fresnel Lens**: "a lens that has a surface consisting of concentric series of simple lens sections so that a thin lens with a short focal length and large diameter is possible and that is used esp. for spotlights." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

   3.   **Filter Assembly**: "a unit consisting of component parts that is configured to hold one or more filters." "said filter assembly need not include a filter" Claim Construction Order, Radiant v. Admesy, see p. 18, Patent Owners Proposed Interpretation.

   4.   **Filter Wheel**: "a wheel that is configured to hold one or more filters" "the wheel need not take a circular shape to achieve its purported function". Patent Owners Interpretation in Claim Construction Order, Radiant v. Admesy. See pp. 11 - 12, describing Patent Owners Proposed Interpretation.

---

[1] While most interpretations are cited because these terms are found in the claims, the Examiner may have provided additional interpretations to help interpret words, phrases, or concepts found in the interpretations themselves, the Patent, or in the prior art.

Control Number: 90/019,327                                                  Page 8
Art Unit: 3992

**5.      Input**: "the means at which, or point at which an input (as energy, material, or data) is made." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

**6.      Light Pipe**: "an optical fiber or solid transparent rod, for transmitting light lengthwise." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

**7.      Mirror**: "a polished, or smooth surface (as of glass) that forms images by reflection." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

**8.      Optical**: "of, relating to, or utilizing, light, instead of other forms of energy." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

**9.      Optical Input**: the means at which, or point at which a light input is made. This interpretation is supported by items 5 and 8 above.

**10.      Processor**: "The part of a computer system that operates on data – called also a central processing unit." Microsoft Press Computer Dictionary, 2nd Edition, Microsoft Press, Redmond, WA, 1994.

**11.      Processing**: "Manipulation of data within a computer system. Processing is the vital step between receiving data (input) and producing results (output) – the task for which computers are designed" Microsoft Press Computer Dictionary, 2nd Edition, Microsoft Press, Redmond, WA, 1994.

Control Number: 90/019,327                                                    Page 9
Art Unit: 3992

**12.**    **Unit**: "a single thing, person, or group that is constituent of a whole," or "a piece or complex of apparatus serving to perform one particular function." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

**13.**    **Wheel**: "a circular frame of hard material that may be solid, partly solid, or spoked and that is capable of turning on an axle." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

**D)**    **35 U.S.C. §112 ¶6**

A second exception is when a claimed phrase is interpreted in accordance with 35 U.S.C. § 112 ¶ 6 ("**§ 112 ¶6**"). See MPEP § 2181 *et seq*. To invoke § 112 ¶6, a claimed phrase must meet the three-prong analysis ("**3 Prong Analysis**") as set forth in MPEP § 2181 (I). In the following the Examiner will analyze the claims to determine if any claim phrase invoke § 112 ¶6. In the following analysis of the Functional Phrases of the claims the Examiner notes:

An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

-    35 U.S.C. § 112 ¶ 6

"[a] claim limitation that does not use the term "means" or "step" will trigger the rebuttable presumption that 35 U.S.C. 112 ¶6 or pre-AIA 35U.S.C. 112, sixth paragraph does not apply. See, e.g., *Phillips v. AWH Corp.,* 415 F.3d 1303, 1310,75 USPQ2d 1321, 1324 (Fed. Cir. 2005) *(en banc)*; *CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d1359, 1369, 62 USPQ2d 1658, 1664 (Fed. Cir.2002); *Personalized Media Commc'ns, LLC v. ITC,*161 F.3d 696, 703-04, 48 USPQ2d 1880, 1886–87(Fed. Cir. 1998). *Williamson v. Citrix Online, LLC,* 792 F.3d 1339, **The presumption is overcome when** "the claim term fails to 'recite sufficiently definite structure' **or else recites 'function without reciting sufficient structure for performing that function.**'" 1339,1348 (sic), 115 USPQ2d

Control Number: 90/019,327                                      Page 10
Art Unit: 3992

1105, 1111 (Fed. Cir. 2015) (en banc) (quoting *Watts v. XL Systems, Inc.*, 232 F.3d877, 880 (Fed. Cir. 2000) …. [Emphasis added.]"

-    MPEP § 2181 I.

**I)**    The Examiner finds that the following phrases, from independent claims 20 and 21 will be first identified and then analyzed using the MPEP's 3 Prong Analysis to determine if the claimed phrases invoke § 112 ¶6.  If a phrase invokes § 112 ¶6, the corresponding structure will also be determined.

In the following analysis the Examiner notes:

"In assessing whether the claim limitation is in means-plus-function format, we do not merely consider the introductory phrase (e.g., 'mechanical control assembly') in isolation, but look to the entire passage including functions performed by the introductory phrase. [Emphasis added.]"

-    *MTD Prods. Inc. v. Iancu*, 933 F.3d 1336, 1342 (Fed. Cir. 2019).

**Functional Phrase #1 (FP#1):**

**(Claim 1)**

"*a filter assembly positioned between the lens and the image sensor, wherein the filter assembly comprises a filter wheel configured to rotate about a rotational axis that is generally parallel to the optical path; and a reflector carried by the filter assembly, wherein the filter assembly is configured to move the reflector between first and second positions, and wherein in the first position the reflector is at least partially aligned with the optical path and reflects at least a portion of the light toward an input different than the image sensor, and in the second position the reflector is positioned outside of the optical path,*" as recited in claim 1 lines 7 - 18.

**Functional Phrase #2 (FP#2):**

**(Claim 2)**

"*filter wheel . . . configured to move the filter between filtering and non-filtering positions, wherein in the filtering position the filter is at least partially aligned with the optical path and filters at least a portion of the light, and in the non-filtering position the filter is positioned out of alignment with the optical path,*" as recited in claim 2 lines 3 - 7.

**Functional Phrase #3 (FP#3):**

**(Claim 13)**

"*a filter wheel movably positioned in the body between the lens and the image sensor, wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor, a filter carried by the filter wheel; a reflector carried by the filter wheel, wherein the filter wheel is configured to selectively position one of the filter and the reflector between the lens and the image sensor*" as recited in claim 13 lines 9 - 19.

**Functional Phrase #4 (FP#4):**

**(Claim 13)**

"*an optical input configured to receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the*

*image sensor, and a spectrometer coupled to the optical input"* as recited in claim 13 lines 20 - 24.

### Functional Phrase #5 (FP#5):

**(Claim 4)**

"*optical input configured to collect at least a portion of the light reflected by the reflector when the reflector is in the first position, and wherein the optical input is configured to transmit the reflected light to a spectrometer,*" as in claim 4 lines 2 - 4.

*a)*    *3-Prong Analysis Prong (A)*:

In accordance with the MPEP, Prong (A) requires:

(A)  the claim limitation uses the term "means" or "step" or a term used as a substitute for "means" that is a generic placeholder (also called a nonce term or a non-structural term having no specific structural meaning) for performing the claimed function ....

MPEP § 2181 I. — Prong (A).

As an initial matter, the Examiner finds that Functional Phrases #1 - #5 do not use the phrase "means for." Therefore, the issue arising under Invocation Prong (A) then becomes whether or not FP#1 including the claimed "*filter assembly,*" [to perform the claimed functions]," FP#2 and FP#3 including the claimed "*filter wheel,*" [to perform the claimed functions], and FP#4 and FP#5, including the claimed "*Optical input,*" [to perform the claimed functions], are generic placeholder for "means."

To evaluate that issue, the Examiner proceeds to evaluate Prong (A) as follows:

Control Number: 90/019,327                                                                              Page 13
Art Unit: 3992

First, the Examiner has attempted to use the 652 Patent specification in light of PO' own testimony, i.e., <u>Claim Construction Order, Radiant v. Admesy,</u>[2] to determine if the specification provides a meaning for the terms "*filter assembly,*" "*filter wheel,*" or "*Optical input,*" ("**Agent Nouns**") as the name of a structures that is known to perform the claimed functions, i.e., Functions of Functional Phrases #1 - #5 outlined below in the section for Prong (B). Looking at the specification, the Examiner finds insufficient evidence that the specification states and/or defines Agent Nouns as structures having the claimed functions. The Examiner finds that at most the specification does describe the "*filter assembly*" as a device configure to carries a reflector and place it in the optical path (652 Patent at abstract, and C3:L1 - 8). As noted in the section above, entitled 'Sources for the Broadest Reasonable Interpretation,' ("**Sources for BRI**") Patent Owners own in interpretation simply describes the "*filter assembly*" as a unit consisting of component parts that is configured to hold one or more filters but not necessarily including a filter. Additionally, the Examiner finds the specification describes a "*filter wheel*" as a device carries filters (652 Patent, at C4:L10 - 37) and Patent Owners own interpretation of the "*filter wheel*" is a wheel of no particular shape that is configured to hold one or more filters. (See section, Sources for BRI, above). Finally, the specification describes the optical input as a light pipe or optical fiber (652 Patent C4:L49 - 52, describing optical input), and the Examiner finds insufficient evidence of any interpretation provided by the PO for the "*optical input.*" Accordingly, from the specification, in light of PO's own interpretations, a PHOSITA understands that the term "*filter assembly,*" or "*filter wheel,*" or "*optical input*" (alone) cannot perform the claimed functions. Rather, looking at the claim language, a PHOSITA understands

---

[2] See the Sections above entitled 'References Supplied in the Request,' and 'Sources' for 'The broadest Reasonable Interpretation (BRI).

that other structural elements are needed, for example some type of additional structure or geometry required to allow these terms to perform the function as claimed.

Second, the Examiner has reviewed, dictionaries special and general (See section above titled 'Sources' for the Broadest Reasonable Interpretation (BRI),' above.) and finds insufficient evidence that the terms "*filter assembly*," "*filter wheel*," or "*optical input*," (the, "**agent nouns**"), are terms that represent sufficient structure to perform the claimed functions, i.e., Functions of Functional Phrases #1 - #5 outlined below. For example, the Examiner finds insufficient evidence that dictionaries, general and technical, list the terms "*filter assembly*," "*filter wheel*," or "*Optical input*." The best the Examiner could find is that these are compound words meant to resemble some general structure now claimed to have a particular function. Accordingly, at most, from the dictionaries a PHOSITA understands that the agent nouns (by themselves) do not represent a structure sufficient to perform the entire claim functions. Other structural elements are needed, for example some type of structure or geometry that realizes the claimed functions.

Third, the Examiner has reviewed the prior. The Examiner does finds insufficient evidence that that the terms "*filter assembly*," and "*filter wheel*," and "*optical input*," are names used in the art representing a structure, known to perform the claimed functions. For example, see Heffelfinger et al., U.S. Pat. No. 5,863,504, at Figure 1 and Figure 5, C4:L58 - 68, and C6:L7 - 31, describes a filter assembly as a filtering light and the filter wheel as a disc including filters. However, Heffelfinger does not describe the "*filter assembly*" in any detail that would indicate it is a structure known to perform the function of FP#1. Additionally, Heffelfinger does not describe the filter wheel as performing the particular functions of FP#2 and FP#3. Additionally, the Examiner finds insufficient evidence that the prior art describes an "optical input," in the context of FP#4 and FP#5, as in claim 13, and Claim 4 respectively. Accordingly, at most, from

Control Number: 90/019,327                                              Page 15
Art Unit: 3992

the prior art a PHOSITA understands that the terms *"filter assembly,"* as in FP#1, *"filter wheel,"* as in FP#2, or *"Optical input,"* as in FP#4 and FP#5 (alone) do not represent structures sufficient to perform the entire claim functions of FP#1 - FP#5. Other structural elements are needed, for example some type of additional structure or geometry to perform the claimed function.

Accordingly, the Examiner concludes that the terms *"filter assembly,"* *"filter wheel,"* or *"optical input,"* (the, **"agent nouns"**) as set forth in the functional phrases above, are being used as a generic term for a structure performing the function, and therefore a place holder for the phrase "means for" performing the recited function. Because the Agent Nouns as in FP#1 to FP#5 are merely generic placeholder having no specific structure associated therewith, the Examiner concludes that FP#1 to FP#5 meets invocation Prong (A).

### b)      3-Prong Analysis Prong (B):

In accordance with the MPEP prong (B) requires:

(B) the term "means" or "step" or the generic placeholder is modified by functional language, typically, but not always linked by the transition word "for" (e.g., "means for") or another linking word or phrase, such as "configured to" or "so that" ....
MPEP § 2181 I. — Prong (B).

Based upon a review of the claim, the Examiner finds that the functions associated with FP#1 to FP#5 are as follows:

### Function of Functional Phrase #1 (FP#1):

### (Claim 1)

*"move the reflector between first and second positions, and wherein in the first position the reflector is at least partially aligned with the optical path and reflects at least a portion of the light toward an input different than the image sensor, and in the second position the reflector is positioned outside of the optical path."*

**Functional Phrase #2 (FP#2):**

**(Claim 2)**

"*move the filter between filtering and non-filtering positions, wherein in the filtering position the filter is at least partially aligned with the optical path and filters at least a portion of the light, and in the non-filtering position the filter is positioned out of alignment with the optical path.*"

**Functional Phrase #3 (FP#3):**

**(Claim 13)**

"*rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor . . . selectively position one of the filters and the reflector between the lens and the image sensor.*"

**Functional Phrase #4 (FP#4):**

**(Claims 4 and 13)**

"*receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor, and a spectrometer coupled to the optical input.*"

**Function of Functional Phrase #5 (FP#5):**

**(Claim 4)**

Control Number: 90/019,327                                          Page 17
Art Unit: 3992

"*collect at least a portion of the light reflected by the reflector when the reflector is in the first position, and wherein the optical input is configured to transmit the reflected light to a spectrometer.*"

Because FP#1 to FP#5 include the functions expressly noted above, the Examiner concludes that FP#1 to FP#5 meet invocation Prong (B). Additionally, the Examiner notes that because nothing in the written description contradicts the plain language describing the functions, the functions within the functional phrases will have their ordinary and accustomed meaning.

c)    **3-Prong Analysis: Prong (C)**

In accordance with the MPEP, Prong (C) requires:

(C) the term "means" or "step" or the generic placeholder is not modified by sufficient structure, material, or acts for performing the claimed function.
MPEP § 2181 (I) — Prong (C)

Based upon a review of the entire FP#1 to FP#5 the Examiner finds that FP#1 to FP#5 do not contain sufficient structure for performing the entire claimed function set forth in those functional phrases.

Because FP#1 to FP#5 do not contain sufficient structure for performing the claimed function the Examiner concludes that FP#1 to FP#5 meets invocation Prong (C).

Because FP#1 to FP#5 meet the 3 Prong Analysis as set forth in MPEP §2181 I., the Examiner concludes that FP#1 to FP#5 invoke § 112 ¶ 6.

d)    **Corresponding Structure**

Control Number: 90/019,327                                                                    Page 18
Art Unit: 3992

The Examiner finds the corresponding structures are as follows.

1.    For Functional Phrase #1: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #1 is a filter wheel 702a, Figure 7, including a mirror attached to the filter wheel via a mirror mount 732, a mirror 730, Figure 7a, 502 Figure 5, the filter wheel having an axle (shown at center of filter wheel 702a, but not numbered), the axle having an axis 405, Figure 5, running parallel to the optical beam path 406, Figure 5.) (See 652 Patent at C4:L38 - 67, C5:Ll0 - 30, and C6:L3 - 18, discussing a filter wheel, with options of a mirror or mirror and filters.).

2.    For Functional Phrase #2: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #2 is a filter wheel 702a, Figure 7, a mirror attached to the filter wheel, a mirror 730, Figure 7a, 502 Figure 5, attached to filter wheel by a mount 732, at least one filter on the filter wheel, the filter wheel having an axle (shown at center of filter wheel 702a, but not numbered), the axle having an axis 405, Figure 5, running parallel to the optical beam path 406, Figure 5.) (See 652 Patent at C4:L38 - 67 discussing the filter wheel can have a mirror and a filter, and C5:Ll0 - 30, and C6:L3 - 18 discussing the mirror.).

3.    For Functional Phrase #3: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #3 is a filter wheel 702a, Figure 7, including a mirror attached to the filter wheel, a mirror 730, Figure 7a, 502 Figure 5, attached to the filter wheel by a mount 732, at least one filter on the filter wheel, the filter wheel having an axle (shown at center of filter wheel 702a, but not numbered), the axle having an axis 405, Figure 5, running parallel to the optical beam path 406, Figure 5.) (See 652 Patent at

Control Number: 90/019,327                                            Page 19
Art Unit: 3992

C4:L38 - 67 discussing the filter wheel can have a mirror and a filter, and C5:L10 - 30, and

C6:L3 - 18 discussing the mirror.).

     **4.**     <u>For Functional Phrase #4 and Functional Phrase #5:</u> Based upon a review of the

original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #4

and Functional Phrase #5 is an optical collector 410, Figure 4,  760 Figure 7a, such as an optical

fiber or light pipe, placed geometrically at an angle to collect the beam of the light reflected from

a mirror on the filter wheel 702a, Figure 7, (See 652 Patent at C4:L38 - 67 discussing the filter

wheel can have a mirror and a filter, and C5:L10 - 30, and C6:L3 - 18 discussing the mirror.).

     **(II)**     The Examiner finds that dependent claims 2 - 19, do not significantly modify the

functions of FP#1 to FP#5 and therefore do not removing the functional phrases, recited above,

from governance of 35 U.S.C. § 112 ¶6. Additionally, the Examiner finds that claims 2 - 19 do

not alter the Examiner interpretation of corresponding structure recited above. Accordingly,

claims 2 - 19 are interpreted the same as recited above for the corresponding structures.

**E)**     **Computer Implemented Means-Plus-Function Limitations**

     For computer-implemented means-plus-function limitations, a general-purpose computer

is only sufficient as the corresponding structure for performing a general computing function.

When there is a specific function to be performed, it is required that an algorithm for performing

the function be disclosed, and the corresponding structure becomes a general-purpose computer

transformed into a special purpose computer by programming the computer to perform the

disclosed algorithm. The specification must explicitly disclose the algorithm for performing the

claimed function, and simply reciting the claimed function in the specification will not be a

sufficient disclosure for an algorithm which, by definition, must contain a sequence of steps.  See

MPEP § 2181(II) (B).

As noted in the MPEP:

An algorithm is defined, for example, as "a finite sequence of steps for solving a logical or mathematical problem or performing a task." Microsoft Computer Dictionary, Microsoft Press, 5th edition, 2002. Applicant may express the algorithm in any understandable terms including as a mathematical formula, in prose, in a flow chart, or in any other manner that provides sufficient structure. [Citations and select quotations omitted.]

- MPEP 2181 II B.

## F)    Overcoming Invocation of 35 U.S.C. §112 ¶6

If applicant does not intend to have the claim limitation(s) treated under § 112 ¶6, applicant may amend the claim(s) so that it/they will clearly not invoke§ 112 ¶6, or present a sufficient showing that the claim recites/recite sufficient structure, material, or acts for performing the claimed function to preclude application of§ 112 ¶6.

For more information, see MPEP §§ 2173; 2181 *et seq*.

## G)    Conclusion Claim Interpretation

Accordingly, because of the Examiners' findings above the Applicant is not his own lexicographer and for functional phrases that invoke § 112 ¶6, those phrases will be interpreted based upon the corresponding structure, outline above.

In addition, any claim terms and phrases that do not invoke§ 112 ¶6, will be given the broadest reasonable interpretation consistent with the specification since patentee has an

opportunity to amend claims. See MPEP §2111, MPEP §2111.01 and In re Yamamoto et al., 222 USPQ 934 (Fed. Cir. 1984).

Under a broadest reasonable interpretation, words of the claim must be given their plain meaning, unless such meaning is inconsistent with the specification. See MPEP 2111.01(I).

It is further noted it is improper to import claim limitations from the specification, *i.e.*, a particular embodiment appearing in the written description may not be read into a claim when the claim language is broader than the embodiment. See MPEP 2111.01(II).

For more information, see MPEP §§ 2173; 2181 *et seq.*

## VI. Prior Art Rejections

The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

**A)** Claim(s) 1 - 3, 7, 10, 18, 20, and 23 is/are rejected under pre-AIA 35 U.S.C. 102(b) as being anticipated by Haenel et al. (Pat. No. U.S. 4,755,880).

**1.** Regarding claim 1: Haenel teaches **an imaging device** (Haenel Figure 1 below, and C4:L57 - 68, discussing a camera, with front wall 16, lens 20 connected to front wall by connector 17.),

Control Number: 90/019,327                                                      Page 22
Art Unit: 3992



Fig. 1

- Haenel, Pat. No. U.S. 4,755,880, Figure, annotated by Examiner.

**comprising: a lens** (20) **configured to introduce light into the imaging device along an optical path** (12, Figure 1) (Haenel, C4:L57 - 68 and C6:L31 - 38)**; an image sensor** (7 and 32, Figure 1) **spaced apart from the lens and configured to receive at least a portion of the light along the optical path** (Haenel, C4:L62 - 68, C5:L11 - 34, C7:L24 - 27,)**; a filter assembly positioned between the lens and the image sensor** (See corresponding structure for FP#1. Reading upon, Haenel, Filter Wheel 15, Mount 23, Mirror 24, Figure 1, positioned between Lens 20 and Sensor 7, See Haenel, C5:L39 - 43 and C6:L31 - 38, discussing that spindle 6, can be turned to move, with stepper motor 10, the sensors 7, 32 into beam path 12.)**,** wherein **the filter assembly comprises a filter wheel** (Corresponding structure for FP#1, requiring a filter wheel. Reading upon Haenel, item 15, Figure 1 above, Haenel, C5:L39 - 47, C9:L56 - 59, C6:L31 - 39, and C6:L48 - 57, discussing filter wheel 15, with a plurality of filters 19, with one filter opening can have mirror 24), **configured to rotate about a rotational axis that is generally parallel to the optical path** (Inherent: (Id.), the corresponding structure for FP#1, requires an axle parallel

*Ex Parte Reexamination of U.S. 8,482,652*                                    *Part of Paper No. 20240719*
*Non-Final Office Action*

to the beam path to achieve the function, Haenel says the filter can rotate. As shown in Figure 1 above, Figure 2 below the filter wheel has an apparent axle parallel to the beam path 12 where Haenel states C5:L39 - 47, C6:L31 - 38, and C7:L36 - 47, the wheel rotates.  Accordingly, inherently showing an axle allowing rotation about an axis parallel to beam path.**); and a**

**reflector carried by the filter assembly** (Corresponding structure for FP#1.  (Id.) As shown in Figure 1 above, Haenel states C5:L39 - 47, C6:L31 - 38, and C7:L36 - 47, filter assembly has a mirror (24) assembly (23) attached to the wheel 15.),



- Haenel, Figure 2.

**wherein the filter assembly is configured to move the reflector between first and second positions** (Corresponding structure for FP#1. See Haenel, C5:L56 - 59, C6:L6 - 39, and C6:L48 - 57 discussing the reflecting mirror 24 is in first outside beam path 12, then second inside beam path 12 if the wheel 15 is rotated into that position.)**, and wherein in the first position the reflector is at least partially aligned with the optical path and reflects at least a portion of the light toward an input different than the image sensor** (Corresponding structure for FP#1. Haenel, Id. and C5:L56 - 67 the mirror 24 produces ancillary beam path 25 into a sensor 30 thus different input then the sensor 7 or 32)**, and in the second position the reflector is positioned**

Control Number: 90/019,327                                                          Page 24
Art Unit: 3992

**outside of the optical path.** (See Haenel, C5:L56 - 67, C6:L6 - 39, and C6:L48 - 57 discussing the reflecting mirror 24 is in beam path 12 if the wheel 15 is rotated into that position.).

2.    Regarding claim 18: Haenel teaches **a method of acquiring optical data with an imaging device** (Haenel Figure 1 above, and C4:L57 - 68, discussing a camera, with front wall 16, lens 20 connected to front wall by connector 17) **having a filter assembly** (Filter Wheel 15, Filter 19, Mount 23, Mirror 24, Figure 1.) **positioned along an optical axis between a lens and an imaging sensor** (Haenel, C5:L39 - 43 and C6:L31 - 38, discussing that spindle 6, can be turned to move, with stepper motor 10, the sensors 7, 32 into beam path 12.), **the method comprising: selectively moving the filter assembly to move a reflector carried by the filter assembly between a first position and a second position aligned with the optical axis extending between the lens and the imaging sensor** (See Haenel, C5:L56 - 59, C6:L6 - 39, and C6:L48 - 57 discussing the reflecting mirror 24 is in first outside beam path 12, then second inside beam path 12 if the wheel 15 is rotated into that position.), **wherein selectively moving the filter assembly comprises rotating a filter wheel about a rotational axis that is generally parallel with the optical axis** (Inherent: (Id.) Haenel says the filter can rotate. As shown in Figure 1 above, Figure 2 above the filter wheel has an apparent axle parallel to the beam path 12 where Haenel states C5:L39 - 47, C6:L31 - 38, and C7:L36 - 47, the wheel rotates. Accordingly, inherently showing a rotation around an axis parallel to beam path.); **reflecting at least a portion of light transmitted along the optical axis when the reflector is aligned with the optical axis; and collecting at least a portion of the reflected light with an optical input** (Haenel, (Id.) and C5:L56 - 67 the mirror 24 produces ancillary beam path 25 into a sensor 30 thus different input then the sensor 7 or 32).

3.      Regarding claim 2:  Haenel teaches the imaging device of claim 1, further comprising **a filter carried by the filter wheel, wherein the filter wheel is configured to move the filter between filtering and non-filtering positions, wherein in the filtering position the filter is at least partially aligned with the optical path and filters at least a portion of the light, and in the non-filtering position the filter is positioned out of alignment with the optical path** (See Haenel, Figure 1 above, and  Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in an out of the beam path.).

4.      Regarding claim 3: Haenel teaches the imaging device of claim 2 **wherein the reflector is in the second position when the filter is in the filtering position** (See Haenel, Figure 1 above, and Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in the beam path, first position, and the reflector is out of the beam, i.e., a second position.).

5.      Regarding claim 7: Haenel teaches the imaging device of claim 1 **wherein the reflector comprises a continuous surface mirror** (Claim Interpretation: The word mirror has a plain meaning of a continuous surface, i.e., a polished or smooth surface that reflects. See section entitled 'Sources for Broadest Reasonable Interpretation (BRI)' above. Haenel discloses a mirror C5:L39 - 47, and C6:L31 - 38 and does not indicate it is anything other than a standard mirror. Thus, based upon plain meaning, Haenel is teaching a continuous surface mirror.).

6.      Regarding claim 10: Haenel teaches the imaging device of claim 1 **wherein the filter assembly has a thickness, and wherein the reflector fits within a thickness of the filter assembly** (See corresponding structure for FP#1. Reading upon Haenel Figure 1, the assembly of

the Filter Wheel 15, Filter 19, Mount 23, Mirror 24, Figure 1. Because the mirror with mount is part of the filter assembly, the mirror fits within the thickness of the filter assembly.).

7.    Regarding claim 20: Haenel discloses the method of claim 18 wherein **selectively moving the filter assembly to align the reflector with the optical axis comprises selectively moving the filter assembly to align a mirror with the optical axis** (See Haenel, Figure 1 above, and Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in an out of the beam path.).

8    Regarding claim 23: Haenel discloses the method of 18 further comprising **selectively moving the filter assembly to align a filter with the optical axis, wherein the filter is aligned with the optical axis when the reflector is not aligned with the optical axis** (See Haenel, Figure 1 above, and Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in the beam path, first position, and the reflector is out of the beam, i.e., a second position.).

B)    Claims 1 - 3, 7, 10, 18, 20, and 23 as understood by the Examiner, are *alternatively* rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Haenel et al. (Pat. No. U.S. 4,755,880) in view of Kreysar et al. (Pub. No. U.S. 2007/0177049).[3]

1.    Regarding claims 1 and 18: Haenel discloses imaging device and method of acquiring optical data with an imaging device, discussed above. As noted above it was the Examiner's principal position that Haenel inherently taught **configured to rotate about a**

_____

[3] See MPEP §2112 III expressly authorizing an alternative §103 rejection when inherency is used in the 102 rejection.

Control Number: 90/019,327                                                                    Page 27
Art Unit: 3992

**rotational axis that is generally parallel to the optical path**, as in claim 1, and **rotating a filter wheel about a rotational axis that is generally parallel with the optical axis**, as in claim 18, because Haenel Figure 1, appears to show the filter wheel (15, Figure 1 above) attached to an axle (Annotated by the Examiner Figure 1 above) running parallel to the beam path.

However, the Examiner finds that if **configured to rotate about a rotational axis that is generally parallel to the optical path**, as in claim 1, and **rotating a filter wheel about a rotational axis that is generally parallel with the optical axis**, as in claim 18, is not inherently shown by Haenel, then those features are shown as obvious as taught by Kreysar. Kreysar teaches **configured to rotate about a rotational axis that is generally parallel to the optical path**, as in claim 1, and **rotating a filter wheel about a rotational axis that is generally parallel with the optical axis**, as in claim 18 (See Kreysar Par [0024] and Figure 1A, below, teaching that the filter wheels have the fastener 162 holding the filter wheels 140a, 140b, to rotate around an axis B, that is parallel to the beam path A.).



Fig 1A

-          Kreysar, Pub. No. US 2007/0177049), Figure 1A.

**Teaching-Suggestion**: The Examiner finds that the evidence shows that a person of ordinary would have found it obvious to modify Haenel, as have the features of **configured to rotate about a rotational axis that is generally parallel to the optical path**, as in claim 1, and **rotating a filter wheel about a rotational axis that is generally parallel with the optical axis**, as in claim 18, as taught by Kreysar, because Kreysar shows that features were known in the art by persons skilled in the field of imaging devices and would therefore they would use the features (Kreysar Par [0001] [0002]), Kreysar states that the features are working with a shutter assembly and suggest a need to improve the shutter assembly (Kreysar Par [0004] [0024]), and the Examiner finds the evidence shows that the modification could be made with reasonable expectation of success, because the structure of the modified component, filter wheel 15, Figure 1 and Figure 2 in Haenel, is similar to the structures of the filter wheels 140a and 140b shown in Kreysar Figure 1A above.

**KSR:** Alternatively, and instead of using the teaching-suggestion-motivation test noted in the paragraph directly above the Examiner also finds: **Rationale C.** The proposed modification of Haenel's teaching of a filter wheel with the teachings of Kreysar is supported by KSR 'Rationale D. See MPEP §2143 D. titled <u>"Applying a Known Technique to a Known Device (Method, or Product) Ready for Improvement to Yield Predictable Results.</u> " In other words Haenel shows a base device upon which the claimed invention can be seen as an improvement (Haenel's Filter Wheel 15, Figure 1 above.), and Kreysar shows prior art contained a known technique that is applicable to the base device, i.e., having the wheel rotate on an axis using an axle that is parallel to the image axis (Kreysar, 162, 140a, 140b, Figure 1A above.), and the Examiner finds the evidence shows one of ordinary skill in the art would have recognized that

Control Number: 90/019,327                                                    Page 29
Art Unit: 3992

applying the known technique would have yielded predictable results because the structure of the modified component, filter wheel 15, Figure 1 and Figure 2 in Haenel, is similar to the structures of the filter wheels 140a and 140b shown in Kreysar Figure 1A above.

2.    Regarding claim 2:  Haenel and Kreysar disclose the imaging device of claim 1, further comprising **a filter carried by the filter wheel, wherein the filter wheel is configured to move the filter between filtering and non-filtering positions, wherein in the filtering position the filter is at least partially aligned with the optical path and filters at least a portion of the light, and in the non-filtering position the filter is positioned out of alignment with the optical path** (See Haenel, Figure 1 above, and  Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in an out of the beam path.).

4.    Regarding claim 3: Haenel and Kreysar disclose the imaging device of claim 2 **wherein the reflector is in the second position when the filter is in the filtering position** (See Haenel, Figure 1 above, and Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in the beam path, first position, and the reflector is out of the beam, i.e., a second position.).

5.    Regarding claim 7: Haenel and Kreysar disclose the imaging device of claim 1 **wherein the reflector comprises a continuous surface mirror** (Claim Interpretation: The word mirror has a plain meaning of a continuous surface, i.e., a polished or smooth surface that reflects. See section entitled 'Sources for Broadest Reasonable Interpretation (BRI)' above. Haenel discloses a mirror C5:L39 - 47, and C6:L31 - 38 and does not indicate it is anything other

than a standard mirror. Thus, based upon plain meaning, Haenel is teaching a continuous surface mirror.).

6.    <u>Regarding claim 10</u>: Haenel and Kreysar disclose the imaging device of claim 1 **wherein the filter assembly has a thickness, and wherein the reflector fits within a thickness of the filter assembly** (See corresponding structure for FP#1. Reading upon Haenel Figure 1, the assembly of the Filter Wheel 15, Filter 19, Mount 23, Mirror 24, Figure 1. Because the mirror with mount is part of the filter assembly, the mirror fits within the thickness of the filter assembly.).

7.    <u>Regarding claim 20:</u> Haenel and Kreysar disclose the method of claim 18 wherein **selectively moving the filter assembly to align the reflector with the optical axis comprises selectively moving the filter assembly to align a mirror with the optical axis** (See Haenel, Figure 1 above, and Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in an out of the beam path.).

8    <u>Regarding claim 23:</u> Haenel and Kreysar disclose the method of 18 further comprising **selectively moving the filter assembly to align a filter with the optical axis, wherein the filter is aligned with the optical axis when the reflector is not aligned with the optical axis** (See Haenel, Figure 1 above, and Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in the beam path, first position, and the reflector is out of the beam, i.e., a second position.).

C)    Claims 4 - 6, 8, 9, 19, and 21 are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Haenel et al. (Pat. No. U.S. 4,755,880) in view of Kreysar et al. (Pub. No. U.S.

Control Number: 90/019,327                                                              Page 31
Art Unit: 3992

2007/0177049), and further in view of Dominic et al. (Pub. No. US 2007/0272844) with Pauly (Pat. No. US 4,00,733) and Kawai et al. (Pat. No. US 4,806,724).

1.    Regarding claims 4: Haenel in view of Kreysar disclose the imaging device of claim 1 (See discussion above). However, do not expressly disclose, **wherein the input different than the image sensor comprises an optical input configured to collect at least a portion of the light reflected by the reflector when the reflector is in the first position, and wherein the optical input is configured to transmit the reflected light to a spectrometer**.

Dominic teaches **wherein the input different than the image sensor comprises an optical input configured to collect at least a portion of the light reflected by the reflector when the reflector is in the first position, and wherein the optical input is configured to transmit the reflected light to a spectrometer** ("**Missing Feature**") (See Dominic, Figure 5, item 124, Par [0019] [0023] [0025], discussing the optic fiber 124 receives the reflected light from the mirror 116a in the light path.).

**Teaching-Suggestion**: The Examiner finds that the evidence shows that a person of ordinary would have found it obvious to modify Haenel and Kreysar, and add the Missing Feature, as taught by Dominic, because Dominic shows that features was known in the art by persons skilled in the field of imaging devices and would therefore they would use the features (Dominic Par [0019], discussion above), Dominic states a need to measure light (Dominic Par [0019]), and the Examiner finds the evidence shows that the modification could be made with reasonable expectation of success, because the structure of the modified component, the imaging device Figure 1 in Haenel has an input 27 for receiving light from mirror 24, which is similar to the structures of the imaging device Figure 5 of Dominic where the optical fiber 124 receives light from a mirror 116a.

Control Number: 90/019,327                                                    Page 32
Art Unit: 3992

**KSR:** Alternatively, and instead of using the teaching-suggestion-motivation test noted in the paragraph directly above the Examiner also finds: **Rationale C.** The proposed modification of Haenel and Kreysar teaching of an imaging device is supported by KSR 'Rationale D. See MPEP §2143 D. titled "Applying a Known Technique to a Known Device (Method, or Product) Ready for Improvement to Yield Predictable Results. " In other words Haenel and Kreysar show a base device upon which the claimed invention can be seen as an improvement (Haenel's imaging device with mirror 24 and light pickup 27.), and Dominic shows prior art contained a known technique that is applicable to the base device, i.e., and optical input to receive light from the mirror and send it to a spectrometer (Dominic 124, 116a, Figure 5), and the Examiner finds the evidence shows one of ordinary skill in the art would have recognized that applying the known technique would have yielded predictable results because the structure of the modified component, the imaging device Figure 1 in Haenel has an input 27 for receiving light from mirror 24, which is similar to the structures of the imaging device Figure 5 of Dominic where the optical fiber 124 receives light from a mirror 116a.

**2.** Regarding claims 5 and 6: Haenel, Kreysar, and Dominic teach the imaging device of claim 4 **wherein the optical input is a light pipe or an optical fiber** (See section entitled 'Sources for the Broadest Reasonable Interpretation (BRI)' above, showing an optical fiber and light pipe are the same. Reading upon Dominic, Figure 5, item 124, Par [0019] [0023] [0025], discussing the optic fiber 124 receives the reflected light from the mirror 116a in the light path).

**3.** Regarding claims 8, 9, and 21: Haenel, Kreysar disclose the imaging device of claim 1, and method of claim 18, wherein moving the filter assembly includes a reflector such as a mirror to align with the optical path wherein the mirror type is continuous surface mirror (See

rejection of claim 1 and 18 Haenel discloses a mirror C5:L39 - 47, and C6:L31 - 38 as the reflector. above, rejection of claim 7 above, showing that the meaning mirror is a type that is continuous surface i.e., see section entitled 'Sources for BRI' above in this Office Action.).

Haenel and Kreysar do not expressly disclose wherein the reflector comprises a Fresnel mirror or a diffuser mirror, as in claims 8 and 9, or where selectively moving the filter assembly to align the mirror with the optical axis comprises selectively moving the filter assembly to align a Fresnel mirror within the optical axis, as in claim 21.

However, the Examiner finds the evidence shows that it would be obvious to persons of ordinary skill in the art to choose other types of reflectors such as a Fresnel Mirror or Diffuser Mirror,

**Teaching Suggestion**:  As noted above, Haenel teaches the reflector can be a mirror (C5:L39 - 47, and C6:L31 - 38). Dominic at Par [0023] [0038] suggests that choosing different types of reflectors such as mirror, prism (diffusor), beam splitter, focus (Fresnel), disperse. And, See Pauly at C1:L10 - 20, suggesting that persons in the art would choose a Fresnel mirror to concentrate a beam, and See Kawai at C8:L27 - 41 suggesting that a person in the art would choose a diffuser type mirror could be used to redirect parts of beam along other paths. The Examiner finds that a person in the art could make the substitution with reasonable expectation of success because, the mirror in Haenel is redirecting the beam, and substitution of a Fresnel Mirror or a Diffusor mirror would be performing a similar function of redirecting the beam after the combination.

**KSR:** Alternatively, and instead of using the teaching-suggestion-motivation test noted in the paragraph directly above the Examiner also finds: **Rationale C.**  The proposed modification of Haenel and Kreysar teaching of an imaging device is supported by KSR 'Rationale B. See

MPEP §2143 D. titled "Simple Substitution of One Known Element for Another to Obtain Predictable Results. "  In other words Haenel and Kreysar show a device with a mirror that differs from the claimed device by substitution of a Fresnel Mirror or Diffusor Mirror (Haenel C5:L39 - 47, and C6:L31 - 38),  Dominic shows that the prism (diffusor), focus (Fresnel) where known (Par [0023] [0032]), and one skilled in the art could have made the substitution and the results would have been predicable, i.e. focusing the beam as shown by Pauly at C1:L10 - 20, using a Fresnel mirror to concentrate a beam, and or redirecting the beam as shown by Kawai at C8:L27 - 41 showing a diffuser type mirror could be used to redirect parts of beam along other paths.

**4.** <u>Regarding claims 19</u>:  Haenel, Kreysar, do not expressly disclose **the method of claim 18, further comprising transmitting at least a portion of the reflected light from the optical input to a spectrometer**.

Dominic teaches **transmitting at least a portion of the reflected light from the optical input to a spectrometer**. ("**Missing Feature**") (See Dominic, Figure 5, item 124, Par [0019] [0023] [0025], discussing the optic fiber 124 receives the reflected light from the mirror 116a in the light path, and sends it to detector 104, which in Par [0019] Dominic discusses can be a spectrometer.).

**Teaching-Suggestion**: The Examiner finds that the evidence shows that a person of ordinary would have found it obvious to modify Haenel and Kreysar, and add the Missing Feature, as taught by Dominic, because Dominic shows that features was known in the art by persons skilled in the field of imaging devices and would therefore they would use the features (Dominic Par [0019], discussion above), Dominic states a need to measure light (Dominic Par

Control Number: 90/019,327                                                      Page 35
Art Unit: 3992

[0019]), and the Examiner finds the evidence shows that the modification could be made with reasonable expectation of success, because the structure of the modified component, the imaging device Figure 1 in Haenel has an input 27 for receiving light from mirror 24, which is similar to the structures of the imaging device Figure 5 of Dominic where the optical fiber 124 receives light from a mirror 116a.

**KSR:** Alternatively, and instead of using the teaching-suggestion-motivation test noted in the paragraph directly above the Examiner also finds: **Rationale C.** The proposed modification of Haenel and Kreysar teaching of an imaging device is supported by KSR 'Rationale D. See MPEP §2143 D. titled "Applying a Known Technique to a Known Device (Method, or Product) Ready for Improvement to Yield Predictable Results." "  In other words Haenel and Kreysar show a base device upon which the claimed invention can be seen as an improvement (Haenel's imaging device with mirror 24 and light pickup 27.), and Dominic shows prior art contained a known technique that is applicable to the base device, i.e., and optical input to receive light from the mirror and send it to a spectrometer (Dominic 124, 116a, Figure 5), and the Examiner finds the evidence shows one of ordinary skill in the art would have recognized that applying the known technique would have yielded predictable results because the structure of the modified component, the imaging device Figure 1 in Haenel has an input 27 for receiving light from mirror 24, which is similar to the structures of the imaging device Figure 5 of Dominic where the optical fiber 124 receives light from a mirror 116a.

D)      Claims 13, and 15 - 17 are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Haenel et al. (Pat. No. U.S. 4,755,880) in view of Kreysar et al. (Pub. No. U.S.

Control Number: 90/019,327                                                                      Page 36
Art Unit: 3992

2007/0177049) and Dominic et al. (Pub. No. US 2007/0272844) with Pauly (Pat. No. US 4,00,733) to support motivation and Kawai et al. (Pat. No. US 4,806,724) to support motivation.

1.    <u>Regarding claim 13:</u> Haenel teaches **a digital imaging system, comprising:**

**a digital camera including a body** (Haenel Figure 1 below, and C4:L57 - 68, discussing a camera, with front wall 16, lens 20 connected to front wall by connector 17.),



-    Haenel, Pat. No. U.S. 4,755,880, Figure, annotated by Examiner.

**a lens** (20) **carried by the body, wherein the lens allows light to enter the body** (12, Figure 1) (Haenel, C4:L57 - 68 and C6:L31 - 38, C6:L48 - 57, discussing the camera lens 20.)**; an image sensor** (7 and 32, Figure 1) **carried by the body, wherein the image sensor detects at least a portion of the light that enters the body** (Haenel, C4:L62 - 68, C5:L11 - 34, C7:L24 - 27,  )**; a filter wheel movably positioned in the body between the lens and the image sensor** (See corresponding structure for FP#3. Reading upon, Haenel, Filter Wheel 15, Mount 23, Mirror 24, Figure 1, positioned between Lens 20 and Sensor 7, and am apparent axel, annotated by the Examiner if Figure 1 above.  See Haenel, C5:L39 - 43 and C6:L31 - 38, discussing that spindle

Control Number: 90/019,327                                                                 Page 37
Art Unit: 3992

6, can be turned to move, with stepper motor 10, the sensors 7, 32 into beam path 12. Reading upon Haenel, item 15, Figure 1 above, Haenel, C5:L39 - 47, C9:L56 - 59, C6:L31 - 39, and C6:L48 - 57, discussing filter wheel 15, with a plurality of filters 19, with one filter opening can have mirror 24), **wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor** (Inherent: (Id.), the corresponding structure for FP#3, requires an axle parallel to the beam path to achieve the function, Haenel says the filter can rotate. As shown in Figure 1 above, Figure 2 below the filter wheel has an apparent axle parallel to the beam path 12 where Haenel states C5:L39 - 47, C6:L31 - 38, and C7:L36 - 47, the wheel rotates. Accordingly, inherently showing an axle allowing rotation about an axis parallel to beam path.).

However, the Examiner finds that if **wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor**, as in claim 13, is not inherently shown by Haenel, then those features are shown as obvious as taught by Kreysar. Kreysar teaches **wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor**, as in claim 13 (See Kreysar Par [0024] and Figure 1A, below, teaching that the filter wheels have the fastener 162 holding the filter wheels 140a, 140b, to rotate around an axis B, that is parallel to the beam path A.).

*Ex Parte Reexamination of U.S. 8,482,652*                                    *Part of Paper No. 20240719*
*Non-Final Office Action*

Control Number: 90/019,327

Page 38

Art Unit: 3992



**Fig 1A**

- Kreysar, Pub. No. US 2007/0177049), Figure 1A.

**Teaching-Suggestion**: The Examiner finds that the evidence shows that a person of ordinary would have found it obvious to modify Haenel, as have the features of **wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor**, as taught by Kreysar, because Kreysar shows that features were known in the art by persons skilled in the field of imaging devices and would therefore they would use the features (Kreysar Par [0001] [0002]), Kreysar states that the features are working with a shutter assembly and suggest a need to improve the shutter assembly (Kreysar Par [0004] [0024]), and the Examiner finds the evidence shows that the modification could be made with reasonable expectation of success, because the structure of the modified component, filter wheel 15, Figure 1 and Figure 2 in Haenel, is similar to the structures of the filter wheels 140a and 140b shown in Kreysar Figure 1A above.

**KSR:** Alternatively, and instead of using the teaching-suggestion-motivation test noted in the paragraph directly above the Examiner also finds: **Rationale C.** The proposed modification of Haenel's teaching of a filter wheel with the teachings of Kreysar is supported by KSR 'Rationale D. See MPEP §2143 D. titled "Applying a Known Technique to a Known Device (Method, or Product) Ready for Improvement to Yield Predictable Results." " In other words Haenel shows a base device upon which the claimed invention can be seen as an improvement (Haenel's Filter Wheel 15, Figure 1 above.), and Kreysar shows prior art contained a known technique that is applicable to the base device, i.e., having the wheel rotate on an axis using an axle that is parallel to the image axis (Kreysar, 162, 140a, 140b, Figure 1A above.), and the Examiner finds the evidence shows one of ordinary skill in the art would have recognized that applying the known technique would have yielded predictable results because the structure of the modified component, filter wheel 15, Figure 1 and Figure 2 in Haenel, is similar to the structures of the filter wheels 140a and 140b shown in Kreysar Figure 1A above.

Haenel as modified by Kreysar further discloses **a filter carried by the filter wheel**;

**a reflector carried by the filter wheel,** (Corresponding structure for FP#3. (Id.) As shown in Haenel Figure 2 below, and discussed in Haenel C5:L39 - 59, C6:L31 - 38, and C7:L36 - 47, filter wheel has a plurality of filters 19, and can have a mirror (24) attached to the wheel 15 in one of the filter openings for filter 19.),

Control Number: 90/019,327                                      Page 40
Art Unit: 3992



-        Haenel, Figure 2.

**wherein the filter wheel is configured to selectively position one of the filters and the reflector between the lens and the image sensor** (See Corresponding structure for FP#3. See Haenel, C5:L38 - 59, C6:L6 - 39, and C6:L48 - 57 discussing the that the position of the filter can be pivoted inside the beam path, and the position of the mirror 24 can be inside the beam path or outside the beam path when the wheel 15 is rotated.).

Haenel as modified by Kreysar disclose the Mirror 24 is reflecting the beam into optical lens 26 (Haenel C5:L64 - 67). However, do not expressly disclose, **an optical input configured to receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor; and a spectrometer coupled to the optical input**.

Dominic teaches **an optical input configured to receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor; and a spectrometer coupled to the optical input**. ("**Missing Feature**") (See Dominic, Figure 5, item 124, Par [0019] [0023] [0025], discussing the optic fiber 124 receives the reflected light from the mirror 116a in the light

path, sending the light to a detector 104, where in Par [0019] Dominic says the detector can be a spectrometer.).

**Teaching-Suggestion**: The Examiner finds that the evidence shows that a person of ordinary would have found it obvious to modify Haenel and Kreysar, and add the Missing Feature, as taught by Dominic, because Dominic shows that features was known in the art by persons skilled in the field of imaging devices and would therefore they would use the features (Dominic Par [0019], discussion above), Dominic states a need to measure light (Dominic Par [0019]), and the Examiner finds the evidence shows that the modification could be made with reasonable expectation of success, because the structure of the modified component, the imaging device Figure 1 in Haenel has an input 27 for receiving light from mirror 24, which is similar to the structures of the imaging device Figure 5 of Dominic where the optical fiber 124 receives light from a mirror 116a.

**KSR:** Alternatively, and instead of using the teaching-suggestion-motivation test noted in the paragraph directly above the Examiner also finds: **Rationale C.** The proposed modification of Haenel and Kreysar teaching of an imaging device is supported by KSR 'Rationale D. See MPEP §2143 D. titled <u>"Applying a Known Technique to a Known Device (Method, or Product) Ready for Improvement to Yield Predictable Results.</u> " In other words Haenel and Kreysar show a base device upon which the claimed invention can be seen as an improvement (Haenel's imaging device with mirror 24 and light pickup 27.), and Dominic shows prior art contained a known technique that is applicable to the base device, i.e., and optical input to receive light from the mirror and send it to a spectrometer (Dominic 124, 116a, Figure 5), and the Examiner finds the evidence shows one of ordinary skill in the art would have recognized that applying the known technique would have yielded predictable results because the structure of the modified

component, the imaging device Figure 1 in Haenel has an input 27 for receiving light from mirror 24, which is similar to the structures of the imaging device Figure 5 of Dominic where the optical fiber 124 receives light from a mirror 116a.

2.    Regarding claim 15: Haenel, Kreysar, and Dominic disclose the system of claim 13, **wherein the reflector is a mirror** (See Haenel, Figure 1 above, and Figure 2 above, C5:L39 - 47, and C6:L31 - 38, discussing the filters 19, are pivoted into beam path to filter the beam, and one filter can be replaced by the mirror. Thus, a filter in the beam path, first position, and the reflector is out of the beam, i.e., a second position. See also Dominic, Par [0023] discussing mirror 116a.).

3.    Regarding claim 16: Haenel, Kreysar disclose the system of claim 15, the reflector is a mirror (See rejection of claim 13 Haenel discloses a mirror C5:L39 - 47, and C6:L31 - 38 as the reflector. above, rejection of claim 7 above, showing that the meaning mirror is a type that is continuous surface i.e., see section entitled 'Sources for BRI' above in this Office Action.).

Haenel and Kreysar do not expressly disclose wherein the mirror comprises a Fresnel mirror

However, the Examiner finds the evidence shows that it would be obvious to persons of ordinary skill in the art to choose other types of reflectors such as a Fresnel Mirror.

**Teaching Suggestion**:  As noted above, Haenel teaches the reflector can be a mirror (C5:L39 - 47, and C6:L31 - 38). Dominic at Par [0023] [0038] suggests that choosing different types of reflectors such as mirror, prism (diffusor), beam splitter, focus (Fresnel), disperse. And, See Pauly at C1:L10 - 20, suggesting that persons in the art would choose a Fresnel mirror to concentrate a beam, The Examiner finds that a person in the art could make the substitution with

reasonable expectation of success because, the mirror in Haenel is redirecting the beam, and substitution of a Fresnel Mirror would be performing a similar function of redirecting the beam after the combination.

**KSR:** Alternatively, and instead of using the teaching-suggestion-motivation test noted in the paragraph directly above the Examiner also finds: **Rationale C.** The proposed modification of Haenel and Kreysar teaching of an imaging device is supported by KSR 'Rationale B. See MPEP §2143 D. titled "Simple Substitution of One Known Element for Another to Obtain Predictable Results. " In other words Haenel and Kreysar show a device with a mirror that differs from the claimed device by substitution of a Fresnel Mirror (Haenel C5:L39 - 47, and C6:L31 - 38), Dominic shows that the focus (Fresnel) was known (Par [0023] [0032]), and one skilled in the art could have made the substitution and the results would have been predicable, i.e. focusing the beam as shown by Pauly at C1:L10 - 20, using a Fresnel mirror to concentrate a beam, could be used to redirect parts of beam along other paths.

**4.**      <u>Regarding claim 17:</u> Haenel and Kreysar disclose the digital camera the system of claim 13 as modified by Dominic to include a spectrometer, as discussed above. Dominic further discloses the system of claim 13 **wherein the spectrometer is integral with the digital camera** (See Dominic Par [0019] discussing that the spectrometer is integral with the colorimeter.).

## VII. Claims Patentable and/or Confirmed

Claims 11, 12, 14, and 22 are confirmed as patentable over the prior art. The prior art of record fails to teach "*wherein the reflector is a first mirror, and wherein the imaging device further comprises a second mirror positioned outside of the optical path and a third mirror positioned outside of the optical path, wherein when the first mirror is in the first position the first mirror reflects at least a portion of the light to the second mirror, and the second mirror*

Control Number: 90/019,327                                                    Page 44
Art Unit: 3992

*reflects at least a portion of the light to the third mirror*," as in claim 11, and similarly in claims 14, and 22.

As noted above, Haenel as modified by Kreysar and Dominic teaches an imaging device and system above, where Haenel Figure 1, above, shows a first mirror 24 that reflects light to a second mirror 27, that allows a user to observe through view finder 30. Dominic showed that it would be obvious to have the light fed from the mirror into an optical input 124, Dominic Figure 5.

Schiff U.S. 4,673,269, of record in the file, does show an optical system with three mirrors, as required by claims 11, 14, and 22, are known by persons of ordinary skill in the art. However, the Examiner finds that a person of ordinary skill in the art would not find it obvious to include a third mirror as taught by Schiff, into the invention of Haenel as modified by Kreysar and Dominic because although Schiff shows the technical feature is known, there is no reason to add the second and third mirrors of Schiff to the invention of Haenel in view of Kreysar and Dominic. For example, the structures of the imaging device Figure 1 of Schiff causing the need for the third mirror are much different than that of Haenel Figure 1. In other words, other pieces in Schiff would need to be added to the combination to create a need for the third mirror. Accordingly, a person in the art would not see simply adding the third mirror to the modified invention of Haenel above, as obvious.

Accordingly, claims 11, 14, and 22, are confirmed as patentable.

Claim 12 depends from claim 11, and is confirmed as patentable based upon dependency.

## VIII. Conclusion and Correspondence Information

Based upon the reasoning above, claims 1-10, 13, 15 - 21, and 23 are rejected under § 102 and or §103, and claims 11, 12, 14, and 22 are confirmed as patentable.

Control Number: 90/019,327                                                              Page 45
Art Unit: 3992

Extensions of time under 37 C.F.R. § 1.136(a) will not be permitted in these proceedings because the provisions of 37 C.F.R. § 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.

Additionally, 35 U.S.C. 305 requires that Ex Parte reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).

Extensions of time in *Ex Parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705, or the Examiner can be reached directly at (571) 272-7876.

/NICK CORSARO/
Primary Examiner, Art Unit 3992

Conferees:

/Eric B. Kiss/
Patent Reexam Specialist, Art Unit 3992

/ANDREW J. FISCHER/
Supervisory Patent Reexamination Specialist, Art Unit 3992

Docket No.: 077433.0011
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re *Ex Parte* Reexamination of:

U.S. Patent No. 8,482,652

Control No.:      90/019,327                    Confirmation No.: 4375

Filed: December 9, 2023                         Art Unit: 3992

For:  IMAGING DEVICES WITH COMPONENTS          Examiner: Nick Corsaro
      FOR REFLECTING OPTICAL DATA AND
      ASSOCIATED METHODS OF USE AND
      MANUFACTURE

## AMENDMENT AND RESPONSE TO
## OFFICE ACTION IN *EX-PARTE* REEXAMINATION

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Commissioner:

In response to the Non-Final Office Action mailed August 8, 2024, in the above-referenced *Ex Parte* Reexamination of U.S. Patent No. 8,482,652, please amend the patent as follows:

**Amendments to the Claims** begin on page 2 of this paper; and

**Remarks/Arguments** begin on page 17 of this paper.

-1-

077433.0011\168699593.1

**Page 441 of 565**

Application No.: 90/019,327                                           Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

## AMENDMENTS TO THE CLAIMS

Please amend claims 1–4, 7, 8, 10, 11, and 18–23; cancel claim 9; and add new claims 24–69. Following is a complete listing of the claims currently pending in this application, as amended:

1.    (Currently Amended) An imaging device, comprising:

a lens configured to introduce light into the imaging device along an optical path;

an image sensor spaced apart from the lens and configured to receive at least [a portion]part of the light along the optical path;

a first filter [assembly]wheel and a second filter wheel different from the first filter wheel, wherein the first and second filter wheels are positioned between the lens and the image sensor, [wherein the filter assembly comprises a filter wheel]and wherein each of the first and second filter wheels is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and

a [reflector]mirror carried by the second filter [assembly]wheel, wherein the second filter [assembly]wheel is configured to move the [reflector]mirror between first and second positions,[and]

wherein, in the first position, the [reflector]mirror (a) is positioned between the first filter wheel and the image sensor, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light, and

wherein, in the second position, the [reflector]mirror is positioned outside of the optical path.

2.    (Currently Amended) The imaging device of claim 1[,] wherein the portion of the light is a first portion of the light, and wherein the imaging device further comprises[ing] a filter carried by the second filter wheel, and wherein:

the second filter wheel is configured to move the filter between filtering and non-filtering positions,

wherein, in the filtering position, the filter is at least partially aligned with the optical path and filters at least a second portion of the light, and

-2-

Application No.: 90/019,327                                                                    Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

wherein in the non-filtering position, the filter is positioned out of alignment with the optical path.

3.    (Currently Amended) The imaging device of claim 2 wherein the [reflector]mirror is in the second position when the filter is in the filtering position.

4.    (Currently Amended) The imaging device of claim 1[,] wherein the portion of the light is a first portion of the light, and wherein the imaging device further comprises[ing] an optical input configured to collect at least part of a[the first] portion of the light reflected by the [reflector]mirror when the [reflector]mirror is in the first position, and further wherein the optical input is configured to transmit the part of the reflected light to a spectrometer.

5.    (Original) The imaging device of claim 4 wherein the optical input is a light pipe.

6.    (Original) The imaging device of claim 4 wherein the optical input is an optical fiber.

7.    (Currently Amended) The imaging device of claim 1 wherein the [reflector]mirror comprises a continuous surface mirror.

8.    (Currently Amended) The imaging device of claim 1 wherein the [reflector]mirror comprises a Fresnel mirror.

9.    (Cancelled)

10.    (Currently Amended) The imaging device of claim 1 wherein the second filter [assembly]wheel has a thickness, and wherein the [reflector]mirror fully fits within a[the] thickness of the second filter [assembly]wheel.

077433.0011\168699593.1

Application No.: 90/019,327                                        Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

11.    (Currently Amended) The imaging device of claim 1 wherein the [reflector]mirror is a first mirror, andwherein the imaging device further comprises a second mirror positioned outside of the optical path and a third mirror positioned outside of the optical path, and further wherein, when the first mirror is in the first position, the first mirror reflects at least [a]the portion of the light to the second mirror, and the second mirror reflects at least [a]the portion of the light to the third mirror.

12.    (Original) The imaging device of claim 11 wherein each of the first, second, and third mirrors is independently adjustable within the imaging device.

13.    (Original) A digital imaging system, comprising:

a digital camera including—

    a body;

    a lens carried by the body, wherein the lens allows light to enter the body;

    an image sensor carried by the body, wherein the image sensor detects at least a portion of the light that enters the body;

    a filter wheel movably positioned in the body between the lens and the image sensor, wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor;

    a filter carried by the filter wheel;

    a reflector carried by the filter wheel, wherein the filter wheel is configured to selectively position one of the filter and the reflector between the lens and the image sensor; and

    an optical input configured to receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor; and

a spectrometer coupled to the optical input.

14.    (Original) The system of claim 13 wherein the reflector is a first mirror, and wherein the system further comprises second and third mirrors carried by the body, and wherein

Application No.: 90/019,327

Response to Office Action dated August 8, 2024

Docket No.: 077433.0011

when the first mirror is positioned between the lens and the imaging sensor the first mirror reflects light to the second mirror, the second mirror reflects light from the first mirror to the third mirror, and the third mirror reflects light from the second mirror to the optical input.

15.    (Original) The system of claim 13 wherein the reflector is a mirror.

16.    (Original) The system of claim 15 wherein the mirror is a Fresnel mirror.

17.    (Original) The system of claim 13 wherein the spectrometer is integral with the digital camera.

18.    (Currently Amended) A method of acquiring optical data with an imaging device having a first filter [assembly]wheel and a second filter wheel positioned along an optical axis between a lens and an imaging sensor, the method comprising:

  selectively moving the first filter [assembly]wheel to align a [reflector]mirror with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the first filter [assembly]wheel comprises rotating [a]the first filter wheel about a rotational axis that is generally parallel with the optical axis such that the mirror is aligned with the optical axis at a location between (i) the image sensor and (ii) the second filter wheel;

  reflecting at least a portion of light transmitted along the optical axis when the [reflector]mirror is aligned with the optical axis; and

  collecting at least a portion of the reflected light with an optical input.

19.    (Currently Amended) The method of claim 18, further comprising transmitting at least [a]the portion of the reflected light from the optical input to a spectrometer.

20.    (Currently Amended) The method of claim 18 wherein selectively moving the first filter [assembly]wheel to align the [reflector]mirror with the optical axis comprises selectively moving the first filter [assembly]wheel to align a continuous surface mirror with the optical axis.

-5-

Application No.: 90/019,327

Response to Office Action dated August 8, 2024

Docket No.: 077433.0011

21.    (Currently Amended) The method of claim 18 wherein selectively moving the first filter [assembly]wheel to align the mirror with the optical axis comprises selectively moving the first filter [assembly]wheel to align a Fresnel mirror with the optical axis.

22.    (Currently Amended) The method of claim 18 wherein the [reflector]mirror is a first mirror, and wherein reflecting at least a portion of the light comprises:

reflecting at least [a]the portion of the light from the first mirror to a second mirror, and

reflecting at least [a]the portion of the light from the second mirror to a third mirror, wherein the second and third mirrors are not aligned with the optical axis.

23.    (Currently Amended) The method of 18, further comprising selectively moving the first filter [assembly]wheel to align a filter with the optical axis, wherein the filter is aligned with the optical axis when the [reflector]mirror is not aligned with the optical axis.

24.    (New) The method of claim 18, further comprising selectively moving the first filter wheel to align a filter with the optical axis.

25.    (New) The method of claim 18, further comprising selectively moving the second filter wheel to align a filter with the optical axis.

26.    (New) The method of claim 25 wherein selectively moving the second filter wheel comprises rotating the second filter wheel about a corresponding rotational axis that is generally parallel with the optical axis.

27.    (New) The method of claim 18 wherein selectively moving the first filter wheel comprises rotating the first filter wheel along a plane that is generally orthogonal to the rotational axis.

Application No.: 90/019,327                                                                Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

28.    (New) The imaging device of claim 1, further comprising a filter carried by the first filter wheel, wherein the first filter wheel is configured to rotate about its corresponding rotational axis to selectively move the filter into the optical path.

29.    (New) The imaging device of claim 1, further comprising a filter carried by the second filter wheel, wherein the second filter wheel is configured to rotate about its corresponding rotational axis to selectively move the filter into the optical path.

30.    (New) The imaging device of claim 1 wherein the second filter wheel has a thickness, and wherein the mirror is carried by the filter wheel such that a portion of the mirror is positioned outside of the thickness.

31.    (New) The imaging device of claim 30 wherein the portion of the mirror is a first portion, and wherein the mirror is carried by the filter wheel such that a second portion of the mirror is positioned within the thickness.

32.    (New) The imaging device of claim 1 wherein the mirror is carried by the second filter wheel such that an angle of the mirror with respect to the second filter wheel is adjustable.

33.    (New) The imaging device of claim 1 wherein the corresponding rotational axis for the first filter wheel and the corresponding rotational axis for the second filter wheel are generally orthogonal to a plane along which the second filter wheel rotates to move the mirror between the first and second positions.

34.    (New) The digital imaging system of claim 13 wherein the reflector is a mirror and the filter wheel is a first filter wheel, and wherein the digital camera further comprises:
    a second filter wheel different from the first filter wheel,
    wherein the first filter wheel is configured to selectively position one of the filter and the
        mirror between the second filter wheel and the image sensor.

-7-

Application No.: 90/019,327                                                    Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

35.    (New) The digital imaging system of claim 34 wherein the second filter wheel is configured to rotate about a corresponding rotational axis that is generally parallel with the optical path.

36.    (New) The digital imaging system of claim 13 wherein the reflector is a mirror and the filter wheel is a first filter wheel, and wherein the digital camera further comprises:
    a second filter wheel different from the first filter wheel,
    wherein the first filter wheel is configured to selectively position one of the filter and the
        mirror between the lens and the second filter wheel.

37.    (New) The digital imaging system of claim 13 wherein the filter wheel has a thickness, and wherein the reflector, when carried by the filter wheel, fully fits within the thickness.

38.    (New) The digital imaging system of claim 13 wherein the filter wheel has a thickness, and wherein the reflector is carried by the filter wheel such that a portion of the reflector is positioned outside of the thickness.

39.    (New) The digital imaging system of claim 37 wherein the portion of the reflector is a first portion, and wherein the reflector is carried by the filter wheel such that a second portion of the reflector is positioned within the thickness.

40.    (New) The digital imaging system of claim 13 wherein the reflector is carried by the filter wheel such that an angle of the reflector with respect to the filter wheel is adjustable.

41.    (New) An imaging device, comprising:
    a lens configured to introduce light into the imaging device along an optical path;
    an image sensor spaced apart from the lens and configured to receive at least part of the
        light along the optical path;
    a first filter wheel and a second filter wheel different from the first filter wheel, wherein
        each of the first filter wheel and the second filter wheel (a) is positioned between

-8-

077433.0011\168699593.1

Application No.: 90/019,327                                                            Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

the lens and the image sensor, and (b) is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and

a mirror carried by the first filter wheel such that an angle of the mirror with respect to the first filter wheel is adjustable, wherein the first filter wheel is configured to move the mirror between first and second positions, and wherein—

in the first position, the mirror (a) is positioned between the lens and the second filter wheel, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light, and

in the second position, the mirror is positioned outside of the optical path.

42.    (New) The imaging device of claim 41 wherein the first filter wheel has a thickness, and wherein the mirror, when carried by the first filter wheel, fully fits within the thickness.

43.    (New) The imaging device of claim 41 wherein the first filter wheel has a thickness, and wherein the mirror is carried by the filter wheel such that a portion of the mirror is positioned outside of the thickness.

44.    (New) The imaging device of claim 43 wherein the portion of the mirror is a first portion, and wherein the mirror is carried by the filter wheel such that a second portion of the mirror is positioned within the thickness.

45.    (New) The imaging device of claim 41 wherein the corresponding rotational axis for the first filter wheel and the corresponding rotational axis for the second filter wheel are generally orthogonal to a plane along which the first filter wheel rotates to move the mirror between the first and second positions.

-9-

077433.0011\168699593.1

Application No.: 90/019,327

Docket No.: 077433.0011

Response to Office Action dated August 8, 2024

46.    (New) A method of acquiring optical data with an imaging device having a first filter wheel and a second filter wheel positioned along an optical axis between a lens and an imaging sensor, the method comprising:

selectively moving the first filter wheel to align a mirror with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the first filter wheel comprises rotating the first filter wheel about a rotational axis that is generally parallel with the optical axis such that the mirror is aligned with the optical axis at a location between (i) the lens and (ii) the second filter wheel;

reflecting at least a portion of light transmitted along the optical axis when the mirror is aligned with the optical axis;

collecting at least a portion of the reflected light with an optical input;

obtaining a first measurement corresponding to the reflected light collected with the optical input;

selectively moving the first filter wheel to remove the mirror from alignment with the optical axis, wherein selectively moving the first filter wheel comprises rotating the first filter wheel about the rotational axis such that the mirror is out of alignment with the optical axis and such that the light transmitted along the optical axis is received by the imaging sensor;

obtaining, using the imaging sensor, a second measurement corresponding to the light transmitted along the optical axis; and

improving, using the first measurement, accuracy of the second measurement, wherein improving the accuracy of the second measurement includes comparing the second measurement to the first measurement or calibrating the second measurement with the first measurement.

47.    (New) The method of claim 46, further comprising transmitting at least the portion of the reflected light from the optical input to a spectrometer.

48.    (New) The method of claim 46, further comprising selectively moving the first filter wheel to align a filter with the optical axis.

-10-

Application No.: 90/019,327                                                Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

49.     (New) The method of claim 46, further comprising selectively moving the second filter wheel to align a filter with the optical axis.

50.     (New) The method of claim 49 wherein selectively moving the second filter wheel comprises rotating the second filter wheel about a corresponding rotational axis that is generally parallel with the optical axis.

51.     (New) The method of claim 46 wherein selectively moving the first filter wheel comprises rotating the first filter wheel along a plane that is generally orthogonal to the rotational axis.

52.     (New) An imaging device, comprising:

a lens configured to introduce light into the imaging device;

an image sensor spaced apart from the lens and configured to receive, along an optical axis extending between the lens and the image sensor, at least a part of the light introduced into the imaging device via the lens;

a filter assembly positioned between the lens and the image sensor, wherein the filter assembly comprises a filter wheel configured to rotate about a rotational axis that is generally parallel to the optical axis; and

a mirror carried by the filter assembly, wherein the filter assembly is configured to move the mirror (i) separate from the filter wheel and (ii) between first and second positions, and wherein—

in the first position, the mirror (a) is positioned between the filter wheel and the image sensor, (b) is at least partially aligned with the optical axis, and (c) reflects at least a portion of the light, and

in the second position, the mirror is positioned outside of the optical axis.

53.     (New) The imaging device of claim 52 wherein the filter wheel is a first filter wheel, wherein the filter assembly further comprises a second filter wheel different from the first filter wheel and positioned between the first filter wheel and the image sensor, and wherein the mirror is carried by the second filter wheel.

-11-

077433.0011\168699593.1

Application No.: 90/019,327                                                                    Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

54.    (New) The imaging device of claim 53 wherein the second filter wheel rotates about a corresponding rotational axis this is generally parallel to the optical axis.

55.    (New) The imaging device of claim 52 wherein the filter assembly includes a thickness measured in a direction generally parallel to the optical axis, and wherein the mirror is carried by the filter assembly such that the mirror is fully positioned within the thickness of the filter assembly.

56.    (New) The imaging device of claim 52 wherein the filter assembly includes a thickness measured in a direction generally parallel to the optical axis, and wherein the mirror is carried by the filter assembly such that a portion of the mirror is positioned outside of the thickness of the filter assembly.

57.    (New) The imaging device of claim 56 wherein the portion is a first portion, and wherein the mirror is carried by the filter assembly such that a second portion of the mirror is positioned within the thickness of the filter assembly.

58.    (New) The imaging device of claim 52 wherein the filter assembly is configured to move the mirror between the first and second positions along a plane that is generally orthogonal to the rotational axis.

59.    (New) The imaging device of claim 52 wherein the mirror is carried by the filter assembly such that an angle of the mirror with respect to the filter assembly is adjustable.

60.    (New) An imaging device, comprising:
a lens configured to introduce light into the imaging device;
an image sensor spaced apart from the lens and configured to receive, along an optical axis
        extending between the lens and the image sensor, at least a part of the light
        introduced into the imaging device via the lens;
a mirror; and

-12-

Application No.: 90/019,327                                                           Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

a filter assembly positioned between the lens and the image sensor, the filter assembly
including a filter wheel and a mirror support usable to mount the mirror to the filter
wheel,

wherein—

the filter wheel and the mirror support collectively define a thickness measured in
a direction extending generally parallel to the optical axis,

the mirror is mounted to the filter wheel such that the mirror is fully positioned
within the thickness,

the filter assembly is configured to move the mirror between first and second
positions and generally along a plane,

the filter wheel is configured to rotate about a rotational axis that is (a) generally
parallel to the optical axis and (b) generally orthogonal to the plane,

in the first position, the mirror is at least partially aligned with optical axis and
reflects at least a portion of the light introduced into the imaging device via
the lens, and

in the second position, the mirror is positioned out of alignment with the optical
axis.

61.    (New) The imaging device of claim 60 wherein the filter wheel is a first filter wheel,
wherein the filter assembly further comprises a second filter wheel different from the first filter
wheel, and wherein, in the first position, the mirror is positioned between the second filter wheel
and the image sensor.

62.    (New) The imaging device of claim 60 wherein the filter wheel is a first filter wheel,
wherein the filter assembly further comprises a second filter wheel different from the first filter
wheel, and wherein, in the first position, the mirror is positioned between the lens and the second
filter wheel.

63.    (New) The imaging device of claim 60 wherein the mirror is mounted to the filter
wheel such that an angle of the mirror with respect to the filter wheel is adjustable.

-13-

Application No.: 90/019,327                                                    Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

64.     (New) A method of improving accuracy of a measurement of light obtained by an image sensor of an imaging device having a lens, a filter assembly with a filter wheel positioned between the lens and the image sensor, and a mirror other than a beam splitter, the method comprising:

acquiring first optical data corresponding to light (i) introduced into the imaging device via the lens and (ii) traveling along an optical path that is generally parallel to an optical axis extending between the lens and the image sensor, wherein acquiring the first optical data includes—

selectively moving, using a first component of the filter assembly, the mirror into alignment with the optical axis, wherein selectively moving the mirror includes rotating the first component about a first rotational axis that is generally parallel to the optical axis such that (a) at least a portion of the mirror remains positioned within a first plane that is generally perpendicular to the optical axis and the first rotational axis, and (b) the first component remains positioned between the mirror and the image sensor,

reflecting at least a first portion of the light traveling along the optical path when the mirror is aligned with the optical axis,

collecting, based on the first portion of the light reflected by the mirror, a spot sample of the light traveling along the optical path, and

obtaining, using a measurement device, a first measurement corresponding to the spot sample;

acquiring, using the image sensor, the measurement of the light, wherein acquiring the measurement includes—

selectively moving, using the first component, the mirror out of alignment with the optical axis such that the light traveling along the optical path is unobstructed by the mirror,

selectively positioning a filter of the imaging device between the lens and the image sensor, wherein selectively positioning the filter between the lens and the image sensor includes (i) aligning the filter with the optical axis, and (ii) rotating the filter wheel about a second rotational axis that is generally parallel to the optical axis such that (a) at least a portion of the filter remains

-14-

Response to Office Action dated August 8, 2024

within a second plane that is generally perpendicular to the optical axis and the second rotational axis, and (b) the filter wheel remains in an orientation that is generally perpendicular to the optical axis, and

obtaining, using the image sensor, a second measurement of the light traveling along optical path, wherein the second measurement corresponds to a second portion of the light that passes through the filter and is received by the image sensor; and

improving the accuracy of the second measurement using the first measurement.

65.    (New) The method of claim 64 wherein rotating the first component about the first rotational axis includes rotating the first component separate from the filter wheel and such that the filter wheel remains positioned between the lens and the first component.

66.    (New) The method of claim 64 wherein obtaining the first measurement corresponding to the spot sample including obtaining the first measurement using a spectrometer.

67.    (New) The method of claim 64 wherein the first rotational axis and the second rotational axis are a same rotational axis.

68.    (New) The method of claim 18, further comprising:

obtaining a first measurement corresponding to the reflect light collected with the optical input;

selectively moving the first filter wheel to move the mirror out of alignment with the optical axis;

obtaining, using the imaging sensor, a second measurement corresponding to at least a second portion of the light transmitted along the optical axis; and

improving, using the first measurement, accuracy of the second measurement.

-15-

Application No.: 90/019,327                                    Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

69.    (New) The method of claim 68 wherein improving the accuracy of the second measurement using the first measurement includes comparing the second measurement to the first measurement or calibrating the second measurement with the first measurement.

-16-

077433.0011\168699593.1

**Page 456 of 565**

Application No.: 90/019,327                                                Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

## REMARKS/ARGUMENTS

The claims of U.S. Patent No. 8,482,652 ("the '652 Patent") have been carefully reviewed in light of the Office Action mailed August 8, 2024, in the present *Ex Parte* Reexamination of the '652 Patent. As outlined in detail below, Patent Owner respectfully requests allowance of the claims under reexamination and newly added claims in light of the remarks presented herein.

### Status of Claims and Support for Claim Changes (pursuant to 37 C.F.R. § 1.530(e))

Pursuant to 37 C.F.R. § 1.530(e), Patent Owner provides the status of all patent claims and of all newly added claims as of the date of this response:

- Claims 1–8 and 10–23 are pending and subject to reexamination.

- Claims 1–10, 13, 15–21, and 23 stand rejected.

- Claims 11, 12, 14, and 22 are confirmed as patentable.

- Claims 1–4, 7, 8, 10, 11, and 18–23 have been amended herein to further clarify certain features of these claims to expedite prosecution of this *ex parte* reexamination. The foregoing amendments are made without prejudice to or disclaimer of pursuing the subject matter of these claims in unamended or other forms. Furthermore, the amendments to claims 2–4, 7, 8, 11, 19, 21, and 23 are made merely for the sake of consistency with amendments made to corresponding independent base claims 1 and 18, and not for any reasons related to patentability.

- Claim 9 has been cancelled herein without prejudice.

- New claims 24–69 have been added.

Also, pursuant to 37 C.F.R. § 1.530(e), Patent Owner provides the following explanation of support in the disclosure of the '652 Patent for the changes made to the claims and for the newly added claims in the present paper.

| Claim Number | Support in '652 Patent |
|---|---|
| Claim 1 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 5, ll. 38 and 39; and col. 6, ll. 11–18 and 28–37 |
| Claim 2 | Col. 3, ll. 3–8; col. 4, ll. 21–28 and 45–46; col. 6, ll. 11–18; Abstract |
| Claim 3 | Col. 3, ll. 1–8; col. 6, ll. 24–37 |

-17-

077433.0011\168699593.1

Application No.: 90/019,327

Response to Office Action dated August 8, 2024

Docket No.: 077433.0011

| Claim Number | Support in '652 Patent |
|---|---|
| Claim 4 | FIGS. 4–7B; col. 4, ll. 53–57; col. 5, ll. 16–19; col. 6, ll. 19–45; col. 7, ll. 16–19 |
| Claim 7 | FIG. 4; Col. 5, ll. 36–39 |
| Claim 8 | FIG. 6; Col. 5, ll. 36–39 |
| Claim 10 | FIGS. 4 and 6; col. 4, ll. 49–67; col. 5, ll. 39–42 |
| Claim 11 | FIGS. 7A and 7B; col. 6, ll. 19–49 |
| Claim 18 | Abstract; FIGS. 3 and 7A; col. 3, ll. 3–8; col. 4, ll. 24–28, 45–48, 57–60; col. 5, ll. 38 and 39; and col. 6, ll. 11–18 and 28–37 |
| Claim 19 | FIGS. 4–7B; col. 4, ll. 53–57; col. 5, ll. 16–19; col. 6, ll. 19–45; col. 7, ll. 16–19 |
| Claim 20 | FIG. 4; Col. 5, ll. 36–39 |
| Claim 21 | FIG. 6; Col. 5, ll. 36–39 |
| Claim 22 | FIGS. 7A and 7B; col. 6, ll. 19–49 |
| Claim 23 | Col. 3, ll. 1–8; col. 4, ll. 21–28 and 45–46; col. 6, ll. 11–18 and 24–37; Abstract |
| Claim 24 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18; (*see also* original claims 3, 4, 14, and 16 of Patent Owner's originally filed disclosure) |
| Claim 25 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |
| Claim 26 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |
| Claim 27 | FIGS. 3–7B |
| Claim 28 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |

077433.0011\168699593.1

Application No.: 90/019,327                                                Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

| Claim Number | Support in '652 Patent |
|---|---|
| Claim 29 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18; (*see also* original claims 3, 4, 14, and 16 of Patent Owners's originally filed disclosure) |
| Claim 30 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 31 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 32 | Col. 7, ll. 35–53 |
| Claim 33 | FIGS. 3–7B |
| Claim 34 | FIGS. 3–8B; col. 4, ll. 21–28; col. 6, ll. 11–18 and 27–37 |
| Claim 35 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |
| Claim 36 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 and 27–37 |
| Claim 37 | FIGS. 4 and 6; col. 4, ll. 49–67; col. 5, ll. 39–42 |
| Claim 38 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 39 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 40 | Col. 7, ll. 35–53 |
| Claim 41 | FIGS. 3 and 7A; col. 4, ll. 18–28; col. 6, ll. 11–18 and 27–37; col. 7, ll. 35–53 |
| Claim 42 | FIGS. 4 and 6; col. 4, ll. 49–67; col. 5, ll. 39–42 |
| Claim 43 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 44 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 45 | FIGS. 3–7B |
| Claim 46 | FIGS. 3, 4, and 7A; col. 2, ll. 56–62; col. 3, ll. 1–8 and 41–60; col. 4, ll. 21–28 and 49-67; col. 5, ll. 38 and 39; col. 6, ll. 11–18 and 28–37 |

-19-

077433.0011\168699593.1

Application No.: 90/019,327                                              Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

| Claim Number | Support in '652 Patent |
|---|---|
| Claim 47 | Abstract; col. 1, ll. 18–21; col. 2, l. 56 – col. 3, l. 8; col. 4, ll. 32–41; col. 6, ll. 19–27; col. 7, ll. 5–22 |
| Claim 48 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18; (*see also* original claims 3, 4, 14, and 16 of Patent Owner's originally filed disclosure) |
| Claim 49 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |
| Claim 50 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |
| Claim 51 | FIGS. 3–7B |
| Claim 52 | FIGS. 3 and 7A; col. 4, ll. 21–28; and col. 6, ll. 11–18 and 28–37 |
| Claim 53 | FIGS. 3 and 7A; col. 4, ll. 21–28; and col. 6, ll. 11–18 and 28–37 |
| Claim 54 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |
| Claim 55 | FIGS. 4 and 6; col. 4, ll. 49–67; col. 5, ll. 39–42 |
| Claim 56 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 57 | FIGS. 5, 7A, and 8B; col. 5, ll. 19–21 and 25–28 |
| Claim 58 | FIGS. 3–7B |
| Claim 59 | Col. 7, ll. 35–53 |
| Claim 60 | FIGS. 3–7B; col. 4, ll. 49–67; col. 5, ll. 39–42 |
| Claim 61 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 and 28–37 |
| Claim 62 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 and 28–37 |
| Claim 63 | Col. 7, ll. 35–53 |

077433.0011\168699593.1

| Claim Number | Support in '652 Patent |
|---|---|
| Claim 64 | FIGS. 3–7B; col. 1, ll. 53–63; col. 2, ll. 56–62; col. 3, ll. 1–8 and 41–60; col. 4, ll. 21–28 and 49–67; col. 5, ll. 39–42; col. 6, ll. 11–18 and 28–37 |
| Claim 65 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 and 28–37 |
| Claim 66 | Abstract; col. 1, ll. 18–21; col. 2, l. 56 – col. 3, l. 8; col. 4, ll. 32–41; col. 6, ll. 19–27; col. 7, ll. 5–22 |
| Claim 67 | FIGS. 3 and 7A; col. 4, ll. 21–28; col. 6, ll. 11–18 |
| Claim 68 | FIGS. 3, 4, and 7A; col. 2, ll. 56–62; col. 3, ll. 1–8 and 41–60; col. 4, ll. 21–28 and 49-67; col. 5, ll. 38 and 39; col. 6, ll. 11–18 and 28–37 |
| Claim 69 | Col. 3, l. 41 – col. 4, l. 2 |

**Prior/Concurrent Proceedings**

Pursuant to 37 C.F.R. § 1.565(a), the Patent Owner respectfully submits that they are aware of no concurrent proceedings involving the '652 Patent except for the litigation previously identified on page 2 of the Request for *Ex Parte* Reexamination ("the Request"), filed December 9, 2023. In particular, the '652 Patent is the subject of the following litigation: *Radiant Vision Systems, LLC. v. Admesy B.V.*, Case No. 1:21-cv-01115-DAE, which is pending in the United States District Court for the Western District of Texas, Austin Division (W.D. Tex). On March 12, 2024, the Court ordered this case stayed pending the outcome of the present *ex parte* reexamination proceedings.

**Patentability of the Claims**

Patent Owner respectfully requests allowance of the claims under reexamination and newly added claims in light of the remarks and evidence set forth herein.

-21-

Application No.: 90/019,327                                      Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

In the above-referenced Office Action, claims 1–10, 13, 15–21, and 23 were rejected. More specifically:

(A)     Claims 1–3, 7, 10, 18, 20, and 23 stand rejected under 35 U.S.C. § 102(b) over U.S. Patent No. 4,755,880 to Haenel et al. (hereinafter "Haenel");

(B)     Claims 1–3, 7, 10, 18, 20, and 23 stand alternatively rejected under 35 U.S.C. § 103(a) over a combination of Haenel and U.S. Patent Publication No. US 2007/0177049 to Kreysar et al. (hereinafter "Kreysar")[1];

(C)     Claims 4–6, 8, 9, 19, and 21 stand rejected under 35 U.S.C. § 103(a) over a combination of Haenel, Kreysar, U.S. Patent Publication No. US 2007/0272844 to Dominic et al. (hereinafter "Dominic"), U.S. Patent No. 4,000,733 to Pauly (hereinafter "Pauly"), and U.S. Patent No. 4,806,724 to Kawai et al. (hereinafter "Kawai"); and

(D)     Claims 13 and 15–17 stand rejected under 35 U.S.C. § 103(a) over a combination of Haenel, Kreysar, and Dominic[2].

A.      **Response to the Section 102(b) Rejection of Claims 1–3, 7, 10, 18, 20, and 23 (Haenel)**

Claims 1–3, 7, 10, 18, 20, and 23 stand rejected under 35 U.S.C. § 102(b) over Haenel. As noted above, independent claims 1 and 18 have been amended herein to further clarify certain features of these claims. Accordingly, Patent Owner respectfully submits that amended independent claims 1 and 18, and the claims depending therefrom (claims 2, 3, 7, 10, 20, and 23) are patentable over Haenel for at least the reason that the cited portions of this reference fail to disclose or suggest each and every claimed feature.

---

[1] The discussion of Kreysar herein addresses the relevant embodiments disclosed in the specification and figures of Kreysar, and in no way is a characterization or interpretation of the claims of Kreysar. Therefore, the claims of Kreysar are to be interpreted without reference to this paper.

[2] The Office Action indicates that claims 13 and 15–17 are rejected under 35 U.S.C. § 103(a) over the combination of Haenel, Kreysar, Dominic, Pauly, and Kawai. (Office Action, pp. 35-36.) Nevertheless, Patent Owner believes this to be a clerical error for two reasons: (a) neither Pauly nor Kawai are referenced or relied on in the rejection of claims 13 and 15–17 detailed on pp. 36-43 of the Office Action, and (b) the rejection of claims 13 and 15–17, absent a clerical error, would likely have been combined with the rejection of claims 4–6, 8, 9, 19, and 21 under 35 U.S.C. § 103(a) over the same combination of Haenel, Kreysar, Dominic, Paul, and Kawai.

077433.0011\168699593.1

Application No.: 90/019,327                                          Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

For example, the cited portions of Haenel fail to teach or suggest at least the following features of amended independent claim 1 (*emphasis* added):

a first filter wheel and *a second filter wheel different from the first filter wheel*, wherein the first and second filter wheels are positioned between the lens and the image sensor, and wherein each of the first and second filter wheels is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and

*a mirror carried by the second filter wheel*, wherein the second filter wheel is configured to move the mirror between first and second positions,

wherein, in the first position, the mirror (a) is positioned between the first filter wheel and the image sensor, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light[.]

In addition, the relied upon portions of Haenel fail to teach or suggest at least the following features of amended independent claim 18 (*emphasis* added):

A method of acquiring optical data with an imaging device having a first filter wheel and *a second filter wheel* positioned along an optical axis between a lens and an imaging sensor, the method comprising:

selectively moving the first filter wheel to align a mirror with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the first filter wheel comprises rotating the first filter wheel about a rotational axis that is generally parallel with the optical axis *such that the mirror is aligned with the optical axis at a location between (i) the image sensor and (ii) the second filter wheel*[.]

Accordingly, for at least the foregoing reasons, Patent Owner respectfully submits that the Section 102 rejection of independent claims 1 and 18 (and claims 2, 3, 7, 10, 20, and 23 depending therefrom) over Haenel should be withdrawn.

077433.0011\168699593.1

Application No.: 90/019,327
Response to Office Action dated August 8, 2024

Docket No.: 077433.0011

**B.**    **Response to the Section 103(a) Rejection of Claims 1-3, 7, 10, 18, 20 and 23 (Haenel, Kreysar)**

Claims 1–3, 7, 10, 18, 20, and 23 stand rejected under 35 U.S.C. § 103(a) over the combination of Haenel and Kreysar. The Office Action concedes that Haenel may not properly disclose or suggest a component "configured to rotate about a rotational axis that is generally parallel to the optical path" and argues that Haenel's filter wheel 15 inherently has an axis allowing rotation of the filter wheel 15 parallel to the beam path. (Office Action, p. 23.) The Office Action then later notes that this feature may not be inherently disclosed by Haenel, and relies upon Kreysar to disclose (i) a filter wheel "configured to rotate about a corresponding rotational axis that is generally parallel to the optical path" as recited in claim 1, and (ii) "rotating [a] filter wheel about a rotational axis that is generally parallel with the optical axis," as recited in claim 18.

Without commenting on conceding that Kreysar provides the teachings for which it is relied upon, this reference nevertheless fails to cure the deficiencies of Haenel to support a proper rejection of amended independent claims 1 and 18, and the claims depending therefrom (claims 2, 3, 7, 10, 20, and 23).

For example, neither the relied upon portions of Haenel nor the relied upon portions of Kreysar teach or suggest at least the following features of amended independent claim 1 (**emphasis** added):

> a first filter wheel and a second filter wheel different from the first filter wheel, wherein the first and second filter wheels are positioned between the lens and the image sensor, and wherein each of the first and second filter wheels is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and
>
> **a mirror carried by the second filter wheel**, wherein the second filter wheel is configured to move the mirror between first and second positions,
>
> wherein, **in the first position, the mirror (a) is positioned between the first filter wheel and the image sensor**, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light[.]

-24-

Application No.: 90/019,327                                                      Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

In addition, neither the cited portion of Haenel nor the cited portions of Kreysar teach or suggest at least the following features of amended independent claim 18 (***emphasis*** added):

> A method of acquiring optical data with an imaging device having a first filter wheel and a second filter wheel positioned along an optical axis between a lens and an imaging sensor, the method comprising:
>
> selectively moving the first filter wheel to align a mirror with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the first filter wheel comprises rotating the first filter wheel about a rotational axis that is generally parallel with the optical axis ***such that the mirror is aligned with the optical axis at a location between (i) the image sensor and (ii) the second filter wheel***[.]

Accordingly, for at least the foregoing reasons, Patent Owner respectfully submits that the Section 103 rejection of independent claims 1 and 18 (and claims 2, 3, 7, 10, 20, and 23 depending therefrom) over the combination of Haenel and Kreysar should be withdrawn.

### C.    Response to the Section 103(a) Rejection of Claims 4–6, 8, 9, 19 and 21 (Haenel, Kreysar, Dominic, Pauly, Kawai)

Claims 4–6, 8, 9, 19, and 21 stand rejected under 35 U.S.C. § 103(a) over the combination of Haenel, Kreysar, Dominic, Pauly, and Kawai. As discussed above, claim 9 has been cancelled herein without prejudice and without commenting on or conceding the merits of this rejection. Accordingly, Patent Owner respectfully submits that the Section 103 rejection of claim 9 is now moot.

Claims 4–6 and 8 depend from independent claim 1, and claims 19 and 21 depend from independent claim 18. Haenel and Kreysar cannot support a *prima facie* Section 103 rejection of independent claims 1 and 18 for at least the reasons discussed above. Without commenting on or conceding that the cited portions of Dominic, Pauly, and/or Kawai provide the teachings upon which they are relied, the cited portions of these references fail to cure the above-noted deficiencies of Haenel and Kreysar to support a *prima facie* Section 103 rejection of independent claims 1 and 18. Therefore, Patent Owner respectfully submits that dependent claims 4–6, 8, 19, and 21 are

-25-

Application No.: 90/019,327                                              Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

patentable over Haenel and Kreysar in combination with Dominic, Pauly, and/or Kawai for at least the reason that the cited portions of these references, alone or in combination, do not disclose or suggest each and every feature of corresponding independent claims 1 and 18, and for the additional features of these dependent claims. Accordingly, Patent Owner respectfully submits that the Section 103 rejection of claims 4–6, 8, 19, and 21 should be withdrawn.

**D.      Response to the Section 103(a) Rejection of Claims 13 and 15–17 (Haenel, Kreysar, Dominic, Pauly, Kawai)**

Claims 13 and 15–17 stand rejected under 35 U.S.C. § 103(a) over the combination of Haenel, Kreysar, and Dominic. Patent Owner respectfully submits that Haenel, Kreysar, and Dominic cannot support a proper Section 103 rejection of claims 13 and 15–17 for at least the reasons outlined below.

Independent claim 13 is directed to a digital imaging system comprising a digital camera and a spectrometer. The digital camera includes a body, a lens carried by the body, an image sensor carried by the body, and a filter wheel movably positioned in the body between the lens and the image sensor. The lens is configured to allow light to enter the body, and the image sensor detects at least a portion of the light that enters the body. The digital camera further includes a filter, a reflector, and an optical input. The filter and the reflector are each carried by the filter wheel. The filter wheel is configured to (a) rotate within the body about an axis that is generally parallel with an optical path of the light passing from the lens to the image sensor, and (b) selectively position one of the filters and the reflector between the lens and the image sensor. The optical input is coupled to the spectrometer and is configured to receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor.

The Office Action relies on Haenel for allegedly disclosing a majority of the features recited in independent claim 1. (Office Action, pp. 36-37 and 39-40.) Referring to FIG. 1 of Haenel (reproduced below), Haenel is directed to a camera for opto-electronic scanning of a desired scene. (Haenel, Abstract.) The camera includes a line sensor 32, an area sensor 7, and first moving means for displacing the line sensor 32 and the area sensor 7 through a planar image field of the camera. (*Id.*, col. 3, l. 64 – co. 4, l. 5.) During a first time interval, the area sensor 7 is positioned in the

077433.0011\168699593.1

Application No.: 90/019,327                                                                    Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

image field. (*Id.*, col. 4, ll. 9-13.) During a second time interval, the line sensor 32 is positioned to scan the image field. (*Id.*, col. 4, ll. 13-17.) The camera further includes a filter wheel 15 and filters 19 in the filter wheel 15. (*Id.*, col. 5, ll. 39-42.) A first mirror 24 is disposed in a mount 23 fastened to the filter wheel 15. (*Id.*, col. 5, ll. 56-58.)



**Haenel—FIG. 1**

Haenel states that it is "an object of the present invention [is] to design an electronic camera of the type [discussed in the BACKGROUND OF THE INVENTION section of Haenel] for scanning of any desired scene so that view finding or focusing of the scene is simplified." (*Id.*, col. 3, ll. 55-58.) To this end, Haenel states that the camera is preferably equipped with an electronic view finder including another area sensor 30 (also referred to as a "view finder sensor 30") and a monitor. (*Id.*, col. 4, ll. 33-35.) In operation, the first mirror 24 is positioned in a primary beam path 12 to produce an ancillary beam path 25 for the view finder sensor 30, and an image of

-27-

077433.0011\168699593.1

Application No.: 90/019,327                                                                Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

the scene appears on the monitor to allow a user to set brightness and contrast on the monitor to an optimum setting by manual tuning so that even if the scene brightness is unfavorable or the spectral range is visually unfavorable, comfortable observation is assured. (*Id*., col. 7, ll. 4-16.) Accordingly, Haenel teaches that various camera settings, for example, viewing a particular part of a scene, imaging scale, and rough focusing, are made on the basis of this display on the monitor. (*Id*., col. 7, ll. 16-19.)

The Office Action then relies on Kreysar for allegedly teaching "a filter wheel . . . configured to rotate within [a] body about a rotational axis that is generally parallel with an optical path of [] light passing from [a] lens to [an] image sensor," as recited in independent claim 13. (Office Action, pp. 37–39.) Kreysar is generally directed to rotary shutter assemblies for imaging photometers and method for using such shutters. (Kreysar, Abstract.)

After modifying Haenel with Kreysar, the Office Action concedes that "Haenel as modified by Kreysar . . . do[es] not expressly disclose[] an optical input configured to receive at least a portion of [] light reflected from [a] reflector when [a] filter wheel positions the reflector between [a] lens and [an] image sensor; and a spectrometer coupled to the optical input." (Office Action, p. 40.) The Office Action therefore relies on Dominic for allegedly teaching these features. (*Id*.)

Referring to FIG. 5 of Dominic (reproduced below), Dominic is directed to an apparatus 100 for measuring light properties. (Dominic, Abstract.) The apparatus 100 includes two detectors 102, 104 that are selectively illuminated by light 108 entering the apparatus 100 through a light entry port 106 in a housing 118 of the apparatus 100. (*Id*., paragraph [0022].) The detector 104 can be part of a spectrophotometer or a spectroradiometer. (*Id*., paragraph [0029].) A coupling element 116 is movable to selectively direct light to one of the detectors 102, 104. (*Id*., paragraph [0032].) When the coupling element 116 is in position 116a, light is directed along a fiber optic 124 towards the first detector 104. (*Id*., paragraph [0023].)

077433.0011\168699593.1

Application No.: 90/019,327                                                                Docket No.: 077433.0011
Response to Office Action dated August 8, 2024



**Dominic—FIG. 5**

The Office Action alleges that a person of ordinary skill would have found it obvious to modify Haenel and Kreysar to add the fiber optic 124 (i.e., the alleged "optical input") and detector 104 (i.e., the alleged "spectrometer") of Dominic to Haenel's camera to arrive at the digital imaging system recited in independent claim 13. (Office Action, p. 41.) More specifically, the Office Action concludes that such modification of Haenel and Kreysar with Dominic would be obvious under a teaching-suggestion rationale because

(a)     Dominic allegedly shows that "an optical input configured to receive at least a portion of [] light reflected from [a] reflector when [a] filter wheel positions the reflector between [a] lens and [an] image sensor" was known in the art prior to priority date of the '652 patent;

(b)     Dominic allegedly states a need to measure light; and

(c)     the modification of Haenel and Kreysar could allegedly be made with reasonable expectation of success based on the teachings of Haenel and Kreysar.

(*Id*.) Moreover, the Office Action concludes that a person of ordinary skill would have found it obvious to modify Haenel and Kreysar to add the fiber optic 124 (i.e., the alleged "optical input") and detector 104 (i.e., the alleged "spectrometer") of Dominic to Haenel's camera to arrive at the

-29-

Application No.: 90/019,327                                                        Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

digital imaging system recited in independent claim 13 because this allegedly would be applying a known technique to a known device ready for improvement to yield predictable results. (*Id*.)

Patent Owner respectfully disagrees. As discussed above, a specific object of Haenel's electronic camera is that view finding or focusing of the scene is simplified. (Haenel, col. 3, ll. 55-58.) To this end, Haenel expressly teaches (a) implementing the first mirror 24 in the primary beam path 12 to produce an ancillary beam path 25 for the view finder sensor 30, and (b) presenting an image of the scene using the view finder sensor 30 and a monitor to allow a user to manually set brightness, contrast, imaging scale, and focus on the monitor to an optimum setting. (*Id*., col. 4, ll. 33-35; col. 7, ll. 4-16) According to Haenel, this ensures comfortable observation of the scene even if the scene brightness is unfavorable or the spectral range is visually unfavorable. (*Id*.)

Patent Owner respectfully submits that by modifying Haenel with the teachings of Dominic in the manner proposed by the Office Action (i.e., by replacing the view finder sensor 30 of Haenel with the fiber optic 124 and detector 104), the resulting combination would make view finding or focusing of the scene more complicated (i.e., not simpler). In other words, modifying Haenel with the teachings of Dominic in the manner proposed by the Office Action runs contrary to the specific object of the invention stated in Haenel (i.e., to simplify view finding or focusing of the scene). Indeed, a user would no longer have the ability to view, based on the ancillary beam path 25 in Haenel, an image of the scene on a monitor to manually set brightness, contrast, imaging scale, and focus to an optimum setting. As a result, Haenel's electronic camera would no longer operate as intended (defeating a primary purpose of Haenel's electronic camera). Thus, Patent Owner respectfully submits that, because the proposal for modifying Haenel with the teachings of Dominic renders the view finding functionality of Haenel's electronic camera inoperable and destroys its intended function, then the requisite motivation for a person skilled in the art to make such a modification would not have existed at the time the application corresponding to Patent Owner's issued '652 Patent was initially filed.[3] Therefore, Patent Owner respectfully submits that,

---

[3] See *In re Fritch*, 972 F.2d 1260, 1265 n.12 ("A proposed modification [is] inappropriate for an obviousness inquiry when the modification render[s] the prior art reference inoperable for its intended purpose."); *In re Ratti*, 270 F.2d 810, 813 (CCPA 1959) (holding the suggested combination of references improper under §103 because it "would require a substantial reconstruction and redesign of the elements shown in [a prior art reference] as well as a change in the basic principles under which [that reference's] construction was designed to operate"); *In re Gordon*, 733 F.2d 900, 902 (Fed. Cir. 1984) ("The question is not whether a patentable distinction is created by viewing a prior art apparatus from one direction and a claimed apparatus from another, but, rather, whether it would have been obvious

-30-

Application No.: 90/019,327                                                           Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

contrary to the assertions in the Office Action, a person of skill in the art would not have been motivated to modify Haenel with the teachings of Dominic in the manner proposed. Accordingly, for at least the foregoing reasons, Patent Owner respectfully submits that the Section 103 rejection of independent claim 13 is improper and should be withdrawn.

Furthermore, because a person skilled in the art would not be motivated to modify Haenel with the teachings of Dominic in the manner proposed by the Office Action, such a proposal amounts to extra work for no apparent reason. And the courts have cautioned in such a scenario that it is important to identify a proper reason that would have prompted a person of ordinary skill in the relevant field to combine the elements of the cited references (here, Haenel, Kreysar, and Dominic) in the manner proposed. (*See* MPEP § 2143(A); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. at 418, 82 USPQ2d at 1396 (2007); *In re Omeprazole Patent Litigation*, 536 F.3d 1361, 87 USPQ2d 1865 (Fed. Cir. 2008).) Because the Office Action fails to identify a proper reason, Patent Owner is left to assume that Patent Owner's own disclosure has been used as a blueprint to arrive at the claimed digital imaging system from the teachings of Haenel, Kreysar, and Dominic. But this approach ignores the basic principle that the Office Action should not "fall victim to the insidious effect of a hindsight syndrome wherein that which only the invention taught is used against its teacher." (*In re Kotzab*, 217 F.3d 1365, 55 USPQ 2d 1313 (Fed. Cir. 2000)). Accordingly, for at least the additional reason that the proposed combination of Haenel, Kreysar, and Dominic is a result of impermissible hindsight reconstruction, Patent Owner respectfully submits that the Section 103 rejection of independent claim 13 is improper and should be withdrawn.

Claims 15–17 depend from independent claim 13. Therefore, Patent Owner respectfully submits that claims 15–17 are patentable over the combination of Haenel, Kreysar, and Dominic for at least the reasons discussed above with reference to independent claim 13, and for the additional features of these dependent claims. Accordingly, Patent Owner respectfully submits that the Section 103 rejection of claims 15–17 should be withdrawn.

---

from a fair reading of the prior art reference as a whole to turn the prior art apparatus upside down." *See* MPEP §2143.01(V) and (VI).

077433.0011\168699593.1

### E.    Confirmation of Patentable Subject Matter

Claims 11, 12, 14, and 22 are confirmed as patentable over the prior art. (Office Action, p. 43.) Patent Owner thanks the Examiner for the indication of patentable subject matter. Although Patent Owner agrees with the Examiner's conclusion that claims 11, 12, 14, and 22 are patentable over the prior art, Patent Owner notes that the subject matter of these claims may be patentable for reasons other than those identified by the Examiner and does not concede that the Examiner's characterization of the terms of the claims and the art of record are correct.

### F.    Response to Section 112, Paragraph 6 Interpretation of Claims 1, 2, 4, and 13

The Office Action indicates that elements of claims 1–23 (particularly, claims 1, 2, 4, and 13) are being interpreted under 35 U.S.C. § 112, sixth paragraph. (Office Action, pp. 9–20.) More specifically, the Office Action asserts that the terms "filter assembly," "filter wheel," and "optical input" recited in the claims are generic placeholders that are coupled with functional language without reciting sufficiently definitive structure for performing the recited functions. (*Id.*, pp. 9 and 12.) Patent Owner respectfully disagrees, does not concede this interpretation, and reserves the right to demonstrate that the Section 112, sixth paragraph interpretation of these elements recited in the claims is improper.

For a term to (i) be considered a substitute for "means" or "step" and (ii) lack sufficiently definitive structure for performing the claimed function, it must serve as a generic placeholder and thus not limit the scope of the claim to any specific manner or structure for performing the claimed function. (See MPEP § 2181(I)(A).) If, however, "persons of ordinary skill in the art reading the specification understand the term to have a sufficiently definite meaning as the name for the structure that performs the function, even when the term covers a broad class of structures or identifies the structures by their function[,] 35 U.S.C. § 112[, sixth paragraph] will not apply." (*Id.*, citing *Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1372-73 (Fed. Cir. 2003).) The term is not required to denote a specific structure or a precise physical structure to avoid the application of 35 U.S.C. § 112, sixth paragraph. (*Id.*, citing *Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 649 F.3d 1350 (Fed. Cir. 2011) (holding that the claim terms "modernizing device" and "computing unit" when read in light of the specification connoted sufficient, definite structure to one of skill in the art to preclude application of 35 U.S.C. § 112, sixth paragraph.) For example,

the courts have found "detent mechanism," "digital detector," "reciprocating member," "connector assembly," and "sealingly connected joints" to connote sufficient structure to not invoke 35 U.S.C. § 112, sixth paragraph. (*See id.*, citing *Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d 1344, 1355-56 (Fed. Cir. 2006).)

Patent Owner respectfully submits that a person of ordinary skill in the art reading the specification would understand the terms "filter assembly," "filter wheel," and "optical input" (as recited in various claims presented herein) to have sufficiently definite meanings as the names for the structures that perform the recited function. For example, FIGS. 3–11; the Abstract; col. 2, l. 67 – col. 3, l. 8; col. 4, ll. 21-30 and 45-67; col. 5, ll. 10-35; col. 6, ll. 11-67; and col. 8, ll. 22-41 (among other locations) of Patent Owner's issued '652 Patent describe (a) filter assemblies positioned between a lens and an image sensor, comprising a filter wheel configured to rotate about a rotational axis that is generally parallel to the optical path, carrying a reflector, and configured to move the reflector between first and second positions; (b) filter wheels configured to move a filter between filtering and non-filtering positions; (c) filter wheels movably positioned in a body between a lens and an image sensor, configured to rotate within the body about a rotational axis that is generally parallel with an optical path of light passing from the lens to the image sensor, carrying a filter, carrying a reflector, and configured to selectively position one of the filters and the reflector between the lens and the image sensor; and (d) optical inputs configured to receive at least a portion of light reflected from a reflector and coupled to a spectrometer. Accordingly, Patent Owner respectfully submits that the terms "filter assembly," "filter wheel," and "optical input" cannot be treated as substitutes for "means" under 35 U.S.C. § 112, sixth paragraph. As a result, Patent Owner respectfully submits that the interpretation of these elements of the claims under 35 U.S.C. § 112, sixth paragraph should be withdrawn.

## G.    New Claims 24–69

As noted above, new claims 24–69 have been added in this response. New claims 24–27, 68, and 69 depend from independent claim 18, new claims 28–33 depend from independent claim 1, and new claims 34–40 depend from independent claim 13. Therefore, Patent Owner respectfully submits that new claims 24–40, 68, and 69 are patentable over Haenel, Kreysar, Dominic, Pauly, Kawai, and the other art of record for at least the reasons discussed above with

-33-

Application No.: 90/019,327                                    Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

reference to corresponding independent claims 1, 13, and 18, and for the additional features of these dependent claims.

New claims 41, 46, 52, 60, and 64 are written in independent form. Patent Owner respectfully submits that new independent claims 41, 46, 52, 60, and 64 are patentable over Haenel, Kreysar, Dominic, Pauly, Kawai, and the other art of record for at least the reasons that the cited portions of these references do not disclose or suggest each and every feature of these claims. For example, the cited portions of Haenel, Kreysar, Dominic, Pauly, Kawai, and the other art of record do not teach or suggest, *inter alia*, at least the following features recited in these claims (***emphasis** added*):

- "a mirror carried by the first filter wheel ***such that an angle of the mirror with respect to the first filter wheel is adjustable***" (new claim 41);

- "obtaining a first measurement corresponding to the reflected light collected with the optical input; selectively moving the first filter wheel to remove the mirror from alignment with the optical axis, wherein selectively moving the first filter wheel comprises rotating the first filter wheel about the rotational axis such that the mirror is out of alignment with the optical axis and such that the light transmitted along the optical axis is received by the imaging sensor; obtaining, using the imaging sensor, a second measurement corresponding to the light transmitted along the optical axis; and ***improving, using the first measurement, accuracy of the second measurement, wherein improving the accuracy of the second measurement includes comparing the second measurement to the first measurement or calibrating the second measurement with the first measurement***" (new claim 46);

- "a mirror carried by the filter assembly, wherein the filter assembly is configured to ***move the mirror (i) separate from the filter wheel*** and (ii) between first and second positions, wherein, ***in the first position, the mirror (a) is positioned between the filter wheel and the image sensor***, (b) is at least partially aligned with the optical axis, and (c) reflects at least a portion of the light" (new claim 52);

- "the filter wheel and the mirror support collectively define a thickness measured in a direction extending generally parallel to the optical axis, the mirror is mounted to

077433.0011\168699593.1

Application No.: 90/019,327                                                                        Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

the filter wheel such that *the mirror is fully positioned within the thickness*, the filter assembly is configured to move the mirror between first and second positions and generally along a plane, [and] the filter wheel is configured to rotate about a rotational axis this is (a) generally parallel to the optical axis and (b) generally orthogonal to the plane" (new claim 60); and

- "selectively moving, using a first component of the filter assembly, the mirror into alignment with the optical axis, wherein selectively moving the mirror includes rotating the first component about a first rotational axis that is generally parallel to the optical axis such that (a) at least a portion of the mirror remains positioned within a first plane that is generally perpendicular to the optical axis and the first rotational axis, and (b) the first component remains positioned between the mirror and the image sensor, . . . *collecting, based on the first portion of the light reflected by the mirror, a spot sample of the light traveling along the optical path, and obtaining, using a measurement device, a first measurement corresponding to the spot sample*; selectively positioning a filter of the imaging device between the lens and the image sensor, wherein selectively positioning the filter between the lens and the image sensor includes (i) aligning the filter with the optical axis, and (ii) rotating the filter wheel about a second rotational axis that is generally parallel to the optical axis such that (a) at least a portion of the filter remains within a second plane that is generally perpendicular to the optical axis and the second rotational axis, and (b) the filter wheel remains in an orientation that is generally perpendicular to the optical axis, and obtaining, using the image sensor, a second measurement of the light traveling along optical path, wherein the second measurement corresponds to a second portion of the light that passes through the filter and is received by the image sensor; and *improving the accuracy of the second measurement using the first measurement*" (new claim 64).

New claims 42–45 depend from new independent claim 41, new claims 47–51 depend from new independent claim 46, new claims 53–59 depend from new independent claim 52, new claims 61–63 depend from new independent claim 60, and new claims 65–67 depend from new independent claim 64. Therefore, Patent Owner respectfully submits that new claims 42–45, 47–

077433.0011\168699593.1

Application No.: 90/019,327                                                        Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

51, 53–59, 61–63, and 65–67 are patentable over Haenel, Kreysar, Dominic, Pauly, Kawai, and the other art of record for at least the reason that these new claims each depend from a patentable independent claim, and for the additional features of these dependent claims.

## Conclusion

In view of the foregoing, Patent Owner believes that the pending claims under reexamination and the newly added claims herein are in immediate condition for allowance. Accordingly, Patent Owner respectfully requests withdrawal of the outstanding rejections of the claims and issuance of a reexamination certificate confirming patentability of the pending claims.

If the Examiner has any questions or believes a telephone conference would expedite prosecution of this application, the Examiner is encouraged to contact the undersigned at (206) 359-3982.

Although the present communication may include alterations to the application or claims, or characterizations of claim scope or referenced art, Patent Owner's arguments are made without prejudice or disclaimer. Additionally, Patent Owner is not conceding that previously pending claims are not patentable over the cited references. Instead, any alterations or characterizations are being made to facilitate expeditious prosecution of this application. Further, by not responding to additional statements made in the Office Action, Patent Owner does not acquiesce or concede to such statements.

Application No.: 90/019,327                                                      Docket No.: 077433.0011
Response to Office Action dated August 8, 2024

Please charge any underpayment or credit any overpayment to our Deposit Account No. 50-0665, under Order No. 077433.0011 from which the undersigned is authorized to draw.

Dated: October 7, 2024                                      Respectfully submitted,


By    /Aaron J. Poledna/
         Aaron J. Poledna
         Registration No.: 54,675
         Perkins Coie LLP
         P.O. Box 1247
         Seattle, WA 98111-1247
         Phone: (206) 359-3982
         Fax: (206) 359-7198
         Attorney for Patent Owner

077433.0011\168699593.1

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,327 | 12/09/2023 | 8482652 | 820150-7021 | 4375 |

25096        7590        01/10/2025

PERKINS COIE LLP - SEA General
PATENT-SEA
P.O. BOX 1247
SEATTLE, WA 98111-1247

| EXAMINER |
|---|
| CORSARO, NICK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/10/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Page 478 of 565**



# UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

THOMAS I HORSTEMEYER, LLP
3200 WINDY HILL ROAD, SE
SUITE 1600E
ATLANTA, GA 30339

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,327* .

PATENT UNDER REEXAMINATION  *8482652* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

**Page 479 of 565**

Control Number: 90/019,327                                                                    Page 2
Art Unit: 3992

## FINAL OFFICE ACTION

### I. Introduction

**A)    The Patent Under Reexamination**

This action addresses *Ex Parte* reexamination of U.S. Pat. No. 8,482,652 ("**652 Patent**") to Kreysar et al., titled "IMAGING DEVICES WITH COMPONENTS FOR REFLECTING OPTICAL DATA AND ASSOCIATED METHODS OF USE AND MANUFACTURE." The 652 Patent Issued, July 09, 2013.

**B)    Priority, Effective Filing Date, Patent Term**

U.S. Pat. No. 8,482,652 ("652 Patent") is based upon U.S. application 12/748,035, filed Mar. 26, 2010 and which claims priority to U.S. Provisional Application No. 61/164,331, filed Mar. 07, 2009.

To the extent that the claims are supported by the above provisional application, the 652 Patent would have an effective filing date of Mar. 07, 2009.

Additionally, based upon the U.S. filing date the Examiner finds that the term of 652 Patent has not expired.

**C)    Summary of the Proceeding**

On Dec. 9, 2023, a Third-Party Requester ("**Requester**") filed a request ("**Request**") for Ex Parte reexamination of claims 1 - 23 of the 652 Patent. The Request was assigned reexamination control number 90/019,327 ("**327 Proceeding**" or "**Instant Reexamination Proceeding**").

Control Number: 90/019,327                                      Page 3
Art Unit: 3992

On Feb. 12, 2024, the Office issued an order ("**Order**") granting reexamination of the requested claims.  For that reason, claims 1 - 23 of the 652 Patent were addressed in the Non-Final Office Action.

On August 08, 2024 the Office issued a Non-Final Action ("Aug 2024 Non-Final Action").  Claims 1-23 were pending. Claims 1-10, 13, 15-21, and 23 stood rejected based upon prior art. Dependent claims 11-12, 14, and 22 were deemed patentable and/or confirmed.

On October 07, 2024 the office received a PO response ("Oct 2024 PO Response"). Patent claims 1-23 and new claims 24-69 were submitted.

**D)    Reminder Concerning Status of Concurrent Proceedings.**

Patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

The third-party requester is similarly apprised of the ability to disclose such proceedings.

### II. Status of Claims

**A)    Claims Addressed in this Proceeding**

1.    Claims 1- 23 were the patented claims ("**Patented Claims**").

2.    Claims 1 - 23 were requested for reexamination ("**Reexamined Claims**").

3.    Claims 24-69 have been submitted as new during this proceeding ("**New Claims**").

4.    Claims 1-69 are therefore pending ("**Pending Claims**").

Control Number: 90/019,327                                                                  Page 4
Art Unit: 3992

**B)    Disposition of Claims as a Result of this Action**

1.    Claims 46-51 and 64-69: Rejected under 35 U.S.C. §112 ¶1 for lack of support.

2.    Claims 46-51 and 64-67: Rejected under 35 U.S.C. §112 ¶2 for lack of support.

3.    Claims 46-51, and 64-69: Rejected under 35 U.S.C. §305 for broadening.

4.    Claims 1-45, 52-63: Confirmed and/or patentable.

### III. Acknowledgements

**1.**    <u>AIA</u>: Because the 652 Patent has an effective filling before March 13, 2013, the present application is being examined under the pre-AIA first to invent provisions.

**2.**    <u>Concurrent Proceedings</u>: Based upon Examiner's review of the 652 Patent itself, the prosecution history, and the image file wrapper, the Examiner finds that there are no concurrent Ex Parte reexaminations, supplemental reexaminations, reissues, or IPR proceedings involving the 652 Patent.

**3.**    <u>Litigation</u>: Based upon the Examiner's review of the prosecution history, the file record including the Request, with associated submissions, and a litigation search conducted by the USPTO, the Examiner finds that the 652 Patent is in litigation. *(Request p.2).*

### IV. References Supplied in the Request

**A)    Prior Art References Supplied by Requester**

**1.    Dominic:** Pub No: U.S. 2007/0272844, filed May 25, 2006 and published Nov. 29, 2007.  ("**Dominic**").

*Ex Parte Reexamination of U.S. Pat. No. 8,482,652*                          *Part of Paper No. 20250110*
*Final Office Action.*

Control Number: 90/019,327                                                      Page 5
Art Unit: 3992

**2.**     **Kreysar:** Pub No: U.S. 2007/0177049, filed Jan. 30, 2006 and published Aug. 02, 2007. ("**Kreysar**").

**3.**     **Sugiyama:** Patent Number: U.S. 5,432,609, filed Jan. 5, 1994 and issued Jul. 11, 1995. ("**Sugiyama**").

**4.**     **Haenel:** Patent Number: U.S. 4,755,880, filed Jan. 07, 1987 and issued Jul. 5, 1998. ("**Haenel**").

**5.**     **Schiff:** Patent Number: U.S. 4,673,269, filed Mar. 0725, 1985 and issued Jun. 16, 1987. ("**Schiff**").

**6.**     **Walker:** Patent Number: U.S. 3,818,198, filed Aug. 31, 1972 and issued Jun. 18, 1974. ("**Walker Patent**").

**7.**     **Prichard:** "PR-1980B Pritchard SpectraRadiometer Systems," (2004). ("**Pritchard**")

**8.**     **Walker:** "Optical Systems for Defining the Viewing and Measuring Fields in Luminance/Radiance Meters," Applied Optics, Vol. 11, No. 9, (1972). ("**Walker Article**").

**B)**     **References Supplied by Examiner**

The following references were found by the Examiner and applied for claim interpretation and or support of motivation only.

**1.**     **Heffelfinger:**  Pat. No. US 5,863,504.

**2.**     **Pauly:** Pat. No. US 4,000,733.

**3.**     **Kawai:** Pat. No. US 4,806,724.

Control Number: 90/019,327                                                      Page 6
Art Unit: 3992

## C)    Written Statements

1.    "CLAIM CONSTRUCTION ORDER": ("**Claim Construction Order, Radiant v. Admesy**"), <u>Radiant Visions Systems LLC, vs ADMESY B.V., 1:21-CV-1115-DAE.</u>

## V. Claim Interpretation

### A)    Broadest Reasonable Interpretation

As noted above in § II (B), the 652 Patent has not expired.  Accordingly, the claim construction applied is broadest reasonable interpretation (**BRI**).

- MPEP § 2258 I (*G). Claim Interpretation and Treatment*

### B)    Lexicographic Definitions

A first exception, to the BRI standard occurs when, albeit optional to include, there is lexicographic definition in the specification.

After a careful review of the original specification and unless expressly noted otherwise by the Examiner, the Examiner cannot locate any lexicographic definitions, express or implied, in the original specification with the required clarity, deliberateness, and precision.  Because the Examiner cannot locate any other lexicographic definitions in the original specification with the required clarity, deliberateness, and precision the Examiner concludes that the Patent Owner is not their own lexicographer. See MPEP §§ 2111.01 (III) (IV).

### C)    'Sources' for the 'The Broadest Reasonable Interpretation (BRI)'

For terms not lexicographically defined by Applicant, the Examiner hereby adopts the following interpretations under the broadest reasonable interpretation standard.  In other words,

*Ex Parte Reexamination of U.S. Pat. No. 8,482,652*                    *Part of Paper No. 20250110*
*Final Office Action.*

Control Number: 90/019,327                                           Page 7
Art Unit: 3992

the Examiner has provided the following interpretations simply as express *notice* of how he is interpreting particular terms under the broadest reasonable interpretation standard.  Additionally, these interpretations are only a guide to claim terminology since claim terms must be interpreted in context of the surrounding claim language.[1]   In accordance with *In re Morris*, 127 F.3d 1048, 1056, 44 USPQ2d 1023, 1029 (Fed. Cir. 1997), the Examiner points to these other "sources" to support his interpretation of the claims.  Finally, the following list is not intended to be exhaustive in any way:

     **1.**     **Axle**: "a pin or shaft on or with which a wheel or pair of wheels revolves." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

     **2.**     **Fresnel Lens**: "a lens that has a surface consisting of concentric series of simple lens sections so that a thin lens with a short focal length and large diameter is possible and that is used esp. for spotlights." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

     **3.**     **Filter Assembly**: "a unit consisting of component parts that is configured to hold one or more filters." "said filter assembly need not include a filter" Claim Construction Order, Radiant v. Admesy, see p. 18, Patent Owners Proposed Interpretation.

     **4.**     **Filter Wheel**: "a wheel that is configured to hold one or more filters" "the wheel need not take a circular shape to achieve its purported function". Patent Owners Interpretation in Claim Construction Order, Radiant v. Admesy. See pp. 11 - 12, describing Patent Owners Proposed Interpretation.

---

[1] While most interpretations are cited because these terms are found in the claims, the Examiner may have provided additional interpretations to help interpret words, phrases, or concepts found in the interpretations themselves, the Patent, or in the prior art.

Control Number: 90/019,327                                                                                    Page 8
Art Unit: 3992

5.    **Input**: "the means at which, or point at which an input (as energy, material, or data) is made." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

6.    **Light Pipe**: "an optical fiber or solid transparent rod, for transmitting light lengthwise." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

7.    **Mirror**: "a polished, or smooth surface (as of glass) that forms images by reflection." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

8.    **Optical**: "of, relating to, or utilizing, light, instead of other forms of energy." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

9.    **Optical Input**: the means at which, or point at which a light input is made. This interpretation is supported by items 5 and 8 above.

10.    **Processor**: "The part of a computer system that operates on data – called also a central processing unit." Microsoft Press Computer Dictionary, 2nd Edition, Microsoft Press, Redmond, WA, 1994.

11.    **Processing**: "Manipulation of data within a computer system. Processing is the vital step between receiving data (input) and producing results (output) – the task for which computers are designed" Microsoft Press Computer Dictionary, 2nd Edition, Microsoft Press, Redmond, WA, 1994.

**12.**    **Unit**: "a single thing, person, or group that is constituent of a whole," or "a piece or complex of apparatus serving to perform one particular function." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

**13.**    **Wheel**: "a circular frame of hard material that may be solid, partly solid, or spoked and that is capable of turning on an axle." Merriam - Webster's Collegiate Dictionary, 10th Edition, Merriam-Webster Inc., 1994.

## D)    35 U.S.C. §112 ¶6

A second exception is when a claimed phrase is interpreted in accordance with 35 U.S.C. § 112 ¶ 6 ("**§ 112 ¶6**"). See MPEP § 2181 *et seq.* To invoke § 112 ¶6, a claimed phrase must meet the three-prong analysis ("**3 Prong Analysis**") as set forth in MPEP § 2181 (I). In the following the Examiner will analyze the claims to determine if any claim phrase invoke § 112 ¶6. In the following analysis of the Functional Phrases of the claims the Examiner notes:

An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

-    35 U.S.C. § 112 ¶ 6

"[a] claim limitation that does not use the term "means" or "step" will trigger the rebuttable presumption that 35 U.S.C. 112 ¶6 or pre-AIA 35U.S.C. 112, sixth paragraph does not apply. See, e.g., *Phillips v. AWH Corp.,* 415 F.3d 1303, 1310,75 USPQ2d 1321, 1324 (Fed. Cir. 2005) *(en banc)*; *CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d1359, 1369, 62 USPQ2d 1658, 1664 (Fed. Cir.2002); *Personalized Media Commc'ns, LLC v. ITC,*161 F.3d 696, 703-04, 48 USPQ2d 1880, 1886–87(Fed. Cir. 1998). *Williamson v. Citrix Online, LLC,* 792 F.3d 1339, **The presumption is overcome when** "the claim term fails to 'recite sufficiently definite structure' **or else recites 'function without reciting sufficient structure for performing that function.**'" 1339,1348 (sic), 115 USPQ2d

Control Number: 90/019,327                                                          Page 10
Art Unit: 3992

1105, 1111 (Fed. Cir. 2015) (en banc) (quoting *Watts v. XL Systems, Inc.*, 232 F.3d877, 880 (Fed. Cir. 2000) .... [Emphasis added.]"

- MPEP § 2181 I.

**I)** The Examiner finds that the following phrases, from independent claims 20 and 21 will be first identified and then analyzed using the MPEP's 3 Prong Analysis to determine if the claimed phrases invoke § 112 ¶6. If a phrase invokes § 112 ¶6, the corresponding structure will also be determined.

In the following analysis the Examiner notes:

"In assessing whether the claim limitation is in means-plus-function format, we do not merely consider the introductory phrase (e.g., 'mechanical control assembly') in isolation, but look to the entire passage including functions performed by the introductory phrase. [Emphasis added.]"

- *MTD Prods. Inc. v. Iancu*, 933 F.3d 1336, 1342 (Fed. Cir. 2019).

**Functional Phrase #1 (FP#1):**

**(Claim 1)**

"*a first filter wheel and a second filter wheel different from the first filter wheel, wherein the first and second filter wheels are positioned between the lens and the image sensor, and wherein each of the first and second filter wheels is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and a mirror carried by the second filter wheel, wherein the second filter wheel is configured to move the mirror between first and second positions, wherein, in the first position, the mirror (a) is positioned between the first filter wheel and the image sensor, (b) is at least partially aligned with the optical path, (c) reflects at least a portion of the light, and*

Control Number: 90/019,327

Art Unit: 3992

Page 11

*wherein, in the second position, the mirror is positioned outside of the optical path*," as recited in claim 1 lines 5 -17.

### **Functional Phrase #2 (FP#2):**

**(Claim 2)**

"*a filter carried by the second filter wheel, and wherein: the second filter wheel is configured to move the filter between filtering and non-filtering positions, wherein, in the filtering position, the filter is at least partially aligned with the optical path and filters at least a second portion of the light, and wherein, in the non-filtering position the filter is positioned out of alignment with the optical path,*" as recited in claim 2 lines 2-9.

### **Functional Phrase #3 (FP#3):**

**(Claim 13)**

"*a filter wheel movably positioned in the body between the lens and the image sensor, wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor, a filter carried by the filter wheel; a reflector carried by the filter wheel, wherein the filter wheel is configured to selectively position one of the filter and the reflector between the lens and the image sensor*" as recited in claim 13 lines 9 - 19.

### **Functional Phrase #4 (FP#4):**

Control Number: 90/019,327                                                                 Page 12
Art Unit: 3992

**(Claim 13)**

"*an optical input configured to receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor, and a spectrometer coupled to the optical input*" as recited in claim 13 lines 20 - 24.

**Functional Phrase #5 (FP#5):**

**(Claim 4)**

"*optical input configured to collect at least a portion of the light reflected by the reflector when the reflector is in the first position, and wherein the optical input is configured to transmit the reflected light to a spectrometer*," as in claim 4 lines 2 - 4.

**Functional Phrase #6 (FP#6):**

**(Claim 41)**

"*a first filter wheel and a second filter wheel different from the first filter wheel, wherein each of the first filter wheel and the second filter wheel (a) is positioned between the lens and the image sensor, and (b) is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path, a mirror carried by the first filter wheel such that an angle of the mirror with respect to the first filter wheel is adjustable,*

*wherein the first filter wheel is configured to move the mirror between first and second positions, and wherein in the first position, the mirror (a) is positioned between the lens and the second filter wheel, (b) is at least partially aligned with the*

optical path, and (c) reflects at least a portion of the light, and in the second position, the mirror is positioned outside of the optical path," as recited in claim 41 lines 5-15.

**Functional Phrase #7 (FP#7):**

**(Claim 52)**

"a filter assembly positioned between the lens and the image sensor, wherein the filter assembly comprises a filter wheel configured to rotate about a rotational axis that is generally parallel to the optical axis; and a mirror carried by the filter assembly, wherein the filter assembly is configured to move the mirror (i) separate from the filter wheel and (ii) between first and second positions, and wherein in the first position, the mirror (a) is positioned between the filter wheel and the image sensor, (b) is at least partially aligned with the optical axis, and (c) reflects at least a portion of the light, and in the second position, the mirror is positioned outside of the optical axis," as recited in claim 52 lines 6-15.

**Functional Phrase #8 (FP#8):**

**(Claim 60)**

"a filter assembly positioned between the lens and the image sensor, the filter assembly including a filter wheel and a mirror support usable to mount the mirror to the filter wheel, wherein the filter wheel and the mirror support collectively define a thickness measured in a direction extending generally parallel to the optical axis, the mirror is mounted to the filter wheel such that the mirror is fully positioned within the thickness, the filter assembly is configured to move the mirror between first and second positions and generally along a plane," as recited in claim 60 lines 7-16.

Ex Parte Reexamination of U.S. Pat. No. 8,482,652                                    Part of Paper No. 20250110
Final Office Action.

Control Number: 90/019,327
Art Unit: 3992
Page 14

**Functional Phrase # (FP#9):**

**(Claim 60)**

" *filter wheel is configured to rotate about a rotational axis that is (a) generally parallel to the optical axis and (b) generally orthogonal to the plane, in the first position, the mirror is at least partially aligned with optical axis and reflects at least a portion of the light introduced into the imaging device via the lens, and in the second position, the mirror is positioned out of alignment with the optical axis,*" as recited in claim 60 lines 17-23.

*a)*     *3-Prong Analysis Prong (A)*:

In accordance with the MPEP, Prong (A) requires:

(A)  the claim limitation uses the term "means" or "step" or a term used as a substitute for "means" that is a generic placeholder (also called a nonce term or a non-structural term having no specific structural meaning) for performing the claimed function ....

MPEP § 2181 I. — Prong (A).

As an initial matter, the Examiner finds that Functional Phrases #1 - #9 do not use the phrase "means for." Therefore, the issue arising under Invocation Prong (A) then becomes whether or not FP#1, FP#2, FP#3, FP#6, and FP#9 including the claimed "*filter wheel,*" [to perform the claimed functions]," FP#4 and FP#5, including the claimed "*Optical input,*" [to perform the claimed functions], and FP#7 and FP#8 including the claimed "*filter assembly,*" [to perform the claimed functions] are generic placeholder for "means."

To evaluate that issue, the Examiner proceeds to evaluate Prong (A) as follows:

Control Number: 90/019,327                                          Page 15
Art Unit: 3992

First, the Examiner has attempted to use the 652 Patent specification in light of PO' own testimony, i.e., Claim Construction Order, Radiant v. Admesy,[2] to determine if the specification provides a meaning for the terms "*filter assembly*," "*filter wheel*," or "*Optical input*," ("**Agent Nouns**") as the name of a structures that is known to perform the claimed functions, i.e., Functions of Functional Phrases #1-#9 outlined below in the section for Prong (B).  Looking at the specification, the Examiner finds insufficient evidence that the specification states and/or defines Agent Nouns as structures having the claimed functions.  The Examiner finds that at most the specification does describe the "*filter assembly*" as a device configure to carries a reflector and place it in the optical path (652 Patent at abstract, and C3:L1 - 8). As noted in the section above, entitled 'Sources for the Broadest Reasonable Interpretation,' ("**Sources for BRI**") Patent Owners own in interpretation simply describes the "*filter assembly*" as a unit consisting of component parts that is configured to hold one or more filters but not necessarily including a filter. Additionally, the Examiner finds the specification describes a "*filter wheel*" as a device carries filters (652 Patent, at C4:L10 - 37) and Patent Owners own interpretation of the "*filter wheel*" is a wheel of no particular shape that is configured to hold one or more filters. (See section, Sources for BRI, above). Finally, the specification describes the optical input as a light pipe or optical fiber (652 Patent C4:L49 - 52, describing optical input), and the Examiner finds insufficient evidence of any interpretation provided by the PO for the "*optical input*." Accordingly, from the specification, in light of PO's own interpretations, a PHOSITA understands that the term "*filter assembly*," or "*filter wheel*," or "*optical input*" (alone) cannot perform the claimed functions. Rather, looking at the claim language, a PHOSITA understands

---

[2] See the Sections above entitled 'References Supplied in the Request,' and 'Sources' for 'The broadest Reasonable Interpretation (BRI).

*Ex Parte Reexamination of U.S. Pat. No. 8,482,652*          *Part of Paper No. 20250110*
*Final Office Action.*

Control Number: 90/019,327                                                                 Page 16
Art Unit: 3992

that other structural elements are needed, for example some type of additional structure or geometry required to allow these terms to perform the function as claimed.

Second, the Examiner has reviewed, dictionaries special and general (See section above titled 'Sources' for the Broadest Reasonable Interpretation (BRI),' above.) and finds insufficient evidence that the terms "*filter assembly,*" "*filter wheel,*" or "*optical input,*" (the, "**agent nouns**"), are terms that represent sufficient structure to perform the claimed functions, i.e., Functions of Functional Phrases #1-#9 outlined below. For example, the Examiner finds insufficient evidence that dictionaries, general and technical, list the terms "*filter assembly,*" "*filter wheel,*" or "*Optical input.*" The best the Examiner could find is that these are compound words meant to resemble some general structure now claimed to have a particular function. Accordingly, at most, from the dictionaries a PHOSITA understands that the agent nouns (by themselves) do not represent a structure sufficient to perform the entire claim functions. Other structural elements are needed, for example some type of structure or geometry that realizes the claimed functions.

Third, the Examiner has reviewed the prior. The Examiner does finds insufficient evidence that that the terms "*filter assembly,*" and "*filter wheel,*" and "*optical input,*" are names used in the art representing a structure, known to perform the claimed functions. For example, see Heffelfinger et al., U.S. Pat. No. 5,863,504, at Figure 1 and Figure 5, C4:L58 - 68, and C6:L7 - 31, describes a filter assembly as a filtering light and the filter wheel as a disc including filters. However, Heffelfinger does not describe the "*filter assembly*" in any detail that would indicate it is a structure known to perform the function of the functional phrases above. Additionally, Heffelfinger does not describe the filter wheel as performing the particular functions of the functional phrases above. Additionally, the Examiner finds insufficient evidence that the prior art describes an "optical input," in the context of FP#4 and FP#5, as in claim 13, and Claim 4

Control Number: 90/019,327                                          Page 17
Art Unit: 3992

respectively. Accordingly, at most, from the prior art a PHOSITA understands that the terms "*filter assembly*," as in FP#7 and FP#8, "*filter wheel*," as in FP#1-#3, and FP#6 and FP#9, or "*Optical input*," as in FP#4 and FP#5 (alone) do not represent structures sufficient to perform the entire claim functions of FP#1-FP#9. Other structural elements are needed, for example some type of additional structure or geometry to perform the claimed function.

Accordingly, the Examiner concludes that the terms "*filter assembly*," "*filter wheel*," or "*optical input*," (the, "**agent nouns**") as set forth in the functional phrases above, are being used as a generic term for a structure performing the function, and therefore a place holder for the phrase "means for" performing the recited function. Because the Agent Nouns as in FP#1 to FP#9 are merely generic placeholder having no specific structure associated therewith, the Examiner concludes that FP#1 to FP#5 meets invocation Prong (A).

### b)    3-Prong Analysis Prong (B):

In accordance with the MPEP prong (B) requires:

(B) the term "means" or "step" or the generic placeholder is modified by functional language, typically, but not always linked by the transition word "for" (e.g., "means for") or another linking word or phrase, such as "configured to" or "so that" ....
MPEP § 2181 I. — Prong (B).

Based upon a review of the claim, the Examiner finds that the functions associated with FP#1 to FP#9 are as follows:

### Function of Functional Phrase #1 (FP#1):

**(Claim 1)**

"*rotate about a corresponding rotational axis that is generally parallel to the optical path . . . move the mirror between first and second positions, wherein, in the first position, the mirror (a) is positioned between the first filter wheel and the image sensor,*

(b) is at least partially aligned with the optical path, (c) reflects at least a portion of the light, and wherein, in the second position, the mirror is positioned outside of the optical path."

### Functional Phrase #2 (FP#2):

**(Claim 2)**

"*move the filter between filtering and non-filtering positions, wherein, in the filtering position, the filter is at least partially aligned with the optical path and filters at least a second portion of the light, and wherein, in the non-filtering position the filter is positioned out of alignment with the optical path.*"

### Functional Phrase #3 (FP#3):

**(Claim 13)**

"*rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor . . . selectively position one of the filters and the reflector between the lens and the image sensor.*"

### Functional Phrase #4 (FP#4):

**(Claims 4 and 13)**

"*receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor, and a spectrometer coupled to the optical input.*"

**Function of Functional Phrase #5 (FP#5):**

**(Claim 4)**

"*collect at least a portion of the light reflected by the reflector when the reflector is in the first position, and wherein the optical input is configured to transmit the reflected light to a spectrometer.*"

**Function of Functional Phrase #6 (FP#6):**

**(Claim 41)**

"*rotate about a corresponding rotational axis that is generally parallel to the optical path, . . . move the mirror between first and second positions, and wherein in the first position, the mirror (a) is positioned between the lens and the second filter wheel, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light, and in the second position, the mirror is positioned outside of the optical path.*"

**Function of Functional Phrase #7 (FP#7):**

**(Claim 52)**

"*move the mirror (i) separate from the filter wheel and (ii) between first and second positions, and wherein in the first position, the mirror (a) is positioned between the filter wheel and the image sensor, (b) is at least partially aligned with the optical axis, and (c) reflects at*

Control Number: 90/019,327                                                    Page 20
Art Unit: 3992

*least a portion of the light, and in the second position, the mirror is positioned outside of the*

*optical axis.*"

### Function of Functional Phrase #8 (FP#8):

### (Claim 60)

"*move the mirror between first and second positions and generally along a*

*plane.*"

### Function of Functional Phrase # (FP#9):

### (Claim 60)

"*rotate about a rotational axis that is (a) generally parallel to the optical axis*

*and (b) generally orthogonal to the plane, in the first position, the mirror is at least*

*partially aligned with optical axis and reflects at least a portion of the light introduced into the*

*imaging device via the lens, and in the second position, the mirror is positioned out of alignment*

*with the optical axis,.*"

Because FP#1 to FP#9 include the functions expressly noted above, the Examiner

concludes that FP#1 to FP#9 meet invocation Prong (B). Additionally, the Examiner notes that

because nothing in the written description contradicts the plain language describing the

functions, the functions within the functional phrases will have their ordinary and accustomed

meaning.

> c)      3-Prong Analysis: Prong (C)

In accordance with the MPEP, Prong (C) requires:

(C) the term "means" or "step" or the generic placeholder is not modified by sufficient
structure, material, or acts for performing the claimed function.

Control Number: 90/019,327                                                    Page 21
Art Unit: 3992

MPEP § 2181 (I) — Prong (C)

Based upon a review of the entire FP#1 to FP#9 the Examiner finds that FP#1 to FP#9 do not contain sufficient structure for performing the entire claimed function set forth in those functional phrases.

Because FP#1 to FP#9 do not contain sufficient structure for performing the claimed function the Examiner concludes that FP#1 to FP#9 meets invocation Prong (C).

Because FP#1 to FP#9 meet the 3 Prong Analysis as set forth in MPEP §2181 I., the Examiner concludes that FP#1 to FP#9 invoke § 112 ¶ 6.

**d)    Corresponding Structure**

The Examiner finds the corresponding structures are as follows.

**1.**    <u>For Functional Phrase #1, #6, and #7</u>: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #1, #6, and #7, as in claims 1, 41, and 52, respectively, is an assembly or unit, Figure 7a of the 652 Patent below. The assembly or unit comprising a first filter wheel 702b, and second filter wheel 702a, Figure 7A and Figure 7B shown below, connected to an axle (not numbered, but annotated by the Examiner, in Figure 7A and 7B below.) and mounted within the imaging device housing 703 via the axle being connected to the housing 703 to allow the first and second filter wheels to rotate within the housing 703. The second filter wheel including a mirror 730, Figure 7A, Figure 7B, attached to the second filter wheel via a mirror mount 732, Figure 7B, the filter wheel having an axle, the axle having an axis running parallel to the optical beam path 704, Figure 7A, which allows the rotation of both the first and second filter wheels and thus the mirror on the filter

wheel to be place in the beam path. (See 652 Patent at C4:L38 - 67, C5:L10 - 30, and C6:L3 - 18, discussing a filter wheel, with options of a mirror or mirror and filters.).



Figure 7A, (US Pat. No. 8,482,652), annotated by Examiner.



Figure 7B, (US Pat. No. 8,482,652), annotated by Examiner.

**2.**    For Functional Phrase #2: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #2 is a first filter wheel 702b, Figure 7A above, a filter attached to the filter wheel, generally the same shape as mount 732 Figure 7B above in the second filter wheel 702a, and in an opening in the same position as mirror mount 732 of the second filter wheel 702a. The first filter wheel having an axle (Figure 7A, Figure 7B, annotated by the Examiner above.), the axle having an running parallel to the

Control Number: 90/019,327                                                                 Page 23
Art Unit: 3992

optical beam path 704, Figure 7A above. (See 652 Patent at C4:L38 - 67 discussing the filter wheel can have a mirror and a filter, and C7:L35-38, discussing that the filter wheels would normally have a filter placed in the position of the mirror 730, Figure 7A above.).

3.    For Functional Phrase #3: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #3, as in claim 13, an assembly or unit, Figure 7a of the 652 Patent above. The assembly or unit comprising a second a filter wheel 702a, Figure 7A above, including a mirror attached to the filter wheel, a mirror 730, Figure 7a, 502 Figure 5, not shown herein, attached to the filter wheel by a mount 732 Figure 7B above, at least one filter on the filter wheel, the filter wheel having an axle (shown at center of filter wheel 702a Figure 7A Figure 7B above, annotated by the Examiner, the axle attached to the digital camera body 703, having an axis, running parallel to the optical beam path 704. (See 652 Patent at C4:L38 - 67 discussing the filter wheel can have a mirror and a filter, and C5:L10 - 30, and C6:L3 - 50 discussing the filter assembly.).

4.    For Functional Phrase #4 and Functional Phrase #5: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #4, as in claim 13, and Functional Phrase #5, as in claim 4, is an optical collector 410, Figure 4,  760 Figure 7a, such as an optical fiber or light pipe, placed geometrically at an angle to collect the beam of the light reflected from a mirror on the filter wheel 702a, Figure 7, including spectrometer 782 connected to the light pipe (See 652 Patent at C4:L38 – 67, C5:L1-9, discussing the filter wheel can have a mirror directing light to an optical input of a spectrometer, C7:L19-27, C7:L64-67, and C8:L1-4, discussing the optical input is for example an optical fiber attached to a spectrometer.).

Control Number: 90/019,327                                                                Page 24
Art Unit: 3992

5.      For Functional Phrase #8: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #8 is an assembly or unit, Figure 7a of the 652 Patent above, including  a filter wheel, 702b Figure 7A, with the configuration of 403, Figure 4, having a mirror support 409, the filter wheel having a space with volume within the filter wheel normally used for a filter, the mirror support and mirror fitting completely within that volume, the filter wheel connected to an axle (not numbered, but annotated by the Examiner, in Figure 7A and 7B above.) and mounted within the imaging device housing 703 via the axle being connected to the housing 703 to allow the filter wheel to rotate within the housing 703 (See 652 Patent at C4:L49-67, C5:L10-30, and C6:L3-18, discussing a filter wheel, with options of a mirror or mirror and filters.).

6.      For Functional Phrase #9: Based upon a review of the original disclosure, the Examiner finds that the corresponding structure for Functional Phrase #9 a filter wheel, 702b Figure 7A, with the configuration of 403, Figure 4, having a mirror support 409, the filter wheel the filter wheel connected to an axle (not numbered, but annotated by the Examiner, in Figure 7A and 7B above.) and mounted within the imaging device housing 703 to the axle to allow the filter wheel to rotate within the housing 703 (See 652 Patent at C4:L49-67, C5:L10-30, and C6:L3-18, discussing a filter wheel, with options of a mirror or mirror and filters.).

(II)      The Examiner finds that dependent claims 2-8, 10-12, 14-17, 19-40, 42-45, 53-59, and 61-63 do not significantly modify the functions of FP#1 to FP#9 and therefore do not removing the functional phrases, recited above, from governance of 35 U.S.C. § 112 ¶6. Additionally, the Examiner finds that claims 2-8, 10-12, 14-17, 19-40, 42-45, 53-59, and 61-63 do not alter the Examiner interpretation of corresponding structure recited above. Accordingly,

Control Number: 90/019,327                                                           Page 25
Art Unit: 3992

claims 2-8, 10-12, 14-17, 19-40, 42-45, 53-59, and 61-63  are interpreted the same as recited

above for the corresponding structures.


**E)      Computer Implemented Means-Plus-Function Limitations**

For computer-implemented means-plus-function limitations, a general-purpose computer

is only sufficient as the corresponding structure for performing a general computing function.

When there is a specific function to be performed, it is required that an algorithm for performing

the function be disclosed, and the corresponding structure becomes a general-purpose computer

transformed into a special purpose computer by programming the computer to perform the

disclosed algorithm. The specification must explicitly disclose the algorithm for performing the

claimed function, and simply reciting the claimed function in the specification will not be a

sufficient disclosure for an algorithm which, by definition, must contain a sequence of steps.  See

MPEP § 2181(II) (B).

As noted in the MPEP:

An algorithm is defined, for example, as "a finite sequence of steps for solving a logical

or mathematical problem or performing a task." Microsoft Computer Dictionary, Microsoft

Press, 5th edition, 2002. Applicant may express the algorithm in any understandable terms

including as a mathematical formula, in prose, in a flow chart, or in any other manner that

provides sufficient structure. [Citations and select quotations omitted.]

-      MPEP 2181 II B.

Control Number: 90/019,327                                                    Page 26
Art Unit: 3992

**F)      Overcoming Invocation of 35 U.S.C. §112 ¶6**

If applicant does not intend to have the claim limitation(s) treated under § 112 ¶6, applicant may amend the claim(s) so that it/they will clearly not invoke§ 112 ¶6, or present a sufficient showing that the claim recites/recite sufficient structure, material, or acts for performing the claimed function to preclude application of§ 112 ¶6.

For more information, see MPEP §§ 2173; 2181 *et seq*.

**G)      Conclusion Claim Interpretation**

Accordingly, because of the Examiners' findings above the Applicant is not his own lexicographer and for functional phrases that invoke § 112 ¶6, those phrases will be interpreted based upon the corresponding structure, outline above.

In addition, any claim terms and phrases that do not invoke§ 112 ¶6, will be given the broadest reasonable interpretation consistent with the specification since patentee has an opportunity to amend claims. See MPEP §2111, MPEP §2111.01 and In re Yamamoto et al., 222 USPQ 934 (Fed. Cir. 1984).

Under a broadest reasonable interpretation, words of the claim must be given their plain meaning, unless such meaning is inconsistent with the specification. See MPEP 2111.01(I).

It is further noted it is improper to import claim limitations from the specification, *i.e.*, a particular embodiment appearing in the written description may not be read into a claim when the claim language is broader than the embodiment. See MPEP 2111.01(II).

For more information, see MPEP §§ 2173; 2181 *et seq*.

## VI. Claim Rejections - 35 U.S.C. § 112 ¶1

The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claims 46-51 and 64-69 are rejected under 35 U.S.C. § 112(a) or 35 U.S.C. § 112 (pre-AIA), 1st paragraph, as failing to comply with the written description requirement. The claims contain subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. § 112, the inventor(s), at the time the application was filed, had possession of the claimed invention.

### New Matter

Claims 46 recites "*obtaining a first measurement corresponding to the reflected light collected with the optical input: selectively moving the first filter wheel to remove the mirror from alignment with the optical axis, wherein selectively moving the first filter wheel comprises rotating the first filter wheel about the rotational axis such that the mirror is out of alignment with the optical axis and such that the light transmitted along the optical axis is received by the imaging sensor: obtaining, using the imaging sensor, a second measurement corresponding to the light transmitted along the optical axis; and improving, using the first measurement,*

Control Number: 90/019,327                                                    Page 28
Art Unit: 3992

accuracy of the second measurement, wherein improving the accuracy of the second measurement includes comparing the second measurement to the first measurement or calibrating the second measurement with the first measurement," as in claim 46 lines 12-24 .

Claims 64 recites "acquiring first optical data corresponding to light (i) introduced into the imaging device via the lens and (ii) traveling along an optical path that is generally parallel to an optical axis extending between the lens and the image sensor, wherein acquiring the first optical data includes selectively moving, using a first component of the filter assembly, the mirror into alignment with the optical axis, wherein selectively moving the mirror includes rotating the first component about a first rotational axis that is generally parallel to the optical axis such that (a) at least a portion of the mirror remains positioned within a first plane that is generally perpendicular to the optical axis and the first rotational axis, and (b) the first component remains positioned between the mirror and the image sensor, reflecting at least a first portion of the light traveling along the optical path when the mirror is aligned with the optical axis, collecting, based on the first portion of the light reflected by the mirror, a spot sample of the light traveling along the optical path, and obtaining, using a measurement device, a first measurement corresponding to the spot sample; acquiring, using the image sensor, the measurement of the light, wherein acquiring the measurement includes- selectively moving, using the first component, the mirror out of alignment with the optical axis such that the light traveling along the optical path is unobstructed by the mirror, selectively positioning a filter of the imaging device between the lens and the image sensor, wherein selectively positioning the filter between the lens and the image sensor includes (i) aligning the filter with the optical axis, and (ii) rotating the filter wheel about a second rotational axis that is generally parallel to the optical axis such that (a) at least a portion of the filter remains within a second plane that is

Ex Parte Reexamination of U.S. Pat. No. 8,482,652                    Part of Paper No. 20250110
Final Office Action.

Page 506 of 565

generally perpendicular to the optical axis and the second rotational axis, and (b) the filter wheel remains in an orientation that is generally perpendicular to the optical axis, and obtaining, using the image sensor, a second measurement of the light traveling along optical path, wherein the second measurement corresponds to a second portion of the light that passes through the filter and is received by the image sensor; and improving the accuracy of the second measurement using the first measurement," in claim 64 lines 5-39.

Claims 65 recites "wherein rotating the first component about the first rotational axis includes rotating the first component separate from the filter wheel and such that the filter wheel remains positioned between the lens and the first component," in claim 65 lines 1-3.

Claims 66 recites "obtaining the first measurement corresponding to the spot sample including obtaining the first measurement using a spectrometer," in claim 66 lines 1-2.

Claims 68 recites "obtaining a first measurement corresponding to the reflect light collected with the optical input; selectively moving the first filter wheel to move the mirror out of alignment with the optical axis; obtaining, using the imaging sensor, a second measurement corresponding to at least a second portion of the light transmitted along the optical axis; and improving, using the first measurement, accuracy of the second measurement," in claim 68 lines 1-6.

Claims 69 recites "wherein improving the accuracy of the second measurement using the first measurement includes comparing the second measurement to the first measurement or calibrating the second measurement with the first measurement," in claim 69 lines 1-3.

Regarding claim 46, the Examiner has reviewed the specification of the 652 patent and finds insufficient evidence that the 652 Patent describes a process as in the claim element of claim 46 outlined above. For example the Examiner finds that there is no process described in

the 652 specification directed to acquiring data that includes acquiring first and second measurements and improving using the first measurement the accuracy of the second measurement, as in the claim element of claim 46, outlined above. The best the Examiner can find is original claim 18 that was a process claim for acquiring data, however, after review of claim 18, and the claims depending therefrom, the Examiner finds that claim 18, and the claims depending from claim 18, did not include any first and second measurements and improving accuracy as in claim 46.

Regarding claim 64, the Examiner has reviewed the specification of the 652 patent and finds insufficient evidence that the 652 Patent describes a process as in the claim element of claim 64 outlined above. For example the Examiner finds that there is no process described in the specification of the 652 Patent directed to acquiring optical data that includes acquiring first and second optical data by selectively moving portions of the filter assembly into the optical path and improving using the first measurement the accuracy of the second measurement, as in the claim element of claim 64, outlined above. The best the Examiner can find is original claim 18 that was a process claim for acquiring data, however, after review of claim 18, and the claims depending therefrom, the Examiner finds that claim 18, and the claims depending from claim 18, did not include any first and second obtaining of optical data and improving accuracy as in claim 46.

Regarding dependent claims 65, and 66. The Examiner finds insufficient evidence that the 652 Patent describes a process as in the claim elements of dependent claims 65, 66 outlined above. And the Examiner finds insufficient evidence that the features of dependent claims 65, 66 are supported by any original process claim. For example the only patented process claim is independent claim 18 and the claims depending from claim 18. The Examiner finds insufficient

evidence that the matter of claim 65 and 66 is supported by claim 18 or any claims depending therefrom.

Regarding dependent claims 68, and 69. The Examiner finds insufficient evidence that the 652 Patent describes a process as in the claim elements of dependent claims 68 and 69 outlined above. And, the Examiner finds insufficient evidence that the features of dependent claims 68 and 69 are supported by any original process claim. For example the only patented process claim is independent claim 18 and the claims depending from claim 18. The Examiner finds insufficient evidence that the matter of claim 68 and 69 is supported by claim 18 or any claims depending therefrom.

Further, the Examiner finds that the PO remarks points to the sections of the 652 Patent for support of these claims. However, the Examiner has reviewed these sections and finds in finds insufficient evidence that those sections describe a process as required by claims 46, 64 and dependent claims 65, 66, 68, and 69.

Because the Examiner finds insufficient evidence that the specification or the original patent claims describes the matter as in claims 46, 64, 65, 66, 68, and 69, these claims are rejected under 35 U.S.C. § 112(a) or 35 U.S.C. § 112 (pre-AIA), 1st paragraph, as failing to comply with the written description requirement and being new matter.

Dependent claims 47-51 depend from claim 46, and dependent claim 67, depends from claim 64. As noted above independent claims 46 and 64 are rejected under 35 U.S.C. § 112(a) or 35 U.S.C. § 112 (pre-AIA), 1st paragraph, as failing to comply with the written description requirement and being new matter. Accordingly, claims 47-51 and claim 64 are rejected under 35 U.S.C. § 112(a) or 35 U.S.C. § 112 (pre-AIA), 1st paragraph based upon their dependency.

## VII. Claim Rejections - 35 U.S.C. § 112 ¶2

The following is a quotation of 35 U.S.C. 112(b):
(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 46-51 and 64-67 rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

Regarding claim 46: The phrase "*improving, using the first measurement, accuracy of the second measurement, wherein improving the accuracy of the second measurement includes comparing the second measurement to the first measurement or calibrating the second measurement with the first measurement,*" as in claim 46 lines 21-24 sis a relative term which renders the claim indefinite. The term "improving first measurement accuracy" is not defined by the claim, the specification does not provide a standard for ascertaining the requisite degree, and one of ordinary skill in the art would not be reasonably apprised of the scope of the invention. For example claim 46 is a process claim, a person of ordinary skill in the art cannot reasonably determine what steps, if any, the above claim element would further require to compare and/or calibrate to get the result of improving accuracy.

Accordingly, claim 46 is rejected as indefinite under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph.

Regarding claim 64: The phrase "*improving the accuracy of the second measurement using the first measurement, ,*" as in claim 64 last line.  Improving accuracy is a relative term

Control Number: 90/019,327                                           Page 33
Art Unit: 3992

which renders the claim indefinite. The term "improving accuracy of the second measurement a"

is not defined by the claim, the specification does not provide a standard for ascertaining the

requisite degree, and one of ordinary skill in the art would not be reasonably apprised of the

scope of the invention. For example claim 64 is a process claim, a person of ordinary skill in the

art cannot reasonably determine what steps, if any, the above claim element would further

require to improve accuracy.

Accordingly, claim 64 is rejected as indefinite under 35 U.S.C. 112(b) or 35 U.S.C. 112

(pre-AIA), second paragraph.

Regarding dependent claims 47-51 and 65-67: These claims are rejected based upon

dependency on claims 46 and 64, respectively.


## VIII. Claim Rejections - 35 U.S.C. § 305

Claims 46-51, and 64-69 are rejected under 35 U.S.C. §305 as enlarging the scope of the

claim(s) of the patent being reexamined. In 35 U.S.C. 305, it is stated that "[n]o proposed

amended or new claim enlarging the scope of a claim of the patent will be permitted in a

reexamination proceeding...." A claim presented in a reexamination "enlarges the scope" of the

patent claim(s) where the claim is broader than each and every claim of the patent. A claim is

broader in scope than the original claims if it contains within its scope any conceivable product

or process which would not have infringed the original patent. A claim is broadened if it is

broader in any one respect, even though it may be narrower in other respects.

Regarding independent claims 46 and 64. Claims 46 and 64 are directed to a process

whereby first and second measurements of optical data are taken via moving a reflector/mirror

into or out of the optical path as in claim 46, or moving the reflector and/or filter into or out of the optical path as in claim 64, and improving accuracy of the measurements using the two measurements. The Examiner finds that such as aspect of invention was not previously claimed and thus amounts to a process which would not have infringed the original patent. For example, the 652 Patent did include an originally patented process claim 18 directed to a process of operation of a device with a filter wheel with including a mirror to obtain data reflected via the mirror. Claims 46 and 64 are not directed to the process of operating the device, but rather, the a process of operating on data to refine the data measurements, and therefore a different aspect not previously claimed which would not have infringed the original patent claim 18.

Because claims 46 and 64 are directed to a process which would not have infringed the original patent process claim 18, claims 46 and 64 are rejected under 35 U.S.C. §305 as enlarging the scope of the claim(s) of the patent being reexamined.

The Examiner has reviewed dependent claims 47-51 and 65-67, these claims do not cure the deficiencies of claims 46 an 64 and therefore a rejected under 35 U.S.C. §305 for broadening based upon their dependency.

Regarding claims 68 and 69: Claims 68 and 69 depend from now amended claim 18. Claim 18 is directed to an aspect of a process of operation of a device for collecting optical data by moving a first filter wheel and second filter wheel to reflect a portion of light to collect that light. As noted directly above, original patented claim 18 was also directed to operation of the optical device. Accordingly claim 18 as amended is not directed to a different claimed aspect which would not have infringed the original patent. However after review of claims 68 and 69, the Examiner finds that these claims direct claim 18 to a different aspect whereby first and second measurements of optical data are taken via moving a reflector/mirror into or out of the

Control Number: 90/019,327                                                      Page 35
Art Unit: 3992

optical path for improving accuracy of the measurements using the two measurements. In other words claims 68 and 69 are directed to an aspect of operation on data and not the collection of the data. Accordingly, claims 68 and 69 are rejected under 35 U.S.C. §305 as enlarging the scope of the claim(s) of the patent being reexamined.

## IX. Claims Patentable and/or Confirmed

Claims 1-45, 52-63, are confirmed and/or deemed patentable as amended over the prior art of record.

Regarding independent claims 1, 41, and 52. The prior art record fails to teach the corresponding structure for FP#1, FP#6, and FP#7 outlined above that requires a filter assembly with first filter wheel and second filter wheel connected to an axle running parallel to the optical plane of the imaging device and connected to the housing, where the second filter wheel holds a mirror on a mirror mount, the filter assembly allowing rotation of both filter wheels into the optical path to place the mirror of the second filter wheel in the optical path to reflect the image .

Walker (US 3,818,198) and Sugiyama (5,432,609) are an exemplary reference of record that most closely approximate claims 1, 41, and 52. As shown in Figure 1, of both Walker and Sugiyama, partial reprints below, both references shown filter designs as in the corresponding structure of FP#1 that include at least a first filter wheel, 17 in walker, and 3 in Sugiyama and a second filter wheel with reflector, 41 in Walker, and 20 in Sugiyama.  However the Examiner finds these filter wheels do not make up an assemble with the first and second filter wheels connected to an axle running parallel to the optical beam path and allow the mirror to be rotated into to beam path.

*Ex Parte Reexamination of U.S. Pat. No. 8,482,652*
*Final Office Action.*                                    *Part of Paper No. 20250110*

Control Number: 90/019,327                                                      Page 36
Art Unit: 3992





Walker, Figure 1.                          Sugiyama, Figure 1.


Haenel (US 4,755,880) applied in the June 2024 Non-Final Action taught imaging system,

Figure 1 below. As shown below Haenel shows single filter wheel 15, with mirror 24, and mirror

mount 23, connected to the filter wheel allowing rotation of the mirror into the beam path.

However, Haenel fails to teach the second filter wheel connected to the axle (below 21, below)

parallel to the optical beam path 12.



Haenel, Figure 1.

*Ex Parte Reexamination of U.S. Pat. No. 8,482,652*
*Final Office Action.*

*Part of Paper No. 20250110*

As noted above, Walker and Sugiyama teach multiple filter wheels however do not teach them on the same axle parallels to the beam path and thus cannot be used to modify Haenel to arrive at the corresponding structure for FP#1. Kreysar (US 2007/0177049), Figure 1A partially reprinted below, shows an optical device with several filter wheels. However none of the filter wheels is holding a mirror for reflecting light into an optical input. The Examiner finds that it would not be obvious to modify Kreysar with Haenel to arrive at the corresponding structure for FP#1, because there would be no reason for a person in the art to make the modification. For example making the modification with Haenel and Kreysar to have a mirror on one of the filters in Kreysar or putting a second filter wheel in Haenel is not obvious because Kreysar is concerned with filtering and not reflecting light to an optical input for viewing or measuring as in Haenel. Likewise adding a second filter wheel to Haenel is not obvious as it would require a total redesign of Haenel. For example Haenel shows one filter wheel with a mirror support that extends substantially perpendicular to the filter wheel. Adding a second filter wheel in that space would require a new mirror mounting and/or expansion of the cavity for the plural filter wheels to fit and thus undue experimentation by a person skilled in the art. Accordingly, because the prior art of record fails to teach the corresponding structure for FP#1, claims 1, 41, and 52 are deemed patentable over the prior art of record.

Regarding independent claims 13. The prior art record fails to teach the corresponding structure for FP#3 and FP#4, outlined above that requires a filter wheel with mirror connected to an axle running parallel to the optical plane of the imaging device and connected to the housing, where the second filter wheel holds a mirror on a mirror mount, the filter assembly allowing rotation wheels into the optical plane to reflect light into an optical input, where FP#4 requires an optical fiber or light pipe and a spectrometer connected to or in the imaging device housing.

Control Number: 90/019,327                                                          Page 38
Art Unit: 3992

As noted the Non-Final Office action, the Examiner took the position that Haenel as modified by Kreysar and Dominic teaches an imaging device and system above, where Haenel Figure 1 above shows a first mirror 24 connected to a filter wheel that when rotated in the optical path reflects light to a second mirror 27, that allows a user to observe through view finder 30. The Examiner took the position that Dominic (US 2007/0272844) showed that it would be obvious to add the optical input 124, Figure 5 below, connected to a spectrometer 104, as taught by Dominic, thus arriving at the claim device including the corresponding structure for FP#3 and FP#4. In other words the Examiner took the position that Dominic showed that it was known in the art to have the light fed from the mirror into an optical input 124 and used for measurement such as with a spectrometer.



Figure 5

Dominic, Figure 5.

However, the Examiner finds that it would not be obvious to modify Haenel with Dominic to arrive at a device including both of the corresponding structures for FP#3 and FP#4. For example, while Dominic is showing reflecting the optical input to a light pipe connected to an image sensor Dominic does not show the filter wheel required by FP#3. And, Haenel shows a filter wheel 15 above, with mirror 24 moved into the optical beam path 12, however, the reflector in Haenel is applied to directed the image through a viewer. The Examiner finds it would require significant reconstruction of Haenel, and thus undue experimentation, to add a light pipe and a

Control Number: 90/019,327                                                                Page 39
Art Unit: 3992

spectrometer, and since Haenel is simply using the light pipe for viewing, there would be no reason to add the spectrometer, in place of the viewer because that would make one of the operating principles of Haenel unable to be performed. Further if Dominic is modified by Haenel to include a filter wheel to hold the reflector 116a of Dominic, as the Examiner finds it would not be obvious. For example while Dominic does say that the reflector 116a can be rotationally moved into the beam path position 116b and thus putting a wheel as in Haenel would be obvious. However claim 13 also requires selectively moving a filter or the reflector into the beam path, and although Haenel shows that feature, Dominic's operation is to not concerned with filtering rather choosing which detector 102 or 104 receives the optical signal. Rather, the Examiner finds that Dominic is only concerned with redirecting the optical beam and not filtering and therefore there would not be a reason to add the filter disclosed by Haenel, to Dominic. In other words, Domonic rotates a reflector 116 in the beam path to stop the light from arriving at detector 102, and redirect the light to detector 104. A person of skill in the art would be adding an extra feature of filtering the light arriving at detector 102 that is not required by Dominic. Thus modification changes the principle of operation of Dominica to arrive at the features of claim 13, which would not be obvious.

Regarding independent claims 18: The a method of acquiring optical data with an imaging device having a first filter [assembly] wheel and a second filter wheel positioned along an optical axis between a lens and an imaging sensor, the method comprising:

selectively moving the first filter wheel to align a mirror with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the first filter wheel comprises <u>rotating the first filter wheel about a rotational axis that is generally parallel with the</u>

Control Number: 90/019,327                                                  Page 40
Art Unit: 3992

optical axis such that the mirror is aligned with the optical axis at a location between (i) the

image sensor and (ii) the second filter wheel.

Walker, Figure 1 above, is a reference of record in this proceeding that most closely

approximates claim 18. As shown above Walker shows a first filter wheel 13 and second filter

wheel 16. First filter wheel 13 is reflective and may be rotated such that the reflective portion is

in the beam path and between the sensor 11. (Walker at C3:L10-24, and C4:L1-15).[3] However,

claim 18 requires the first filter wheel with mirror to rotate about a rotational axis parallel to the

optical path. As shown in Walker, the first filter wheel rotating around a rotational axis at an

angle to the optical path between lens 12 and sensor 11. Accordingly Walker does not disclose

claim 18.

Haenel, Figure 1 above is another reference of record that closely approximates claim 18.

Haenel shows the first filter wheel first filter wheel 15, with mirror 24, and mirror mount 23,

connected to the filter wheel allowing rotation of the mirror into the beam path. Haenel also

shows a second filter 14 that can be moved into the beam path. However Haenel never teaches

that the first filter wheel can rotate the mirror 24 into the beam path between (i) the image sensor

and (ii) the second filter wheel, as required by claim 18.

As noted above, Kreysar does show an imaging device with several filter wheels that can

rotate filters simultaneously along the beam path. However as also noted above, modifying

Kreysar with either Haenel or Walker would not be obvious. (See discussion above.)

Accordingly, Walker, Haenel, or Kreysar, alone or in combination would not teach claim

18. Accordingly, claim 18 is deemed to be patentable over the prior art or record.

---

[3] Walker in C4:L1-15 is referring to Pritchard for referencing using the reflective portion of wheel 13 to reflect light to sensor 11. See Prichard: "PR-1980B Pritchard SpectraRadiometer Systems," (2004), of record in the file at column 1.

Regarding independent claims 60. The prior art record fails to teach the corresponding structure for FP#8, FP#9 outlined above that requires a filter wheel connected to an axle running parallel to the optical plane of the imaging device and connected to the housing, where the filter wheel holds a mirror on a mirror mount, the filter assembly and mirror contained within a volume lying totally within the filter wheel.

As noted the Non-Final Office action, Haenel as modified by Kreysar and Dominic teaches an imaging device and system above, where Haenel Figure 1 shows a first mirror 24 connected to a filter wheel that when rotated in the optical path reflects light to a second mirror 27, that allows a user to observe through view finder 30. Dominic showed that it would be obvious to have the light fed from the mirror into an optical input 124, Dominic Figure 5. However, Haenel and Dominick fail to show the device with a filter wheels, one holding a mirror, with both the mirror and the support fully in a volume within the filter wheel. The Examiner finds that the remaining prior art of record fails to show the features of FP#8 and FP#9. For example, Walker, Sugiyama, Dominic, and Schiff (not discussed above, but of record), do discuss reflectors and/or mirrors for reflectors in optical devices. However, the Examiner has reviewed the Walker, Sugiyama, Dominic, and Schiff references, and finds insufficient evidence that those references are discussing filter wheels and the mounting of the reflectors within the filter wheels.

Based upon the above reasoning the Examiner finds that independent claims 1, 13, 41, 52, and 60 are confirmed, or are patentable, over the prior art of record.

Dependent claims 2-12, 13-17, 18-40, 42-45, 52-59, and 60-63 are confirmed, or are patentable, based upon dependency on their respective independent claims indicated directly above.

Control Number: 90/019,327 Page 42
Art Unit: 3992

## X. Response to Remarks

### A)   Remarks Concerning Prior Art Rejection

On pp. 21-32 PO argues that the applied prior art does not teach the claims 1-12, and 18-23 as amended or claims 13-17 unamended.

As noted above, the Examiner finds that claims 1-12 and 18-23 as amended are patentable over the prior art of record.

Regarding claim 13. PO argued it would not be obvious to modify Haenel with Kreysar, and Dominic to arrive at the claimed invention of claim 13. PO took the position because Haenel's principle of operation is to use the mirror/reflector to direct an image to a view finder. After modification with Dominic and Kreysar, the operation of Haenel would no longer be in same manner. Accordingly, PO takes the position that the combination is not obvious.

As noted above the Examiner agreed and claim 13 was confirmed.

### B)   Remarks concerning 112 ¶6.

On pp. 32-33, PO argues that a person of ordinary skill in the art would recognize a filter assembly, filter wheel, and optical input as sufficiently definite meaning of structures. As such the claims should not invoke 112 ¶6.

The Examiner finds this argument not persuasive. As noted above in the section concerning 112 ¶6, a phrase invokes 112 ¶6 if the phrase does not include a structure or if the phrase does not include a structure sufficient to perform the claimed function. PO has only addressed the introductory terms, i.e. agent nouns and not the complete claimed phrases. Those terms alone may be a structure however, the Examiner has reviewed PO's remarks and finds insufficient evidence that PO has shown any fact or evidence that the terms filter assembly, filter wheel, or optical input alone are known structures capable of performing the claimed functions.

Control Number: 90/019,327                                                    Page 43
Art Unit: 3992

Accordingly, the Examiner finds the PO argument not persuasive.

**C)      Remarks concerning new claims.**

On pp. 32-36, PO makes remarks concerning the new claims. As noted above, the Examiner has evaluated the new claims, and found some of the new claims patentable, and some stand rejected. The Examiner will address any remarks concerning the rejected new claims when they are posed in PO's next response.

## XI. Conclusion and Correspondence Information

Based upon the reasoning above, claims 46-51 and 64-69 are rejected under §112 and §305. Claims 1-45 and 52-63 are deemed are confirmed and/or are patentable as amended.

**THIS ACTION IS MADE FINAL.**

A shortened statutory period for response to this action is set to expire 2 from the mailing date of this action.

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination proceedings.** The provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a), it is required that reexamination proceedings "will be conducted with special dispatch within the Office."

**Extensions of time in reexamination proceedings are provided for in 37 CFR 1.550(c).** A request for extension of time must specify the requested period of extension and it must be accompanied by the petition fee set forth in 37 CFR 1.17(g). Any request for an extension in a third party requested Ex Parte reexamination must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request will not effect any extension of time. A request for an extension of time in a third party requested Ex Parte reexamination will be granted only for sufficient cause, and for a reasonable time specified. Any

Control Number: 90/019,327                                                Page 44
Art Unit: 3992

request for extension in a patent owner requested Ex Parte reexamination (including reexamination ordered under 35 U.S.C. 257) for up to two months from the time period set in the Office action must be filed no later than two months from the expiration of the time period set in the Office action.  A request for an extension in a patent owner requested Ex Parte reexamination for more than two months from the time period set in the Office action must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request for an extension for more than two months will not effect the extension.  The time for taking action in a patent owner requested Ex Parte reexamination will not be extended for more than two months from the time period set in the Office action in the absence of sufficient cause or for more than a reasonable time.

The filing of a timely first response to this final rejection will be construed as including a request to extend the shortened statutory period for an additional two months. In no event, however, will the statutory period for response expire later than SIX MONTHS from the mailing date of the final action. See MPEP § 2265.

Control Number: 90/019,327                                                Page 45
Art Unit: 3992

Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705, or the

Examiner can be reached directly at (571) 272-7876.

/NICK CORSARO/
Primary Examiner, Art Unit 3992

Conferees:

/EBK/
Patent Reexam Specialist, Art Unit 3992

/ANDREW J. FISCHER/
Supervisory Patent Reexamination Specialist, Art Unit 3992

# United States Patent and Trademark Office

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,327 | 12/09/2023 | 8482652 | 820150-7021 | 4375 |

25096         7590         02/05/2025

PERKINS COIE LLP - SEA General
PATENT-SEA
P.O. BOX 1247
SEATTLE, WA 98111-1247

| EXAMINER |
|---|
| CORSARO, NICK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/05/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

**Page 524 of 565**



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

THOMAS I HORSTEMEYER, LLP
3200 WINDY HILL ROAD, SE
SUITE 1600E
ATLANTA, GA 30339

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,327* .

PATENT UNDER REEXAMINATION  *8482652* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

Control Number: 90/019,327                                                                Page 2
Art Unit: 3992

**Interview Summary – Continuation**

**I. Participants of Interview**

A)      For Patent Owner ("Patent Owner or PO"):

1.      Aaron Poledna (Reg. No. 54,675);

B)      For the USPTO ("Examiner"):

1.      Nick Corsaro (Primary Examiner).

**II. Prior Art Discussed**

No prior art was discussed.

**III. Substance of Interview**

PO simply called concerning PO, in the next response, cancelling all claims rejected in the final office action issued January 10, 2025 ("**Jan. 2025 Final Action**"). For example, PO was considering simply cancelling the rejected claims 46-51 and 64-69 and keeping the confirmed claims 1-45 and 52-63. PO called to ask if the Examiner could simply do an Examiner amendment making the cancellation.

The Examiner indicated cancellation of rejected claims 46-51 and 64-69 and retaining confirmed claims 1-45 and 52-63 would advance the proceeding, however, it would be better if PO submitted a response making the cancellation because Examiners amendments were easily subject to errors.

Additionally, Examiner noted, that PO should make sure to follow all amendment and format requirements for reexamination outlined in MPEP §2250 and 37 CFR §1.530(d)-(j).

PO said Examiner's comments were understood and that PO would file the response.

Control Number: 90/019,327                                                                Page 3
Art Unit: 3992

## IV. Conclusion

Any inquiry concerning this communication or earlier communications from the Examiner should be directed to Nick Corsaro whose telephone number is 571-272-7876.  The Examiner can normally be reached on Monday through Friday 7am to 4pm. If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, Andrew J. Fischer can be reached on (571) 272-6779.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

**/NICK CORSARO/**
Primary Examiner, Art Unit 3992

| *Ex Parte Reexamination Interview Summary* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/019,327 | 8482652 |
| | Examiner | Art Unit | AIA (FITF) Status |
| | NICK CORSARO | 3992 | No |

All participants (USPTO personnel, patent owner, patent owner's representative):

| (1) NICK CORSARO | (3) _____ |
|---|---|
| (2) Aaron Paledna (Reg. No. 54675,) | (4) _____ |

Date of Interview: 30 January 2025

Type:   a) ☑ Telephonic   b) ☐ Video Conference
c) ☐ Personal (copy given to:  1) ☐ patent owner   2) ☐ patent owners representative)

Exhibit shown or demonstration conducted:   d) ☐ Yes   e) ☑ No.
If **Yes**, brief description: _____

Agreement with respect to the claims  f) ☐  was reached.   g) ☐  was not reached.   h) ☑  N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to..."

Claim(s) discussed: 1-69 .

Identification of prior art discussed: See Continuation Sheet .

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
See Continuation Sheet .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW
(37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNERS STATEMENT CAN NOT BE WAIVED.
**EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

| /NICK CORSARO/ Primary Examiner, Art Unit 3992 | | |
|---|---|---|

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-474 (Rev. 04-01)          *Ex Parte* **Reexamination Interview Summary**          Paper No. 20250131

**Page 528 of 565**

Docket No.: 077433.0011

(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re *Ex Parte* Reexamination of:

U.S. Patent No. 8,482,652

| | |
|---|---|
| Control No.:    90/019,327 | Confirmation No.: 4375 |
| Filed: December 9, 2023 | Art Unit: 3992 |
| For: IMAGING DEVICES WITH COMPONENTS FOR REFLECTING OPTICAL DATA AND ASSOCIATED METHODS OF USE AND MANUFACTURE | Examiner: Nick Corsaro |

## AMENDMENT AND RESPONSE TO
## FINAL OFFICE ACTION IN *EX-PARTE* REEXAMINATION

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Commissioner:

In response to the Final Office Action mailed January 10, 2025, in the above-referenced *Ex Parte* Reexamination of U.S. Patent No. 8,482,652, please amend the patent as follows:

**Amendments to the Claims** begin on page 2 of this paper; and

**Remarks/Arguments** begin on page 13 of this paper.

-1-

Application No.: 90/019,327
Response to Final Office Action dated January 10, 2025

Docket No.: 077433.0011

## AMENDMENTS TO THE CLAIMS

Please cancel claims 46-51 and 64-69. Following is a complete listing of the claims currently pending in this application, as amended:

1.      (Amended) An imaging device, comprising:

a lens configured to introduce light into the imaging device along an optical path;

an image sensor spaced apart from the lens and configured to receive at least [a portion]part of the light along the optical path;

a first filter [assembly]wheel and a second filter wheel different from the first filter wheel, wherein the first and second filter wheels are positioned between the lens and the image sensor, [wherein the filter assembly comprises a filter wheel]and wherein each of the first and second filter wheels is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and

a [reflector]mirror carried by the second filter [assembly]wheel, wherein the second filter [assembly]wheel is configured to move the [reflector]mirror between first and second positions,[and]

wherein, in the first position, the [reflector]mirror (a) is positioned between the first filter wheel and the image sensor, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light, and

wherein, in the second position, the [reflector]mirror is positioned outside of the optical path.

2.      (Amended) The imaging device of claim 1[,] wherein the portion of the light is a first portion of the light, and wherein the imaging device further comprises[ing] a filter carried by the second filter wheel, and wherein:

the second filter wheel is configured to move the filter between filtering and non-filtering positions,

wherein, in the filtering position, the filter is at least partially aligned with the optical path and filters at least a second portion of the light, and

077433.0011\170913380.1

Application No.: 90/019,327
Response to Final Office Action dated January 10, 2025

Docket No.: 077433.0011

wherein in the non-filtering position, the filter is positioned out of alignment with the optical path.

3.    (Amended) The imaging device of claim 2 wherein the [reflector]mirror is in the second position when the filter is in the filtering position.

4.    (Amended) The imaging device of claim 1[,] wherein the portion of the light is a first portion of the light, and wherein the imaging device further comprises[ing] an optical input configured to collect at least part of a[the first] portion of the light reflected by the [reflector]mirror when the [reflector]mirror is in the first position, and further wherein the optical input is configured to transmit the part of the reflected light to a spectrometer.

5.    (Original) The imaging device of claim 4 wherein the optical input is a light pipe.

6.    (Original) The imaging device of claim 4 wherein the optical input is an optical fiber.

7.    (Amended) The imaging device of claim 1 wherein the [reflector]mirror comprises a continuous surface mirror.

8.    (Amended) The imaging device of claim 1 wherein the [reflector]mirror comprises a Fresnel mirror.

9.    (Cancelled)

10.    (Amended) The imaging device of claim 1 wherein the second filter [assembly]wheel has a thickness, and wherein the [reflector]mirror fully fits within [a]the thickness of the second filter [assembly]wheel.

077433.0011\170913380.1

Application No.: 90/019,327                                                 Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

11.      (Amended) The imaging device of claim 1 wherein the [reflector]mirror is a first mirror, andwherein the imaging device further comprises a second mirror positioned outside of the optical path and a third mirror positioned outside of the optical path, and further wherein, when the first mirror is in the first position, the first mirror reflects at least [a]the portion of the light to the second mirror, and the second mirror reflects at least [a]the portion of the light to the third mirror.

12.      (Original) The imaging device of claim 11 wherein each of the first, second, and third mirrors is independently adjustable within the imaging device.

13.      (Original) A digital imaging system, comprising:

a digital camera including—

    a body;

    a lens carried by the body, wherein the lens allows light to enter the body;

    an image sensor carried by the body, wherein the image sensor detects at least a portion of the light that enters the body;

    a filter wheel movably positioned in the body between the lens and the image sensor, wherein the filter wheel is configured to rotate within the body about a rotational axis that is generally parallel with an optical path of the light passing from the lens to the image sensor;

    a filter carried by the filter wheel;

    a reflector carried by the filter wheel, wherein the filter wheel is configured to selectively position one of the filter and the reflector between the lens and the image sensor; and

    an optical input configured to receive at least a portion of the light reflected from the reflector when the filter wheel positions the reflector between the lens and the image sensor; and

a spectrometer coupled to the optical input.

14.      (Original) The system of claim 13 wherein the reflector is a first mirror, and wherein the system further comprises second and third mirrors carried by the body, and wherein

077433.0011\170913380.1

Application No.: 90/019,327                                              Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

when the first mirror is positioned between the lens and the imaging sensor the first mirror reflects light to the second mirror, the second mirror reflects light from the first mirror to the third mirror, and the third mirror reflects light from the second mirror to the optical input.

15.    (Original) The system of claim 13 wherein the reflector is a mirror.

16.    (Original) The system of claim 15 wherein the mirror is a Fresnel mirror.

17.    (Original) The system of claim 13 wherein the spectrometer is integral with the digital camera.

18.    (Amended) A method of acquiring optical data with an imaging device having a first filter [assembly]wheel and a second filter wheel positioned along an optical axis between a lens and an imaging sensor, the method comprising:

selectively moving the first filter [assembly]wheel to align a [reflector]mirror with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the first filter [assembly]wheel comprises rotating [a]the first filter wheel about a rotational axis that is generally parallel with the optical axis such that the mirror is aligned with the optical axis at a location between (i) the image sensor and (ii) the second filter wheel;

reflecting at least a portion of light transmitted along the optical axis when the [reflector]mirror is aligned with the optical axis; and

collecting at least a portion of the reflected light with an optical input.

19.    (Amended) The method of claim 18, further comprising transmitting at least [a]the portion of the reflected light from the optical input to a spectrometer.

20.    (Amended) The method of claim 18 wherein selectively moving the first filter [assembly]wheel to align the [reflector]mirror with the optical axis comprises selectively moving the first filter [assembly]wheel to align a continuous surface mirror with the optical axis.

077433.0011\170913380.1

21.    (Amended) The method of claim 18 wherein selectively moving the first filter [assembly]wheel to align the mirror with the optical axis comprises selectively moving the first filter [assembly]wheel to align a Fresnel mirror with the optical axis.

22.    (Amended) The method of claim 18 wherein the [reflector]mirror is a first mirror, and wherein reflecting at least a portion of the light comprises:

reflecting at least [a]the portion of the light from the first mirror to a second mirror, and

reflecting at least [a]the portion of the light from the second mirror to a third mirror, wherein the second and third mirrors are not aligned with the optical axis.

23.    (Amended) The method of 18, further comprising selectively moving the first filter [assembly]wheel to align a filter with the optical axis, wherein the filter is aligned with the optical axis when the [reflector]mirror is not aligned with the optical axis.

24.    (New) The method of claim 18, further comprising selectively moving the first filter wheel to align a filter with the optical axis.

25.    (New) The method of claim 18, further comprising selectively moving the second filter wheel to align a filter with the optical axis.

26.    (New) The method of claim 25 wherein selectively moving the second filter wheel comprises rotating the second filter wheel about a corresponding rotational axis that is generally parallel with the optical axis.

27.    (New) The method of claim 18 wherein selectively moving the first filter wheel comprises rotating the first filter wheel along a plane that is generally orthogonal to the rotational axis.

-6-

Application No.: 90/019,327                                      Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

28.    (New) The imaging device of claim 1, further comprising a filter carried by the first filter wheel, wherein the first filter wheel is configured to rotate about its corresponding rotational axis to selectively move the filter into the optical path.

29.    (New) The imaging device of claim 1, further comprising a filter carried by the second filter wheel, wherein the second filter wheel is configured to rotate about its corresponding rotational axis to selectively move the filter into the optical path.

30.    (New) The imaging device of claim 1 wherein the second filter wheel has a thickness, and wherein the mirror is carried by the filter wheel such that a portion of the mirror is positioned outside of the thickness.

31.    (New) The imaging device of claim 30 wherein the portion of the mirror is a first portion, and wherein the mirror is carried by the filter wheel such that a second portion of the mirror is positioned within the thickness.

32.    (New) The imaging device of claim 1 wherein the mirror is carried by the second filter wheel such that an angle of the mirror with respect to the second filter wheel is adjustable.

33.    (New) The imaging device of claim 1 wherein the corresponding rotational axis for the first filter wheel and the corresponding rotational axis for the second filter wheel are generally orthogonal to a plane along which the second filter wheel rotates to move the mirror between the first and second positions.

34.    (New) The digital imaging system of claim 13 wherein the reflector is a mirror and the filter wheel is a first filter wheel, and wherein the digital camera further comprises:
    a second filter wheel different from the first filter wheel,
    wherein the first filter wheel is configured to selectively position one of the filter and the
        mirror between the second filter wheel and the image sensor.

-7-

077433.0011\170913380.1

Application No.: 90/019,327                                                    Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

35.    (New) The digital imaging system of claim 34 wherein the second filter wheel is configured to rotate about a corresponding rotational axis that is generally parallel with the optical path.

36.    (New) The digital imaging system of claim 13 wherein the reflector is a mirror and the filter wheel is a first filter wheel, and wherein the digital camera further comprises:
a second filter wheel different from the first filter wheel,
wherein the first filter wheel is configured to selectively position one of the filter and the mirror between the lens and the second filter wheel.

37.    (New) The digital imaging system of claim 13 wherein the filter wheel has a thickness, and wherein the reflector, when carried by the filter wheel, fully fits within the thickness.

38.    (New) The digital imaging system of claim 13 wherein the filter wheel has a thickness, and wherein the reflector is carried by the filter wheel such that a portion of the reflector is positioned outside of the thickness.

39.    (New) The digital imaging system of claim 37 wherein the portion of the reflector is a first portion, and wherein the reflector is carried by the filter wheel such that a second portion of the reflector is positioned within the thickness.

40.    (New) The digital imaging system of claim 13 wherein the reflector is carried by the filter wheel such that an angle of the reflector with respect to the filter wheel is adjustable.

41.    (New) An imaging device, comprising:
a lens configured to introduce light into the imaging device along an optical path;
an image sensor spaced apart from the lens and configured to receive at least part of the light along the optical path;
a first filter wheel and a second filter wheel different from the first filter wheel, wherein each of the first filter wheel and the second filter wheel (a) is positioned between

-8-

077433.0011\170913380.1

Application No.: 90/019,327                                                      Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

the lens and the image sensor, and (b) is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and

a mirror carried by the first filter wheel such that an angle of the mirror with respect to the first filter wheel is adjustable, wherein the first filter wheel is configured to move the mirror between first and second positions, and wherein—

in the first position, the mirror (a) is positioned between the lens and the second filter wheel, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light, and

in the second position, the mirror is positioned outside of the optical path.

42.     (New) The imaging device of claim 41 wherein the first filter wheel has a thickness, and wherein the mirror, when carried by the first filter wheel, fully fits within the thickness.

43.     (New) The imaging device of claim 41 wherein the first filter wheel has a thickness, and wherein the mirror is carried by the filter wheel such that a portion of the mirror is positioned outside of the thickness.

44.     (New) The imaging device of claim 43 wherein the portion of the mirror is a first portion, and wherein the mirror is carried by the filter wheel such that a second portion of the mirror is positioned within the thickness.

45.     (New) The imaging device of claim 41 wherein the corresponding rotational axis for the first filter wheel and the corresponding rotational axis for the second filter wheel are generally orthogonal to a plane along which the first filter wheel rotates to move the mirror between the first and second positions.

46-51.  (Cancelled)

52.     (New) An imaging device, comprising:
a lens configured to introduce light into the imaging device;

-9-

077433.0011\170913380.1

an image sensor spaced apart from the lens and configured to receive, along an optical axis extending between the lens and the image sensor, at least a part of the light introduced into the imaging device via the lens;

a filter assembly positioned between the lens and the image sensor, wherein the filter assembly comprises a filter wheel configured to rotate about a rotational axis that is generally parallel to the optical axis; and

a mirror carried by the filter assembly, wherein the filter assembly is configured to move the mirror (i) separate from the filter wheel and (ii) between first and second positions, and wherein—

in the first position, the mirror (a) is positioned between the filter wheel and the image sensor, (b) is at least partially aligned with the optical axis, and (c) reflects at least a portion of the light, and

in the second position, the mirror is positioned outside of the optical axis.

53.     (New) The imaging device of claim 52 wherein the filter wheel is a first filter wheel, wherein the filter assembly further comprises a second filter wheel different from the first filter wheel and positioned between the first filter wheel and the image sensor, and wherein the mirror is carried by the second filter wheel.

54.     (New) The imaging device of claim 53 wherein the second filter wheel rotates about a corresponding rotational axis this is generally parallel to the optical axis.

55.     (New) The imaging device of claim 52 wherein the filter assembly includes a thickness measured in a direction generally parallel to the optical axis, and wherein the mirror is carried by the filter assembly such that the mirror is fully positioned within the thickness of the filter assembly.

56.     (New) The imaging device of claim 52 wherein the filter assembly includes a thickness measured in a direction generally parallel to the optical axis, and wherein the mirror is carried by the filter assembly such that a portion of the mirror is positioned outside of the thickness of the filter assembly.

Application No.: 90/019,327                                    Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

57.    (New) The imaging device of claim 56 wherein the portion is a first portion, and wherein the mirror is carried by the filter assembly such that a second portion of the mirror is positioned within the thickness of the filter assembly.

58.    (New) The imaging device of claim 52 wherein the filter assembly is configured to move the mirror between the first and second positions along a plane that is generally orthogonal to the rotational axis.

59.    (New) The imaging device of claim 52 wherein the mirror is carried by the filter assembly such that an angle of the mirror with respect to the filter assembly is adjustable.

60.    (New) An imaging device, comprising:

a lens configured to introduce light into the imaging device;

an image sensor spaced apart from the lens and configured to receive, along an optical axis extending between the lens and the image sensor, at least a part of the light introduced into the imaging device via the lens;

a mirror; and

a filter assembly positioned between the lens and the image sensor, the filter assembly including a filter wheel and a mirror support usable to mount the mirror to the filter wheel,

wherein—

the filter wheel and the mirror support collectively define a thickness measured in a direction extending generally parallel to the optical axis,

the mirror is mounted to the filter wheel such that the mirror is fully positioned within the thickness,

the filter assembly is configured to move the mirror between first and second positions and generally along a plane,

the filter wheel is configured to rotate about a rotational axis that is (a) generally parallel to the optical axis and (b) generally orthogonal to the plane,

077433.0011\170913380.1

Application No.: 90/019,327                                         Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

in the first position, the mirror is at least partially aligned with optical axis and
reflects at least a portion of the light introduced into the imaging device via
the lens, and

in the second position, the mirror is positioned out of alignment with the optical
axis.

61.    (New) The imaging device of claim 60 wherein the filter wheel is a first filter wheel, wherein the filter assembly further comprises a second filter wheel different from the first filter wheel, and wherein, in the first position, the mirror is positioned between the second filter wheel and the image sensor.

62.    (New) The imaging device of claim 60 wherein the filter wheel is a first filter wheel, wherein the filter assembly further comprises a second filter wheel different from the first filter wheel, and wherein, in the first position, the mirror is positioned between the lens and the second filter wheel.

63.    (New) The imaging device of claim 60 wherein the mirror is mounted to the filter wheel such that an angle of the mirror with respect to the filter wheel is adjustable.

64-69.  (Cancelled)

077433.0011\170913380.1

Application No.: 90/019,327                                                  Docket No.: 077433.0011
Response to Final Office Action dated January 10, 2025

## REMARKS/ARGUMENTS

This paper responds to the Final Office Action mailed January 10, 2025, in the present *Ex Parte* Reexamination of U.S. Patent No. 8,482,652.

Pursuant to 37 C.F.R. § 1.530(e), Patent Owner provides the status of all patent claims and of all newly added claims as of the date of this response:

- Claims 1–8 and 10–69 are pending and subject to reexamination.

- No claims have been amended or added herein. Claims 1–4, 7, 8, 10, 11, and 18–23 were previously amended in a response submitted October 7, 2024, in the present proceedings, and new claims 24–69 were previously added in the October 7th response.

- Claims 46–51 and 64–69 stand rejected.

- Claims 1–45 and 52–63 are confirmed as patentable.

Patent Owner disagrees with the outstanding rejections of claims 46–51 and 64–69, and reserves all right to argue that the present rejections are in error. Nevertheless, in an effort to expedite prosecution of the present proceedings, claims 46–51 and 64–69 are cancelled herein without prejudice.

In view of the foregoing, Patent Owner believes that claims 1–45 and 52–63 are in immediate condition for allowance. Accordingly, Patent Owner respectfully requests (i) withdrawal of the outstanding rejections of the claims and (ii) issuance of a reexamination certificate confirming patentability of the pending claims.

If the Examiner has any questions or believes a telephone conference would expedite prosecution of this application, the Examiner is encouraged to contact the undersigned at (206) 359-3982.

Although the present communication may include alterations to the application or claims, or characterizations of claim scope or referenced art, Patent Owner's arguments are made without prejudice or disclaimer. Additionally, Patent Owner is not conceding that previously pending claims are not patentable over the cited references. Instead, any alterations or characterizations are

-13-

077433.0011\170913380.1

being made to facilitate expeditious prosecution of this application. Further, by not responding to additional statements made in the Office Action, Patent Owner does not acquiesce or concede to such statements.

Please charge any underpayment or credit any overpayment to our Deposit Account No. 50-0665, under Order No. 077433.0011 from which the undersigned is authorized to draw.

Dated: February 12, 2025                                 Respectfully submitted,


By __/Aaron J. Poledna/___
     Aaron J. Poledna
     Registration No.: 54,675
     Perkins Coie LLP
     P.O. Box 1247
     Seattle, WA 98111-1247
     Phone: (206) 359-3982
     Fax: (206) 359-7198
     Attorney for Patent Owner

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,327 | 12/09/2023 | 8482652 | 820150-7021 | 4375 |

25096          7590          03/27/2025
PERKINS COIE LLP - SEA General
PATENT-SEA
P.O. BOX 1247
SEATTLE, WA 98111-1247

| EXAMINER |
|---|
| CORSARO, NICK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/27/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

THOMAS I HORSTEMEYER, LLP
3200 WINDY HILL ROAD, SE
SUITE 1600E
ATLANTA, GA 30339

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,327* .

PATENT UNDER REEXAMINATION  *8482652* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

**Page 544 of 565**

| *Notice of Intent to Issue* | **Control No.** 90/019,327 | **Patent Under Reexamination** 8482652 | |
|---|---|---|---|
| *Ex Parte Reexamination Certificate* | **Examiner** NICK CORSARO | **Art Unit** 3992 | **AIA (First Inventor to File) Status** No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☑ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☑ Patent owner's communication(s) filed: 12 February 2025.
   (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: _____.
   (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated _____
   (e) ☐ Other: _____.

2. The Reexamination Certificate will indicate the following:
   (a) Change in the Specification: ☐ Yes ☑ No
   (b) Change in the Drawing(s): ☐ Yes ☑ No
   (c) Status of the Claim(s):
   
       (1) Patent claim(s) confirmed: 13-17.
       (2) Patent claim(s) amended (including dependent on amended claim(s)): 1-8,10-12 and 18-23
       (3) Patent claim(s) canceled: 9.
       (4) Newly presented claim(s) patentable: 24-45 and 52-63.
       (5) Newly presented canceled claims: 46-51 and 64-69.
       (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
       (7) Patent claim(s) not subject to reexamination: _____.

3. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

4. ☑ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

5. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

6. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

7. ☐ The drawing correction request filed on _____ is: ☐approved ☐disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some*   c) ☐None of the certified copies have
       ☐been received.
       ☐not been received.
       ☐been filed in Application No. _____.
       ☐been filed in reexamination Control No. _____.
       ☐been received by the International Bureau in PCT Application No. _____.

   * Certified copies not received: _____.

9. ☐ Note attached Examiner's Amendment.

10. ☐ Note attached Interview Summary (PTO-474).

11. ☐ Other: _____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

| /NICK CORSARO/ Primary Examiner, Art Unit 3992 | |
|---|---|

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev. 08-13)    **Notice of Intent to Issue Ex Parte Reexamination Certificate**    Part of Paper No. 20250308

**Page 545 of 565**

Control Number: 90/019,327                                                      Page 2
Art Unit: 3992

## NOTICE OF INTENT TO ISSUE REEXAMINATION CERTIFICATE

### I. Introduction

**A)    The Patent Under Reexamination**

This action addresses *Ex Parte* reexamination of U.S. Pat. No. 8,482,652 ("**652 Patent**") to Kreysar et al., titled "IMAGING DEVICES WITH COMPONENTS FOR REFLECTING OPTICAL DATA AND ASSOCIATED METHODS OF USE AND MANUFACTURE."

**B)    Priority, Effective Filing Date, Patent Term**

U.S. Pat. No. 8,482,652 ("652 Patent"), issued, July 09, 2013, and was based upon U.S. application 12/748,035, filed Mar. 26, 2010 and which claims priority to U.S. Provisional Application No. 61/164,331, filed Mar. 07, 2009.

To the extent that the claims are supported by the above provisional application, the 652 Patent would have an effective filing date of Mar. 07, 2009.

Additionally, based upon the U.S. filing date the Examiner finds that the term of 652 Patent has not expired.

**C)    Summary of the Proceeding**

On Dec. 9, 2023, a Third-Party Requester ("**Requester**") filed a request ("**Request**") for Ex Parte reexamination of claims 1 - 23 of the 652 Patent. The Request was assigned reexamination control number 90/019,327 ("**327 Proceeding**" or "**Instant Reexamination Proceeding**").

Control Number: 90/019,327                                                                                   Page 3
Art Unit: 3992

On Feb. 12, 2024, the Office issued an order ("**Order**") granting reexamination of the requested claims. For that reason, claims 1 - 23 of the 652 Patent were addressed in the Non-Final Office Action.

On August 08, 2024 the Office issued a Non-Final Action ("Aug 2024 Non-Final Action"). Claims 1-23 were pending. Claims 1-10, 13, 15-21, and 23 stood rejected based upon prior art. Dependent claims 11-12, 14, and 22 were deemed patentable and/or confirmed.

On October 07, 2024 the office received a PO response ("Oct 2024 PO Response"). Patent claims 1-8, and 10-23 and new claims 24-69 were submitted. Dependent claim 9, was cancelled.

On, January 10, 2025 the Office issued a final office action ("**Jan 2025 Final Action**"). Claims 46-51 and 64-69 were rejected under §112¶1 for lack of support, and §305 for broadening. Claims 46-51 and 64-67 were rejected under §112¶2. Claims 1-8, 10-45, and 52-63 were deemed patentable.

On February 12, 2025 the office received a PO response ("Feb 2025 PO Response"). In the Feb 2025 PO Response, the PO cancelled 46-51, and 64-69. Claim 9 was previously cancelled. Claims 1-8, 10-45, and 52-63 were submitted without changes from the PO's last response.

**D)    Reminder Concerning Status of Concurrent Proceedings.**

Patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

*Ex Parte Reexamination of U.S. 8,482,652*                                                    *Part of Paper No. 20250308*
*Notice of Intent to Issue Reexamination  Certificate (NIRC)*

Control Number: 90/019,327                                                                 Page 4
Art Unit: 3992

The third-party requester is similarly apprised of the ability to disclose such proceedings.

## II.  Status of Claims

**A)      Claims Addressed in this Proceeding**

1.      Claims 1- 23 were the patented claims ("**Patented Claims**").

2.      Claims 1 - 23 were requested for reexamination ("**Reexamined Claims**").

3.      Claims 24-69 were submitted as new during this proceeding ("**New Claims**").

4.      Claims 9, 46-51, and 64-69 have been cancelled in this proceeding ("**Cancelled Claims**").

4.      Claims 1-8, 10-45, and 52-63 are therefore pending ("**Pending Claims**").

**B)      Disposition of Claims as a Result of this Action**

1.      Claims 1-8, 10-45, and 52-63 are patentable over the prior art of record.

## III. Acknowledgements

**1.**      AIA: Because the 652 Patent has an effective filling before March 13, 2013, the present application is being examined under the pre-AIA first to invent provisions.

**2.**      Concurrent Proceedings: Based upon Examiner's review of the 652 Patent itself, the prosecution history, and the image file wrapper, the Examiner finds that there are no concurrent Ex Parte reexaminations, supplemental reexaminations, reissues, or IPR proceedings involving the 652 Patent.

Control Number: 90/019,327                                                                 Page 5
Art Unit: 3992

3.      Litigation: Based upon the Examiner's review of the prosecution history, the file record

including the Request, with associated submissions, and a litigation search conducted by the

USPTO, the Examiner finds that the 652 Patent is in litigation. *(Request p.2).*

## IV. Claim Interpretation

The claim interpretation recited in the Jan 2025 Final Action pp. 6-26, us carried forward

and incorporated here by reference in its entirety.

## V. Reasons for Patentability

Claims 1-8, 10-45, 52-63, are confirmed and/or deemed patentable as amended over the

prior art of record.

Regarding independent claims 1, 41, and 52. The prior art record fails to teach the

corresponding structure for FP#1, FP#6, and FP#7 outlined above that requires a filter assembly

with first filter wheel and second filter wheel connected to an axle running parallel to the optical

plane of the imaging device and connected to the housing, where the second filter wheel holds a

mirror on a mirror mount, the filter assembly allowing rotation of both filter wheels into the

optical path to place the mirror of the second filter wheel in the optical path to reflect the image.

Walker (US 3,818,198) and Sugiyama (5,432,609) are an exemplary reference of record

that most closely approximate claims 1, 41, and 52. As shown in Figure 1, of both Walker and

Sugiyama, partial reprints below, both references shown filter designs as in the corresponding

structure of FP#1 that include at least a first filter wheel, 17 in walker, and 3 in Sugiyama and a

second filter wheel with reflector, 41 in Walker, and 20 in Sugiyama. However the Examiner

finds these filter wheels do not make up an assemble with the first and second filter wheels

*Ex Parte Reexamination of U.S. 8,482,652*                                    *Part of Paper No. 20250308*
*Notice of Intent to Issue Reexamination Certificate (NIRC)*

**Page 549 of 565**

Control Number: 90/019,327                                           Page 6
Art Unit: 3992

connected to an axle running parallel to the optical beam path and allow the mirror to be rotated

into to beam path.



Walker, Figure 1.                Sugiyama, Figure 1.

Haenel (US 4,755,880) applied in the June 2024 Non-Final Action taught imaging system,

Figure 1 below. As shown below Haenel shows single filter wheel 15, with mirror 24, and mirror

mount 23, connected to the filter wheel allowing rotation of the mirror into the beam path.

However, Haenel fails to teach the second filter wheel connected to the axle (below 21, below)

parallel to the optical beam path 12.

Control Number: 90/019,327    Page 7
Art Unit: 3992



Haenel, Figure 1.

As noted above, Walker and Sugiyama teach multiple filter wheels however do not teach them on the same axle parallels to the beam path and thus cannot be used to modify Haenel to arrive at the corresponding structure for FP#1. Kreysar (US 2007/0177049), Figure 1A partially reprinted below, shows an optical device with several filter wheels, e.g. 144, or shutters 122 that rotate.



- Kreysar, US 2007/0177049, Figure 1A.

*Ex Parte Reexamination of U.S. 8,482,652*
*Notice of Intent to Issue Reexamination Certificate (NIRC)*

Control Number: 90/019,327                                                    Page 8
Art Unit: 3992

However the Examiner finds that Kreysar does not disclose that the filter wheels or shutter hold a mirrors for reflecting light into an optical input. The Examiner finds that it would not be obvious to modify Kreysar with Haenel to arrive at the corresponding structure for FP#1, because there would be no reason for a person in the art to make the modification. For example making the modification with Haenel and Kreysar to have a mirror on one of the filters in Kreysar or putting a second filter wheel in Haenel is not obvious because Kreysar is concerned with filtering and not reflecting light to an optical input for viewing or measuring as in Haenel. Likewise adding a second filter wheel to Haenel is not obvious as it would require a total redesign of Haenel. For example, Haenel shows one filter wheel with a mirror support that extends substantially perpendicular to the filter wheel. Adding a second filter wheel in that space would require a new mirror mounting and/or expansion of the cavity for the plural filter wheels to fit and thus undue experimentation by a person skilled in the art. Accordingly, because the prior art of record fails to teach the corresponding structure for FP#1, claims 1, 41, and 52 are deemed patentable over the prior art of record.

Regarding independent claims 13. The prior art record fails to teach the corresponding structure for FP#3 and FP#4, outlined above that requires a filter wheel with mirror connected to an axle running parallel to the optical plane of the imaging device and connected to the housing, where the second filter wheel holds a mirror on a mirror mount, the filter assembly allowing rotation wheels into the optical plane to reflect light into an optical input, where FP#4 requires an optical fiber or light pipe and a spectrometer connected to or in the imaging device housing.

As noted the Non-Final Office action, the Examiner took the position that Haenel as modified by Kreysar and Dominic teaches an imaging device and system above, where Haenel Figure 1 above  shows a first mirror 24 connected to a filter wheel that when rotated in the

*Ex Parte Reexamination of U.S. 8,482,652*                          *Part of Paper No. 20250308*
*Notice of Intent to Issue Reexamination  Certificate (NIRC)*

**Page 552 of 565**

optical path reflects light to a second mirror 27, that allows a user to observe through view finder 30. The Examiner took the position that Dominic (US 2007/0272844) showed that it would be obvious to add the optical input 124, Figure 5 below, connected to a spectrometer 104, as taught by Dominic, thus arriving at the claim device including the corresponding structure for FP#3 and FP#4. In other words the Examiner took the position that Dominic showed that it was known in the art to have the light fed from the mirror into an optical input 124 and used for measurement such as with a spectrometer.



Figure 5

Dominic, Figure 5.

However, the Examiner finds that it would not be obvious to modify Haenel with Dominic to arrive at a device including both of the corresponding structures for FP#3 and FP#4. For example, while Dominic is showing reflecting the optical input to a light pipe connected to an image sensor Dominic does not show the filter wheel required by FP#3. And, Haenel shows a filter wheel 15 above, with mirror 24 moved into the optical beam path 12, however, the reflector in Haenel is applied to directed the image through a viewer. The Examiner finds it would require significant reconstruction of Haenel, and thus undue experimentation, to add a light pipe and a spectrometer, and since Haenel is simply using the light pipe for viewing, there would be no reason to add the spectrometer, in place of the viewer because that would make one of the operating principles of Haenel unable to be performed. Further if Dominic is modified by Haenel

to include a filter wheel to hold the reflector 116a of Dominic, as the Examiner finds it would not be obvious. For example while Dominic does say that the reflector 116a can be rotationally moved into the beam path position 116b and thus putting a wheel as in Haenel would be obvious. However claim 13 also requires selectively moving a filter or the reflector into the beam path, and although Haenel shows that feature, Dominic's operation is to not concerned with filtering rather choosing which detector 102 or 104 receives the optical signal. Rather, the Examiner finds that Dominic is only concerned with redirecting the optical beam and not filtering and therefore there would not be a reason to add the filter disclosed by Haenel, to Dominic. In other words, Domonic rotates a reflector 116 in the beam path to stop the light from arriving at detector 102, and redirect the light to detector 104. A person of skill in the art would be adding an extra feature of filtering the light arriving at detector 102 that is not required by Dominic. Thus modification changes the principle of operation of Dominica to arrive at the features of claim 13, which would not be obvious.

Regarding independent claims 18: The a method of acquiring optical data with an imaging device having a first filter [assembly] wheel and a second filter wheel positioned along an optical axis between a lens and an imaging sensor, the method comprising:

selectively moving the first filter wheel to align a mirror with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the first filter wheel comprises rotating the first filter wheel about a rotational axis that is generally parallel with the optical axis such that the mirror is aligned with the optical axis at a location between (i) the image sensor and (ii) the second filter wheel.

Walker, Figure 1 above, is a reference of record in this proceeding that most closely approximates claim 18. As shown above Walker shows a first filter wheel 13 and second filter

*Ex Parte Reexamination of U.S. 8,482,652*    *Part of Paper No. 20250308*
*Notice of Intent to Issue Reexamination Certificate (NIRC)*

**Page 554 of 565**

wheel 16. First filter wheel 13 is reflective and may be rotated such that the reflective portion is in the beam path and between the sensor 11. (Walker at C3:L10-24, and C4:L1-15).[1] However, claim 18 requires the first filter wheel with mirror to rotate about a rotational axis parallel to the optical path. As shown in Walker, the first filter wheel rotating around a rotational axis at an angle to the optical path between lens 12 and sensor 11. Accordingly Walker does not disclose claim 18.

Haenel, Figure 1 above is another reference of record that closely approximates claim 18. Haenel shows the first filter wheel first filter wheel 15, with mirror 24, and mirror mount 23, connected to the filter wheel allowing rotation of the mirror into the beam path. Haenel also shows a second filter 14 that can be moved into the beam path. However Haenel never teaches that the first filter wheel can rotate the mirror 24 into the beam path between (i) the image sensor and (ii) the second filter wheel, as required by claim 18.

As noted above, Kreysar does show an imaging device with several filter wheels that can rotate filters simultaneously along the beam path. However as also noted above, modifying Kreysar with either Haenel or Walker would not be obvious. (See discussion above.)

Accordingly, Walker, Haenel, or Kreysar, alone or in combination would not teach claim 18. Accordingly, claim 18 is deemed to be patentable over the prior art or record.

Regarding independent claims 60. The prior art record fails to teach the corresponding structure for FP#8, FP#9 outlined above that requires a filter wheel connected to an axle running parallel to the optical plane of the imaging device and connected to the housing, where the filter

---

[1] Walker in C4:L1-15 is referring to Pritchard for referencing using the reflective portion of wheel 13 to reflect light to sensor 11. See Pritchard at column 1: "PR-1980B Pritchard SpectraRadiometer Systems," (2004), of record in the file.

*Ex Parte Reexamination of U.S. 8,482,652*                                  *Part of Paper No. 20250308*
*Notice of Intent to Issue Reexamination Certificate (NIRC)*

**Page 555 of 565**

Control Number: 90/019,327                                                                   Page 12
Art Unit: 3992

wheel holds a mirror on a mirror mount, the filter assembly and mirror contained within a volume lying totally within the filter wheel.

As noted the Non-Final Office action, Haenel as modified by Kreysar and Dominic teaches an imaging device and system above, where Haenel Figure 1 shows a first mirror 24 connected to a filter wheel that when rotated in the optical path reflects light to a second mirror 27, that allows a user to observe through view finder 30. Dominic showed that it would be obvious to have the light fed from the mirror into an optical input 124, Dominic Figure 5. However, Haenel and Dominick fail to show the device with a filter wheels, one holding a mirror, with both the mirror and the support fully in a volume within the filter wheel. The Examiner finds that the remaining prior art of record fails to show the features of FP#8 and FP#9. For example, Walker, Sugiyama, Dominic, and Schiff (not discussed above, but of record), do discuss reflectors and/or mirrors for reflectors in optical devices. However, the Examiner has reviewed the Walker, Sugiyama, Dominic, and Schiff references, and finds insufficient evidence that those references are discussing filter wheels and the mounting of the reflectors within the filter wheels.

Based upon a review of *all* the prior art now of record in combination with the above reasoning, the Examiner finds that independent claims 1, 13, 41, 52, and 60 are confirmed, or are patentable, over the prior art.

Dependent claims 2-8, 10-12, 14-17, 18-40, 42-45, 52-59, and 60-63 are confirmed, or are patentable, based upon dependency on their respective independent claims indicated directly above.

*Ex Parte Reexamination of U.S. 8,482,652*
*Notice of Intent to Issue Reexamination Certificate (NIRC)*

*Part of Paper No. 20250308*

Control Number: 90/019,327                                    Page 13
Art Unit: 3992

## V. Conclusion and Correspondence

Any inquiry concerning this communication or earlier communications from the Examiner should be directed to Nick Corsaro whose telephone number is 571-272-7876. The Examiner can normally be reached on Monday through Friday 7am to 4pm. If attempts to reach the Examiner by telephone are unsuccessful, the Examiner's supervisor, Andrew J. Fischer can be reached on (571) 272-6779.

Information regarding the status of the proceeding may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit:

https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center.

For more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/NICK CORSARO/
Primary Examiner, Art Unit 3992


Conferees:

/Eric B. Kiss/
Patent Reexam Specialist, Art Unit 3992

/ANDREW J. FISCHER/
Supervisory Patent Reexamination Specialist, Art Unit 3992

*Ex Parte Reexamination of U.S. 8,482,652*                    *Part of Paper No. 20250308*
*Notice of Intent to Issue Reexamination Certificate (NIRC)*

**Page 557 of 565**

US008482652C1

## (12) EX PARTE REEXAMINATION CERTIFICATE (12996th)
# United States Patent
Kreysar et al.

(10) **Number:** **US 8,482,652 C1**

(45) **Certificate Issued:** **Jul. 25, 2025**

(54) **IMAGING DEVICES WITH COMPONENTS FOR REFLECTING OPTICAL DATA AND ASSOCIATED METHODS OF USE AND MANUFACTURE**

(75) Inventors: **Douglas Kreysar**, Redmond, WA (US); **Ronald F. Rykowski**, Bellevue, WA (US); **Richard E. Albrecht**, Cumming, GA (US)

(73) Assignee: **RADIANT ZEMAX, LLC**, Redmond, WA (US)

**Reexamination Request:**
No. 90/019,327, Dec. 9, 2023

**Reexamination Certificate for:**
Patent No.: **8,482,652**
Issued: **Jul. 9, 2013**
Appl. No.: **12/748,035**
Filed: **Mar. 26, 2010**

### Related U.S. Application Data

(60) Provisional application No. 61/164,331, filed on Mar. 27, 2009.

(51) **Int. Cl.**
| | |
|---|---|
| *H04N 5/217* | (2011.01) |
| *G01J 3/02* | (2006.01) |
| *G01J 3/08* | (2006.01) |
| *G01J 3/50* | (2006.01) |
| *G01J 3/51* | (2006.01) |
| *H04N 5/238* | (2006.01) |

(52) **U.S. Cl.**
CPC ............... *G01J 3/02* (2013.01); *G01J 3/0202* (2013.01); *G01J 3/0208* (2013.01); *G01J 3/021* (2013.01); *G01J 3/0218* (2013.01); *G01J 3/0235* (2013.01); *G01J 3/08* (2013.01); *G01J 3/50* (2013.01); *G01J 3/505* (2013.01); *G01J 3/51* (2013.01)

(58) **Field of Classification Search**
None
See application file for complete search history.

(56) **References Cited**

To view the complete listing of prior art documents cited during the proceeding for Reexamination Control Number 90/019,327, please refer to the USPTO's Patent Electronic System.

*Primary Examiner* — Nick Corsaro

(57) **ABSTRACT**

The present disclosure is directed to imaging device, systems, and methods for collecting optical data for use with spectrometers. An imaging device configured in accordance with one aspect of the disclosure includes a lens configured to introduce light into the imaging device along an optical path, and an image sensor spaced apart from the lens and configured to receive at least a portion of the light along the optical path. The imaging device further includes a filter assembly positioned between the lens and the image sensor, and a reflector or mirror carried by the filter assembly. The filter assembly is configured to move the reflector between first and second positions. In the first position the reflector is a t least partially aligned with the optical path and reflects at least a portion of the light to a corresponding light input for a spectrometer. In the second position the reflector is positioned outside of the optical path.



US 8,482,652 C1

1

# EX PARTE
# REEXAMINATION CERTIFICATE

THE PATENT IS HEREBY AMENDED AS
INDICATED BELOW.

**Matter enclosed in heavy brackets [ ] appeared in the patent, but has been deleted and is no longer a part of the patent; matter printed in italics indicates additions made to the patent.**

AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT:

The patentability of claims **13-17** is confirmed.

Claim **9** is cancelled.

Claims **1-4**, **7-8**, **10-11** and **18-23** are determined to be patentable as amended.

Claims **5-6** and **12**, dependent on an amended claim, are determined to be patentable.

New claims **24-57** are added and determined to be patentable.

1. An imaging device, comprising:

a lens configured to introduce light into the imaging device along an optical path;

an image sensor spaced apart from the lens and configured to receive at least [a portion] *part* of the light along the optical path;

a *first* filter [assembly] *wheel and a second filter wheel different from the first filter wheel, wherein the first and second filter wheels are* positioned between the lens and the image sensor, [wherein the filter assembly comprises a filter wheel] *and wherein each of the first and second filter wheels is* configured to rotate about a *corresponding* rotational axis that is generally parallel to the optical path; and

a [reflector] *mirror* carried by the *second* filter [assembly] *wheel*, wherein the *second* filter [assembly] *wheel* is configured to move the [reflector] *mirror* between first and second positions, [and]

wherein, in the first position, the [reflector] *mirror (a) is positioned between the first filter wheel and the image sensor (b) is* at least partially aligned with the optical path, and *(c)* reflects at least a portion of the light, and

wherein, in the second position, the [reflector] *mirror* is positioned outside of the optical path.

2. The imaging device of claim **1**[.] *wherein the portion of the light is a first portion of the light, and wherein the imaging device* further [comprising] *comprises* a filter carried by the *second* filter wheel, *and* wherein:

the *second* filter wheel is configured to move the filter between filtering and non-filtering positions,

wherein, in the filtering position, the filter is at least partially aligned with the optical path and filters at least a *second* portion of the light, and

*wherein,* in the non-filtering position, the filter is positioned out of alignment with the optical path.

3. The imaging device of claim **2** wherein the [reflector] *mirror* is in the second position when the filter is in the filtering position.

4. The imaging device of claim **1**[.] *wherein the portion of the light is a first portion of the light, and wherein the imaging device* further [comprising] *comprises* an optical input configured to collect at least [a] *part of the first* portion of the light reflected by the [reflector] *mirror* when the

2

[reflector] *mirror* is in the first position, *and further* wherein the optical input is configured to transmit the *part of the* reflected light to a spectrometer.

7. The imaging device of claim **1** wherein the [reflector] *mirror* comprises a continuous surface mirror.

8. The imaging device of claim **1** wherein the [reflector] *mirror* comprises a Fresnel mirror.

10. The imaging device of claim **1** wherein the *second* filter [assembly] *wheel* has a thickness, and wherein the [reflector] *mirror fully* fits within [a] *the* thickness of the *second* filter [assembly] *wheel*.

11. The imaging device of claim **1** wherein the [reflector] *mirror* is a first mirror, and wherein the imaging device further comprises a second mirror positioned outside of the optical path and a third mirror positioned outside of the optical path, *and further* wherein, when the first mirror is in the first position, the first mirror reflects at least [a] *the* portion of the light to the second mirror, and the second mirror reflects at least [a] *the* portion of the light to the third mirror.

18. A method of acquiring optical data with an imaging device having a *first* filter [assembly] *wheel and a second filter wheel* positioned along an optical axis between a lens and an imaging sensor, the method comprising:

selectively moving the *first* filter [assembly] *wheel* to align a [reflector] *mirror* with the optical axis extending between the lens and the imaging sensor, wherein selectively moving the *first* filter [assembly] *wheel* comprises rotating [a] *the first* filter wheel about a rotational axis that is generally parallel with the optical axis *such that the mirror is aligned with the optical axis at a location between (i) the image sensor and (ii) the second filter wheel*;

reflecting at least a portion of light transmitted along the optical axis when the [reflector] *mirror* is aligned with the optical axis; and

collecting at least a portion of the reflected light with an optical input.

19. The method of claim **18**, further comprising transmitting at least [a] *the* portion of the reflected light from the optical input to a spectrometer.

20. The method of claim **18** wherein selectively moving the *first* filter [assembly] *wheel* to align the [reflector] *mirror* with the optical axis comprises selectively moving the *first* filter [assembly] *wheel* to align a *continuous surface* mirror with the optical axis.

21. The method of claim **18** wherein selectively moving the *first* filter [assembly] *wheel* to align the mirror with the optical axis comprises selectively moving the *first* filter [assembly] *wheel* to align a Fresnel mirror with the optical axis.

22. The method of claim **18** wherein the [reflector] *mirror* is a first mirror, and wherein reflecting at least a portion of the light comprises:

reflecting at least [a] *the* portion of the light from the first mirror to a second mirror, and reflecting at least [a] *the* portion of the light from the second mirror to a third mirror, wherein the second and third mirrors are not aligned with the optical axis.

23. The method of **18**, further comprising selectively moving the *first* filter [assembly] *wheel* to align a filter with the optical axis, wherein the filter is aligned with the optical axis when the [reflector] *mirror* is not aligned with the optical axis.

*24. The method of claim 18, further comprising selectively moving the first filter wheel to align a filter with the optical axis.*

**Page 559 of 565**

US 8,482,652 C1

**3**

25. The method of claim 18, further comprising selectively moving the second filter wheel to align a filter with the optical axis.

26. The method of claim 25 wherein selectively moving the second filter wheel comprises rotating the second filter wheel about a corresponding rotational axis that is generally parallel with the optical axis.

27. The method of claim 18 wherein selectively moving the first filter wheel comprises rotating the first filter wheel along a plane that is generally orthogonal to the rotational axis.

28. The imaging device of claim 1, further comprising a filter carried by the first filter wheel, wherein the first filter wheel is configured to rotate about its corresponding rotational axis to selectively move the filter into the optical path.

29. The imaging device of claim 1, further comprising a filter carried by the second filter wheel, wherein the second filter wheel is configured to rotate about its corresponding rotational axis to selectively move the filter into the optical path.

30. The imaging device of claim 1 wherein the second filter wheel has a thickness, and wherein the mirror is carried by the filter wheel such that a portion of the mirror is positioned outside of the thickness.

31. The imaging device of claim 30 wherein the portion of the mirror is a first portion, and wherein the mirror is carried by the filter wheel such that a second portion of the mirror is positioned within the thickness.

32. The imaging device of claim 1 wherein the mirror is carried by the second filter wheel such that an angle of the mirror with respect to the second filter wheel is adjustable.

33. The imaging device of claim 1 wherein the corresponding rotational axis for the first filter wheel and the corresponding rotational axis for the second filter wheel are generally orthogonal to a plane along which the second filter wheel rotates to move the mirror between the first and second positions.

34. The digital imaging system of claim 13 wherein the reflector is a mirror and the filter wheel is a first filter wheel, and wherein the digital camera further comprises:

a second filter wheel different from the first filter wheel, wherein the first filter wheel is configured to selectively position one of the filter and the mirror between the second filter wheel and the image sensor.

35. The digital imaging system of claim 34 wherein the second filter wheel is configured to rotate about a corresponding rotational axis that is generally parallel with the optical path.

36. The digital imaging system of claim 13 wherein the reflector is a mirror and the filter wheel is a first filter wheel, and wherein the digital camera further comprises:

a second filter wheel different from the first filter wheel, wherein the first filter wheel is configured to selectively position one of the filter and the mirror between the lens and the second filter wheel.

37. The digital imaging system of claim 13 wherein the filter wheel has a thickness, and wherein the reflector, when carried by the filter wheel, fully fits within the thickness.

38. The digital imaging system of claim 13 wherein the filter wheel has a thickness, and wherein the reflector is carried by the filter wheel such that a portion of the reflector is positioned outside of the thickness.

39. The digital imaging system of claim 37 wherein the portion of the reflector is a first portion, and wherein the reflector is carried by the filter wheel such that a second portion of the reflector is positioned within the thickness.

**4**

40. The digital imaging system of claim 13 wherein the reflector is carried by the filter wheel such that an angle of the reflector with respect to the filter wheel is adjustable.

41. An imaging device, comprising:

a lens configured to introduce light into the imaging device along an optical paths;

an image sensor spaced apart from the lens and configured to receive at least part of the light along the optical path;

a first filter wheel and a second filter wheel different from the first filter wheel, wherein each of the first filter wheel and the second filter wheel (a) is positioned between the lens and the image sensor, and (b) is configured to rotate about a corresponding rotational axis that is generally parallel to the optical path; and

a mirror carried by the first filter wheel such that an angle of the mirror with respect to the first filter wheel is adjustable, wherein the first filter wheel is configured to move the mirror between first and second positions, and wherein in the first position, the mirror (a) is positioned between the lens and the second filter wheel, (b) is at least partially aligned with the optical path, and (c) reflects at least a portion of the light, and

in the second position, the mirror is positioned outside of the optical path.

42. The imaging device of claim 41 wherein the first filter wheel has a thickness, and wherein the mirror, when carried by the first filter wheel, fully fits within the thickness.

43. The imaging device of claim 41 wherein the first filter wheel has a thickness, and wherein the mirror is carried by the filter wheel such that a portion of the mirror is positioned outside of the thickness.

44. The imaging device of claim 43 wherein the portion of the mirror is a first portion, and wherein the mirror is carried by the filter wheel such that a second portion of the mirror is positioned within thickness.

45. The imaging device of claim 41 wherein the corresponding rotational axis for the first filter wheel and the corresponding rotational axis for the second filter wheel are generally orthogonal to a plane along which the first filter wheel rotates to move the mirror between the first and second positions.

46. An imaging device, comprising:

a lens configured to introduce light into the imaging device;

an image sensor spaced apart from the lens and configured to receive, along an optical axis extending between the lens and the image sensor, at least a part of the light introduced into the imaging device via the lens;

a filter assembly positioned et veer the lens and the image sensor, wherein the filter assembly comprises a filter wheel configured to rotate about rotational axis that is generally parallel to the op al axis; and

a mirror carried by the filter assembly, wherein the filter assembly is configured to move the mirror (i) separate from the filter wheel and (ii) between first and second positions, and wherein

in the first position, the mirror (a) is positioned between the filter wheel and the image sensor, (b) is at least partially aligned with the optical axis, and (c) reflects at least a portion of the light, and

in the second position, the mirror is positioned outside of the optical axis.

47. The imaging device of claim 46 wherein the filter wheel is a first filter wheel, wherein the filter assembly further comprises a second filter wheel different from the

US 8,482,652 C1

**5**

first filter wheel and positioned between the first filter wheel and the image sensor, and wherein the mirror is carried by the second filter wheel.

48. The imaging device of claim 47 wherein second filter wheel rotates about a corresponding rotational axis this is generally parallel to the optical axis.

49. The imaging device of claim 46 wherein the filter assembly includes a thickness measured in a direction generally parallel to the optical axis, and wherein the mirror is carried by the filter assembly such that the mirror is fully position within the thickness of the filter assembly.

50. The imaging device of claim 46 wherein the filter assembly includes a thickness measured in a direction generally parallel to the optical axis, and wherein the mirror is carried by the filter assembly such that a portion of the mirror is positioned outside of the thickness of the filter assembly.

51. The imaging device of claim 50 wherein the portion is a first portion, and wherein the mirror is carried by the filter assembly such that a second portion of the mirror is positioned within the thickness of the filter assembly.

52. The imaging device of claim 46 wherein the filter assembly is configured to move the mirror between the first and second positions along a plane that is generally orthogonal to the rotational axis.

53. The imaging device of claim 46 wherein the mirror is carried by the filter assembly such that an angle of the mirror with respect to the filter assembly is adjustable.

54. An imaging device comprising:

a lens configured to introduce light into the imaging device;

an image sensor spaced apart from the lens and configured to receive, along an optical axis extending between the lens and the image sensor, at least a part of the light introduced into the imaging device via the lens;

mirror; and

**6**

a filter assembly position between the lens and the image sensor, the filter assembly including a filter wheel and a mirror support usable to mount the mirror to the filter wheel,

wherein

the filter wheel and the mirror support collectively define a thickness measured in a direction extending generally parallel to the optical axis,

the mirror is mounted to the filter wheel such that the mirror is fully positioned within the thickness,

the filter assembly is configured to move the mirror between first and second positions and generally along a plane,

the filter wheel is configured to rotate about a rotational axis that is (a) generally parallel to the optical axis and (b) generally orthogonal to the plane,

in the first position, the mirror is at least partially aligned with optical axis and reflects at least a portion of the light introduced into the imaging device via the lens, and

in the second position, the mirror is positioned out of alignment with the optical axis.

55. The imaging device of claim 54 wherein the filter wheel is a first filter wheel, wherein the filter assembly further comprises a second filter wheel different from the first filter wheel, and wherein, in the first position, the mirror is positioned between the second filter wheel and the image sensor.

56. The imaging device of claim 54 wherein the filter wheel is a first filter wheel, wherein the filter assembly further comprises a second filter wheel different from the first filter wheel, and wherein, in the first position, the mirror is positioned between the lens and the second filter wheel.

57. The imaging device of claim 54 wherein the mirror is mounted to the filter wheel such that an angle of the mirror with respect to the filter wheel is adjustable.

\* \* \* \* \*

Docket No.: 077433.0011
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Letters Patent of:
Douglas Kreysar et al.

Patent No.:  8,482,652 C1

Issued: July 25, 2025 (Reexamination Certificate Issue Date)

For:  IMAGING DEVICES WITH COMPONENTS
      FOR REFLECTING OPTICAL DATA AND
      ASSOCIATED METHODS OF USE AND
      MANUFACTURE

## REQUEST FOR CERTIFICATE OF CORRECTION PURSUANT TO 37 C.F.R. § 1.323

Attention:  Certificate of Correction Branch
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir/Madam:

The Patentee hereby requests a Certificate of Correction to correct errors in the subject patent. The errors sought to be corrected were made by the Patentee. A proposed Certificate of Correction (Form PTO/SB/44) identifying the errors and the appropriate corrections accompany this request. Patentee respectfully requests the granting of the proposed Certificate of Correction.

A credit card charge in the amount of $172.00 is made herewith.

-1-

183542718.1

**Page 562 of 565**

Application No.: 90/019,327                                    Docket No.: 077433.0011
Request for Certificate of Correction

The Director is hereby authorized to charge any deficiency in the fees filed, asserted to be filed, or which should have been filed herewith (or with any paper hereafter filed in this application by this firm) to our Deposit Account No. 50-0665, under Order No. 077433.0011.

Dated: September 4, 2025                     Respectfully submitted,


                                            By /Aaron J. Poledna/
                                                Aaron J. Poledna
                                                Registration No.: 54,675
                                                Perkins Coie LLP
                                                P.O. Box 1247
                                                Seattle, WA 98111-1247
                                                Phone: (206) 359-8000
                                                Fax: (206) 359-7198
                                                Attorney for Applicant

183542718.1

PTO/SB/44 (09-07)
Approved for use through 03/31/2026. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.
(Also Form PTO-1050)

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

Page __1__ of __1__

PATENT NO.      : 8,482,652 C1

APPLICATION NO.: 90/019,327

ISSUE DATE      : July 25, 2025

INVENTOR(S)     : Douglas Kreysar et al.

It is certified that an error appears or errors appear in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In claim 1 (column 1, line 46), after ". . . portion of the light," insert --toward an input different than the image sensor--.

In claim 18 (column 2, line 26), delete "align" and insert  --move--.

In claim 18 (column 2, line 26), after ". . . a mirror" insert  --carried by the first filter wheel between a first position and a second position aligned--.

MAILING ADDRESS OF SENDER (Please do not use Customer Number below):

Aaron J. Poledna
Perkins Coie LLP
PO Box 1247

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0033. Public burden for this form is estimated to average 80 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or  email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013), https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf.

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.